**ALSTON & BIRD**                                                    **Steptoe**

90 Park Avenue                                          1114 Avenue of the Americas
New York, NY 10016                                              New York, NY 10036
212-210-9400 | Fax: 212-210-9444                                  212 506 3900 main
                                                                 www.steptoe.com

July 5, 2023

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:      ***United States v. Nicole Daedone & Rachel Cherwitz*, 1:23-cr-00146-DG**

Dear Judge Gujarati,

Please accept this joint letter on behalf of Rachel Cherwitz and Nicole Daedone in connection with the above-captioned matter. As the Court is aware, Fed. R. Crim. P. 7(f) provides that a defendant may move for a bill of particulars within 14 days from arraignment or at a later time if the Court permits. At the initial status conference before Your Honor on June 21, 2023, the parties expressed their intention to move for a bill of particulars, and we write jointly now to inform the Court that we still anticipate doing so, but with the permission of the Court after the 14 days contemplated by Rule 7(f).

As an initial matter, this Court's Individual Rule IV.A.5 prohibits the service of any "motion papers before the Court enters a briefing schedule." The Court has not yet established a briefing schedule for any of Ms. Daedone's and Ms. Cherwitz's anticipated pre-trial motions, and we are prepared to address scheduling at the upcoming status conference on July 26, 2023.

In addition, we have only just recently received the government's first production of documents as part of its Rule 16 obligations, and we are in the process of engaging with the government in good faith to discuss the deficiencies of the Indictment and our bill of particulars requests in connection with the same.[1]

---

[1] Ms. Cherwitz and Ms. Daedone received the government's initial production on June 29, 2023. By email the next day, the government informed counsel that it expects to make another "large production" by July 14, 2023, followed by additional productions on a "rolling basis." To the extent the government's discovery is not complete by the scheduled status conference on July 26, 2023, we intend to ask that the Court set a short deadline by which the government must complete its Rule 16 discovery production. Here especially, the government should not be permitted to delay in complying with its Rule 16 obligations. The single-count Indictment was returned on April 3, 2023—more than three months ago—and after a *five-year* government investigation. There is no good cause justifying delay in the production of discovery, and such delay will impede Ms. Cherwitz and Ms. Daedone's ability to file Rule 12 motions expeditiously and to assert their rights to a speedy trial.

*United States v. Nicole Daedone & Rachel Cherwitz*, 1:23-cr-00146-DG
July 5, 2023
Page 2


The Indictment alleges a twelve-year long conspiracy, between 2006 and May 2018, during which Ms. Cherwitz and Ms. Daedone purportedly conspired to engage in unspecified forced labor practices against an unspecified number of unspecified employees at unspecified work locations. At bottom, the Indictment leaves any reader of it, including those charged within it, with the glaring question: how is it exactly that the government alleges Ms. Cherwitz and Ms. Daedone violated the forced labor statute? What "forced labor" was obtained? From whom? Where? When within the Indictment's sweeping decade-plus timeframe? And, most significantly, how? Other than tracking the language of the forced labor statute, the Indictment includes no individualized factual allegations of conduct that, even if true, violate 18 U.S.C. § 1594. And although charged as a conspiracy, the Indictment notably fails to include even a single overt act. Instead, the Indictment is peppered with sensationalized allegations that have no nexus to its one criminal charge— that OneTaste employees were forced to work against their will. Remarkably, this bare-bones, legally incognizant Indictment is the culmination of a five-year government investigation into Ms. Cherwitz, Ms. Daedone, and OneTaste, suggesting that the reason for the Indictment's insufficiencies is not simply poor Indictment drafting but a lack of evidence to support the single charge within it.

For these reasons, Ms. Cherwitz and Ms. Daedone anticipate significant and substantive pre-trial motion practice. Specifically, should the defense's review of the discovery and good faith engagement with the government fail to result in further particularization and specificity of the government's charges, Ms. Cherwitz and Ms. Daedone intend to file a motion for a bill of particulars. With permission of the Court, we intend to file it outside of the 14-day timeline otherwise prescribed by Rule 7(f).

We thank the Court for its attention to this matter.


Respectfully Submitted,


*/s/ Jenny R. Kramer*
Jenny R. Kramer
Rachel Finkel
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
212-210-9400
jenny.kramer@alston.com
rachel.finkel@alston.com

*Counsel for Defendant Rachel Cherwitz*

*/s/ Julia Gatto*
Julia Gatto
Reid H. Weingarten
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
212-506-3900
jgatto@steptoe.com
rweingarten@steptoe.com

*Counsel for Defendant Nicole Daedone*