```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA     *    Case No. 23-CR-146(DG)
                             *
                             *    Brooklyn, New York
                             *    June 20, 2023
    v.                       *
                             *
RACHEL CHERWITZ,             *
                             *
           Defendant.        *
                             *
* * * * * * * * * * * * * * *

              TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
                  BEFORE THE HONORABLE CHERYL L. POLLAK
                     UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          GILLIAN KASSNER, ESQ.
                             LAUREN H. ELBERT, ESQ.
                             Asst. United States Attorney
                             United States Attorney's Office
                             271 Cadman Plaza
                             Brooklyn, NY 11201


For the Defendant:           JENNY KRAMER, ESQ.
                             Alston & Bird
                             90 Park Avenue, 15th Floor
                             New York, NY  10016-1387
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, CT 06484 (203)929-9992**

1            (Proceedings commenced at 11:39 a.m.)

2            (Defendant present)

3                 MS. KASSNER:  Gillian Kassner and Lauren Elbert for
4       the Government.  Good morning, Your Honor.

5                 THE COURT:  Good morning.

6                 MS. KRAMER:  Good morning, Your Honor.  Jenny
7       Kramer with Alston & Bird here on behalf of Ms. Rachel
8       Cherwitz.

9                 THE COURT:  All right.  Good morning.

10                Ms. Cherwitz, I take it that you understand
11      English?

12                THE DEFENDANT:  Yes.

13                THE COURT:  Okay.  At any point something is said
14      that you don't understand please let me know.  All right?

15                THE DEFENDANT:  Okay.

16                THE COURT:  You're here because the grand jury has
17      returned an indictment charging you within or about and
18      between 2006 and May 2018, both dates being approximate and
19      inclusive, within the Eastern District of New York and
20      elsewhere, you, together with others, did knowingly and
21      intentionally conspire to, one, provide and obtain the labor
22      and services of one or more persons by means of and by a
23      combination of means of force, threats of force, physical
24      restraint and threats of physical restraint to a person; two,
25      serious harm and threats of serious harm to a person; three,

3

1    the abuse and threatened abuse of law and legal process; and
2    four, one or more schemes, plans and patterns intended to
3    cause a person to believe that if he or she did not perform
4    such labor and services the person would suffer serious harm
5    and physical restraint in violation of the United States law.
6              And that you benefitted financially by receiving
7    things of value from participation in a venture which has
8    engaged in the providing or obtaining of labor or services by
9    any such means knowing and in reckless disregard of the fact
10   that the venture having engaged in the providing and
11   obtaining of labor and services by any such means again in
12   violation of United States law.
13             Ms. Cherwitz, first of all, do you understand what
14   a conspiracy is?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Okay.  Basically it is an agreement
17   between two or more people to engage in some form of unlawful
18   activity.
19             In this case you're charged (indiscernible) forced
20   labor and to obtain profits as a result of that.
21             Do you understand what you are being charged with?
22             THE DEFENDANT:  Yes.
23             THE COURT:  Now, Counsel, I assume that you are
24   retained in this matter?
25             MS. KRAMER:  Yes, I am.

1    THE COURT: So, Ms. Cherwitz, if for some reason
2    you could not afford to pay for counsel, the Court would
3    appoint an attorney to represent you. That is because you
4    have the right to be represented by an attorney in connection
5    with these charges from this point forward.
6    Do you understand that?
7    THE DEFENDANT: Yes.
8    THE COURT: Okay. Have you discussed the charges
9    in the indictment with your attorney?
10   THE DEFENDANT: I have, yes.
11   THE COURT: Okay. Counsel, do you have any concern
12   about whether or not Ms. Cherwitz understands the charges?
13   MS. KRAMER: I do not, Your Honor.
14   THE COURT: All right. Is she prepared to enter a
15   plea at this time?
16   MS. KRAMER: She is, Your Honor. And she enters a
17   plea of not guilty.
18   THE COURT: Okay. Do we have a date for Ms.
19   Cherwitz to appear before Judge Gujarati?
20   MS. KASSNER: Yes, Your Honor. It's tomorrow, June
21   21st at 10 a.m.
