```
                                                                    1
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
                                       23-CR-146(DG)
UNITED STATES OF AMERICA,
                                       United States Courthouse
                                       Brooklyn, New York

         -versus-                      June 21, 2023
                                       10:00 a.m.
RACHEL CHERWITZ AND
NICOLE DAEDONE,

              Defendants.

------------------------------x

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
                BEFORE THE HONORABLE DIANE GUJARATI
                           DISTRICT JUDGE


APPEARANCES

For the Government:        UNITED STATES ATTORNEY'S OFFICE
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201
                           BY:  GILLIAN KASSNER, ESQ.
                                LAUREN ELBERT, ESQ.
                           Assistant United States Attorneys

For Defendant Cherwitz:    ALSTON & BIRD LLP
                           90 Park Avenue
                           New York, New York 10016-1387
                           BY:  JENNY KRAMER, ESQ.

For Defendant Daedone:     STEPTOE & JOHNSON LLP
                           1330 Connecticut Ave. NW
                           Washington DC 20036
                           BY:  REID H. WEINGARTEN, ESQ.
                                JULIA GATTO


Court Reporter:            Rivka Teich, CSR, RPR, RMR, FCRR
                           Phone:  718-613-2268
                           Email:  RivkaTeich@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
                  Rivka Teich CSR RPR RMR FCRR
                     Official Court Reporter
```

STATUS CONFERENCE

1                    (In open court.)

2              THE COURTROOM DEPUTY: All Rise. Criminal cause for

3    initial status conference, docket 23-CR-146, United States vs.

4    Rachel Cherwitz, et al.

5              Counsel, state your appearances for the record

6    starting with the Government.

7              MS. KASSNER: Good morning, your Honor. Gillian

8    Kassner for the Government. I'm joined by AUSA Lauren Elbert

9    and paralegal specialist Anna November.

10             THE COURT: Good morning.

11             MS. KRAMER: Good morning, your Honor. Jenny Kramer

12   from the firm of Alston and Bird, with my client Ms. Rachel

13   Cherwitz.

14             THE COURT: Good morning to both of you. I don't

15   believe you've entered a notice of appearance; is that

16   correct?

17             MS. KRAMER: That's correct. Yesterday I appeared

18   at arraignment for the first time. We will file a notice of

19   appearance promptly today.

20             THE COURT: Thank you. I ask that you do that.

21             MR. WEINGARTEN: Good morning, your Honor. Reid

22   Weingarten. Next to me is Nicole Daedone, my client, and to

23   her right is Julia Gatto from Steptoe & Johnson.

24             THE COURT: Everyone may be seated.

25             I would ask if you're going to speak, speak into the

1 microphone, there is one per table.

2 We're convened today for a conference on Indictment
3 23-CR-146, which charges both defendants in one count with
4 forced labor conspiracy; and each defendant previously was
5 arraigned.

6 Let me turn to the Government first to tell me about
7 this case since this is a first proceeding before me in this
8 case.

9 MS. KASSNER: Yes, your Honor. The Indictment lays
10 out a lot of detail about the case that the Government has
11 brought. It's a forced labor case. It has to do with the
12 defendants' role in a company called OneTaste Inc., which also
13 had variety of affiliated companies. It operated throughout
14 the country.

15 And the allegations, as laid out in the Indictment,
16 are essentially that the defendants used a variety of tactics
17 to cause a subset of OneTaste members to perform labor that
18 they otherwise would not have performed.

19 THE COURT: What is the status of discovery? I will
20 note, I believe about 20 minutes ago, the parties jointly
21 filed a proposed protective order. Given the timing, I have
22 not had a chance to look at that in any detail; but I will do
23 that of course.

24 What is the status of discovery?

25 MS. KASSNER: So that's correct, your Honor. The

1  parties have submitted a joint protective order.  The
2  protective order will govern, as proposed, all the discovery
3  that will be proposed in this case.  So once that order is
4  entered, the Government is prepared to make an initial
5  production within a matter of days.  That production will be,
6  we expect, pretty large.  It's by our estimate over 70,000
7  files, those files, many of them, have multiple pages, some of
8  them many pages.
9         THE COURT:  You're talking about electronic or hard
10 file?
11        MS. KASSNER:  Produced in electronic form.  That
12 will be our first production.
13        After that, we have multiple additional productions
14 that we will make as quickly as possible.  Some of the
15 productions are multiple terabyte-sized hard drives containing
16 largely video evidence.  So logistically we're working on a
17 way to get them to work with defense counsel, to make sure we
18 get copies of those to them as quickly as possible.  The
19 Government is working to produce the discovery that we have as
20 quickly as we can.
21        THE COURT:  Okay.  And have all applicable victim
22 notification requirements been complied with?
23        MS. KASSNER:  Yes, your Honor.
24        THE COURT:  I'll remind you of your obligation going
25 forward to comply with all applicable requirements with

1 respect to victims.