22   THE COURT: Okay. What are we going to do with
23   respect to the issue of bail for Ms. Cherwitz?
24   MS. KASSNER: Your Honor, Ms. Cherwitz appeared
25   earlier in court in California and I think that the terms of

1   that bond are going to remain largely unchanged.
2           With the exception that there's a no contact
3   provision that we would like to modify today as reflected on
4   a bond that the deputy has.
5           The no contact provision will provide that the
6   defendant shall have no contact outside the presence of her
7   attorneys with her co-defendant, known co-conspirators, or
8   any known alleged victims of the offenses charged in the
9   indictment.
10          And in the event there's confusion about whether
11  somebody falls in those categories, the defendant should
12  consult with Pretrial Services.
13          And then the defendant should refrain from speaking
14  about any person's potential testimony in this pending
15  criminal case with any current or former employees,
16  contractors, consultants or members of OneTaste, Inc. except
17  in the presence of counsel.
18          THE COURT:  Okay.  You said she should consult with
19  Pretrial.  I mean, does Pretrial have a list of the
20  individuals with whom she is not to have any contact?
21          MS. KASSNER:  I think Pretrial and the Government
22  can consult with the Government and we can alert the
23  defendant if there's anybody who she wishes to speak to that
24  we think there's an issue with and then we can hopefully
25  resolve it and if needed raise it with the Court.

6

1     THE COURT: Does that work for Counsel?
2     MS. KRAMER: It does, Your Honor.
3     I think adding the word known in front of co-
4  conspirators, to the extent there's any confusion, we have
5  agreed to bring that confusion to Pretrial's attention and
6  we'll go from there.
7     THE COURT: Okay. As long as you all are in
8  agreement and feel you can resolve these issues, that's fine.
9     So the bond is in the amount of $300,000. It's to
10 be co-signed by Nancy Coleman and Matthew Pelletier.
11    MS. KASSNER: That's correct, Your Honor.
12    THE COURT: Are they in the courtroom?
13    MS. KASSNER: Mr. Pelletier is in the courtroom.
14 And Ms. Coleman is available by phone. She is in California.
15    THE COURT: Okay. Do we have a phone number? Can
16 we get her on the phone?
17    MS. KASSNER: We do have a phone number.
18    (Pause)
19    THE COURT: Mr. Pelletier, if you wouldn't mind
20 stepping up to the podium here, please. Thank you.
21    (Pause during inaudible telephone conversation)
22    (Suretors Sworn)
23    THE COURT: All right. Good morning. This is
24 Judge Pollak. Ms. Coleman, if you can't hear me, please
25 shout out and let me know.

1         The bond is in the amount of $300,000.  If Ms.
2  Cherwitz should fail to come back to court at any time when
3  she's required to be here the bond will be revoked and she
4  will be rearrested and the Government can come after the two
5  of you for the amount of the bond, that's the $300,000.
6         So I want to first find out a little bit of
7  information about you.
8         Ms. Coleman, what is your relationship to Ms.
9  Cherwitz?
10        MS. COLEMAN:  Her friend.
11        THE COURT:  Okay.  How long have you known her?
12        MS. COLEMAN:  Ten years.
13        THE COURT:  Okay.  And do you work?
14        MS. COLEMAN:  Yes.
15        THE COURT:  What do you do for a living?
16        MS. COLEMAN:  (Inaudible) and I'm a project manager
17  for a non-profit.
18        THE COURT:  Okay.  And approximately how much do
19  you make a year?
20        MS. COLEMAN:  Fifty thousand.
21        THE COURT:  Okay.
22        And, Mr. Pelletier, how do you know the defendant?
23        MR. PELLETIER:  I'm her husband.
24        THE COURT:  Okay.  And are you employed?
25        MR. PELLETIER:  Yes.

1         THE COURT: What do you do for a living?

2         MR. PELLETIER: I'm a (indiscernible) manager for
3 (indiscernible).

4         THE COURT: Okay. And approximately how much do
5 you make a year?