2 MS. KASSNER: Yes, your Honor.

3 THE COURT: I know that the magistrate judges who
4 handled the arraignments in this case have reminded the
5 Government already about the Government's Brady obligations
6 and the Government's responsibility to comply with those
7 obligations; I, again, remind you to take care to comply with
8 your Brady obligations.

9 MS. KASSNER: Understood, your Honor. Thank you.

10 THE COURT: If this case were to go to trial,
11 approximately what is the length of the trial you anticipate?

12 MS. KASSNER: At this time the Government's case
13 would be approximately three, maybe four weeks. So the length
14 of the trial I think beyond that would depend on the defense
15 case, your Honor.

16 THE COURT: Anything else the Government would like
17 to raise before I turn to counsel for the defendants?

18 MS. KASSNER: No, your Honor. Thank you.

19 THE COURT: Thank you. I'll turn to counsel for the
20 defendants. I'll start with you, Ms. Kramer.

21 MS. KRAMER: Yes, your Honor.

22 Obviously as we sit here today my client has pleaded
23 not guilty to the charge. We vehemently deny the charge as
24 the Government set forth before your Honor. We did have a
25 conversation before court convened this morning about the next

1 status conference and the production of discovery, which we
2 hope and anticipate will start later this week if not the
3 beginning of next.
4     In terms of the amount of time needed for trial, in
5 some part, once we review discovery and see what is there,
6 that might change what our contemplation is as how long --
7     THE COURT: Of course, I was not going to ask you
8 that question. I think the Government knows what evidence it
9 has and intends to produce. So I think it's a fair request
10 for the Government and the defense at this stage, but I
11 appreciate your comment on that.
12     MS. KRAMER: Yes, your Honor.
13     THE COURT: Anything else you would like to raise?
14     MS. KRAMER: No.
15     THE COURT: You haven't seen the discovery yet, I
16 imagine it's hard for you to answer this. But if you know
17 there are certain motions you anticipate to make, I'll hear
18 you now.
19     MS. KRAMER: I anticipate, again to your Honor's
20 point, once we start seeing what is included in discovery that
21 will shape the amount and type of motions. But we do
22 anticipate out of the gate that there will be probably
23 significant motion practice. I'm going to defer to my
24 colleague, Mr. Weingarten, to more specifically address what
25 types of motions we're contemplating at this time.

STATUS CONFERENCE

1           THE COURT:  Thank you.

2           I'll hear from Mr. Weingarten now.

3           MR. WEINGARTEN:  Good morning, your Honor.

4           Let me say first that we profoundly disagree with

5    the allegations in the Indictment.  I represented the --

6           THE COURT:  You're welcome to stay seated and speak

7    directly into the microphone.

8           MR. WEINGARTEN:  We profoundly disagree that -- this

9    case, I expect, will go to trial and we will mount a vigorous

10   defense.

11          I'm happy to foreshadow the motions that we'll file.

12   I think the most interesting thing to talk about in connection

13   with our motions, is in a serious way, we are considering

14   asking for a speedy trial.  Ms. Daedone has been under the gun

15   for five years and she needs liberation.  Her community is

16   based upon liberation for women, and she needs liberation.

17          I'm not talking about a 70-day requirement or

18   anything.  But what I anticipated saying today was once we get

19   a look at the discovery and make a judgment whether or not we

20   understand the case -- and we think we do because we've been

21   in it for a while -- that we're hopeful we can get a trial in

22   2023.  We understand the schedule here.  We're hopeful perhaps

23   even to set a trial date around the end of November beginning

24   of December.  And I know this does not turn on my trial

25   schedule, but part of this is my nightmare 2024, and I'm

1    hopeful we can move this along.

2            The motions we're considering, we think there is a
3    serious statute of limitations issue here.  There is obviously
4    no overt act charged, the last date we see is 2018.  We're
5    very eager to see what that overt act is, we don't think there
6    are any based upon our understanding of the facts.

7            There is going to be a significant motion to
8    dismiss.  We believe that, even if the facts alleged are true,
9    it doesn't arise to the offense charged and it will be a First
10   Amendment overlay to that.

11           I think the Bill of Particulars -- I understand the
12   world, I was a prosecutor for a long time, I'm a defense
13   attorney now -- I know a Bill of Particulars are often
14   formulated, this one won't be.  To say this Indictment lacks
15   detail is an understatement.  Very important obviously for us
16   to understand who are they saying are the victims?  Who are
17   the slaves that we enslaved?  None of that is in the
18   Indictment.  We need to know to make a serious judgment about
19   how to defend the case.

20           There will be a defense if there is a trial.  I say
21   that forthrightly.  I would expect, knowing how trials work,
22   about a week or two on the defense side.