6         MR. PELLETIER: (Inaudible)

7         THE COURT: Okay. So I want to make sure you both
8 understand that if she abides by the conditions of the bond,
9 comes back to court, there will be no ramifications for you.

10         But if she does not come back to court the
11 Government can seize your assets up to $300,000. That means
12 if you own a home or you have a car, bank account, stocks,
13 bonds, anything like that, the Government can seize them up
14 to that $300,000 amount.

15         And if you don't have assets that equal that
16 amount, the Government can garnish your wages, which is why I
17 was asking you how much you make a year. That means that
18 every time you get your paycheck the Government will take a
19 certain amount out until the $300,000 amount is reached.

20         Ms. Coleman, do you understand that?

21         MS. COLEMAN: Yes.

22         THE COURT: Mr. Pelletier, do you understand that?

23         MR. PELLETIER: Yes, Your Honor.

24         THE COURT: Okay. So by signing this bond you are
25 both telling me that you're going to make sure that Ms.

1     Cherwitz makes all of her court appearances.
2              And you understand the risk you run, if she decides
3     to come back to court, you could end up owing the Government
4     $300,000.
5              Knowing that, Ms. Coleman, are you willing to sign
6     the bond?
7              MS. COLEMAN:  Yes, Your Honor.
8              THE COURT:  And, Mr. Cherwitz[sic], are you willing
9     to sign the bond?
10             MR. PELLETIER:  Yes, I am.
11             THE COURT:  Okay.  Now, Ms. Coleman, normally you'd
12    be here in the courtroom.  We would hand the bond over to you
13    to actually put your signature on it, but obviously since
14    you're in California I can't do that.
15             Would you authorize me to sign your name to the
16    bond?
17             MS. COLEMAN:  Yes, I do.
18             THE COURT:  Okay.  And, Mr. Pelletier, I'm going to
19    ask you since you're here if you could actually sign the
20    bond.
21         (Pause)
22             THE COURT:  You can take your seat, sir.  Thank
23    you.
24             So, Ms. Cherwitz, you've heard what will happen to
25    your friend and to your husband if you don't come back to

1     court. They could lose up to $300,000.

2          What will happen to you if you don't make your

3     court appearance is that, as I said, you will be rearrested

4     and at that point you will be thrown in jail until the trial

5     on these charges.

6          Do you understand that?

7          THE DEFENDANT: I do.

8          THE COURT: You also face the possibility that the

9     Government will bring additional charges against you for the

10     separate crime of bail jumping. That's a separate felony

11     offense, carries its own separate term of poisoning. What

12     that means is you could actually be acquitted, found not

13     guilty of the charges in the indictment, and yet end up going

14     to jail for a significant period of time simply because you

15     didn't come back to court when you're supposed to be here.

16          Do you understand that?

17          THE DEFENDANT: I do.

18          THE COURT: Okay. You also need to (indiscernible)

19     crimes while you're on bond. If you commit a crime while out

20     on bond that's grounds for revoking your bond, increasing

21     your punishment under the existing charges, and of course

22     bringing new charges against you for whatever new crime you

23     are alleged to have committed.

24          Do you understand that?

25          THE DEFENDANT: I do.

1          THE COURT: Okay. Finally, you are not to threaten
2    or attempt to influence the testimony of any person who you
3    think might be a witness against you in this case. If you do
4    that, that's grounds for revoking bond, increasing your
5    punishment under these charges, and bringing charges of
6    witness tampering or obstruction of justice against you.
7          Do you understand that?
8          THE DEFENDANT: I do.
9          THE COURT: Okay. So as the Assistant U.S.
10   Attorney discussed previously there are a number of
11   additional conditions here.
12         You are to submit to Pretrial Services. And I
13   think you will be supervised out in California. They will
14   tell you when and how you are to report. You are to
15   surrender any passports.
16         Does she have a passport?
17         MS. KRAMER: Your Honor, she surrendered her
18   passport in California.