23           I'm happy to answer and all questions.

24           For present purposes, if we could protect time --
25   obviously I don't know the Court's schedule.  I know generally

1 there is a lot of cases in this courthouse, I know a backlog
2 from the pandemic, but if we can set a trial date now in 2023,
3 we'd be grateful.
4 　　　　　THE COURT:  I'll not going to set a trial date now.
5 I think it's premature, particularly because discovery hasn't
6 been produced.  I hear you on your requests.  And I hear you
7 on your concerns, and your intended course of action.  But I
8 will not be setting a trial date now.
9 　　　　　MR. WEINGARTEN:  I would foreshadow this as well, we
10 are seriously thinking about a severance motion.  And the idea
11 would be the two defendants are devoted to each other, they
12 believe vehemently that they are exculpatory evidence for each
13 other.  There is a possibility that we would seek a severance
14 on that basis.
15 　　　　　I agree with the Court in some sense it is
16 premature, we don't have the discovery.  It could be we
17 completely misconceived the Government's case.  We assume
18 confidence and integrity on the other side, so maybe there are
19 things we don't know so we have to take them into account
20 before we file the motions.
21 　　　　　But protecting the time in 2023 is important for a
22 variety of reasons, and I said them.
23 　　　　　THE COURT:  The phrase you're using "protecting the
24 time," is a curious one.
25 　　　　　MR. WEINGARTEN:  For me -- I understand completely

1  it's not about me, I have a schedule, other I trials, I want
2  to tell judges that I'm in your courtroom at a particular
3  time.  Protecting the time, if something another trial -- in
4  the next arraignment somebody scheduled in 2023, I would refer
5  for it to be us.
6            THE COURT:  I hear you.  Thank you.
7            Anything else you would like to raise?
8            MR. WEINGARTEN:  No, thank you.
9            THE COURT:  I think it would make sense to set the
10 next conference in this case.  I received this morning the
11 proposed protective order, which of course, the Court will
12 review.
13           Do the parties have a preference as to approximately
14 how much time they would like before the next conference?  I'm
15 not looking for specific dates, I'll set the date.  But if
16 there is an approximate period of time that the parties think
17 makes sense, let me know.
18           MS. KASSNER:  Your Honor, the parties spoke before
19 we began today.  We were looking for a date at the end of
20 July.  If your Honor has availability then -- I know you're
21 not looking for a specific date -- but the dates that work for
22 the group of us include July 25 and 26.
23           THE COURT:  I'm going to set this down for July 28.
24 I hope the parties can make that work.  Mr. Weingarten is
25 shaking his head.

Rivka Teich CSR RPR RMR FCRR
Official Court Reporter

1            MR. WEINGARTEN:  I have a medical procedure on the
2     28th.
3            THE COURT:  One moment.  I can accommodate your
4     medical appointment, that's perfectly reasonable.
5            The 26 is a date that the parties for all three
6     available?
7            MS. KASSNER:  Yes, your Honor.
8            MS. KRAMER:  Yes, your Honor.
9            THE COURT:  We will put this down for the next
10    conference on July 26 at 10:30 a.m.
11           Is there an application for the exclusion of time
12    from speedy trial purposes the time between today and July 26?
13           MS. KASSNER:  Yes, your Honor.  The Government would
14    move for an exclusion of time in the interest of justice on
15    the basis that it will permit the Government to share
16    discovery with the defense and potentially see if we can
17    resolve the case short of trial.
18           THE COURT:  I'll hear from Ms. Kramer first.  Do you
19    join in that application?
20           MS. KRAMER:  Yes, your Honor, we do.
21           THE COURT:  Mr. Weingarten?
22           MR. WEINGARTEN:  We do.  To be sure, we're not
23    looking for an angle here to move for dismissal because our
24    speedy trial rights are violated; we just want to get to
25    trial.

1  THE COURT: I understood that. Thank you.

2  I will exclude time for Speedy Trial Act purposes,
3 the time from today until July 26, 2023. I do so under Title
4 18 United States Code Section 3161(h)(7)(A). I find that the
5 ends of justice serve by excluding the time from today until
6 July 26 outweigh the best interest of the public and the
7 defendants in a speedy trial for a reasons that have been
8 discussed today; namely, that that period of time will allow
9 for the production of discovery, allow for the review of
10 discovery, it will allow for the parties to determine whether
11 and what motions to make -- it sounds like the parties are
12 giving that considerable thought. And based on what the
13 Government said, it will allow for the parties to perhaps
14 begin to have discussions regarding resolution of matter
15 perhaps short of trial. For all those reasons I find the time
16 is properly excludable. I do exclude the time between today
17 and July 26.

18  And we will reconvene at July 26 at 10:30 in the
19 morning. Unless parties feel there is a need to convene
20 earlier, if as we get closer to that date the parties do not
21 think it would be productive to convene on that, you can put
22 in a submission requesting an adjournment. Sometimes as the
23 parties work their way through discovery they think they need
24 more time and don't want to come to court. I can't guarantee
25 you that will grant that type of request, but I may very well

1 if I don't think it will be efficient to come back to court.

2 But for now, July 26, at 10:30.

3 With that we're adjourned.

4 (Whereupon, the matter was concluded.)

5 * * * * *

6 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

7

8 /s/ Rivka Teich
Rivka Teich, CSR RPR RMR FCRR
9 Official Court Reporter
Eastern District of New York