19         THE COURT: Okay. All right. Great.
20         And I'm going to direct you, if it wasn't already
21   done, to not obtain another passport or travel document until
22   these charges are resolved.
23         Do you understand that?
24         THE DEFENDANT: I do.
25         THE COURT: Okay. You're not to leave the New York

12

1  City area or the Northern District of California except
2  obviously to travel back and forth for work.
3        And you're not to have any contact with your co-
4  defendant or any known co-conspirators unless counsel is
5  present.
6        Do you understand that?
7        THE DEFENDANT: I do.
8        THE COURT: Okay. And finally I think I've already
9  said this but you're not to have any discussions with people
10 who might be providing testimony in this case, that includes
11 current or former officers of the company, contractors,
12 consultants or other members of OneTaste. Again, unless
13 counsel is present.
14       Do you understand that?
15       THE DEFENDANT: I do.
16       THE COURT: All right.
17    (Pause)
18       THE COURT: Okay. Anything else today?
19       Counsel?
20       MS. KASSNER: Yes, Your Honor. One further matter.
21       The Government would request, even though the
22 status conference is tomorrow, we would request an order of
23 excludable delay between today and tomorrow so that the
24 parties can enter into a protective order, exchange
25 discovery, and see if a resolution of the case short of trial

1      is possible.

2            And for those reasons the Government would submit

3      that it's in the interest of justice.

4            THE COURT: All right. Counsel, do you have any

5      objection to this?

6            MS. KRAMER: No objection. And we executed that

7      order this morning.

8            THE COURT: So basically, Ms. Cherwitz, under the

9      Constitution and the laws of the United States you're

10     entitled to speedy and public trial by jury within 70 days of

11     the filing of the indictment, that's the formal charges that

12     we just talked about a minute ago.

13           If the Government fails to bring you to trial

14     within that 70-day time period, that could even be the basis

15     for you to dismiss the charges against you.

16           What the Government's attorney and your attorney

17     are asking me to do is to enter an order excluding the time

18     from today until you appear before Judge Gujarati tomorrow to

19     take that one day out of that 70-day period so that there's

20     time for the attorneys to engage in an exchange of

21     information about the case and possibly discuss a potential

22     plea.

23           Do you understand all of that?

24           THE DEFENDANT: I do.

25           THE COURT: Do you wish me to enter this order of

1    excludable delay?

2            THE DEFENDANT:  Yes.

3            THE COURT:  Okay.  All right.  And I'll note that

4    it's been signed by counsel for the defendant, by the

5    defendant, and by the Assistant U.S. Attorney, and I'm

6    endorsing it as well.

7            Okay.  All right.  So I'm required to advise the

8    prosecution to comply with its obligations under *Brady vs.*

9    *Maryland* and it's progeny to disclose to the defense all

10   information whether admissible or not that is favorable to

11   the defendant, material either to guilt or punishment and

12   known to the prosecution.

13           Possible consequences for non-compliance may

14   include dismissal of individual charges or the entire case,

15   exclusion of evidence and professional discipline or court

16   sanctions on the attorneys responsible.

17           I will be entering a written order more fully

18   describing this obligation and the possible consequences of

19   failing to meet it and I direct the prosecutors to review and

20   comply with that order.

21           Can you confirm that you understand your

22   obligations and will fulfill them?

23           MS. KASSNER:  Yes, Your Honor.

24           THE COURT:  Anything else?

25           MS. KRAMER:  Nothing, Your Honor.  Thank you.

1       THE COURT: All right.

2       MS. KASSNER: Not from the Government. Thank you.

3       (Proceedings concluded at 11:59 a.m.)

4       I, CHRISTINE FIORE, court-approved transcriber and

5  certified electronic reporter and transcriber, certify that

6  the foregoing is a correct transcript from the official

7  electronic sound recording of the proceedings in the above-

8  entitled matter.

9

10  *Christine Fiore*

11  _____       June 26, 2023

12     Christine Fiore, CERT