

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| LHE/JRS/GAK | *271 Cadman Plaza East* |
| F. #2018R01041 | *Brooklyn, New York 11201* |

September 25, 2023

By ECF

The Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States v. Daedone and Cherwitz*
              *Criminal Docket No. 23-146 (DG)*

Dear Judge Gujarati:

      The government respectfully submits this letter in accordance with this Court's September 22, 2023 Order and in response to the letters submitted by defendant Nicole Daedone, ECF Dkt. No. 44 ("Daedone Opp'n"), and defendant Rachel Cherwitz, ECF Dkt. No. 45 ("Cherwitz Opp'n"), opposing the government's request for a hearing under United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982). For the reasons stated below, the government maintains that a Curcio inquiry is appropriate to determine (1) whether the payment of Cherwitz's legal fees by Anjuli Ayer, Amanda Dunham and Austin Ayer and/or OneTaste, Inc. and/or its affiliated companies presents a conflict; (2) whether Steptoe & Johnson LLP's simultaneous representation of Daedone and the Institute of OM LLC presents a conflict; (3) the nature and extent of any such conflict; and (4) whether Cherwitz and Daedone are willing and able to make a knowing and voluntary waiver of the conflict. The government has no objection to conducting the Curcio inquiry at the next status conference in the above-captioned matter, currently scheduled for October 3, 2023.

    I.    The Government Has Identified Potential Conflicts Warranting a Curcio Inquiry

      Daedone and Cherwitz both argue that a Curcio hearing is not warranted because the government has failed to identify a sufficiently apparent conflict of interest. Daedone Opp'n at 2-3; Cherwitz Opp'n at 3-4. In particular, Daedone and Cherwitz argue that the potential conflicts identified by the government are speculative in part because Daedone and Cherwitz at this time do not intend to take any action adverse to OneTaste or any individuals or entities affiliated with OneTaste. Daedone Opp'n at 2-3 (asserting Daedone's defense "will not include assigning blame to OneTaste or anyone affiliated with OneTaste"); Cherwitz Opp'n at 3-4

(asserting "there is no realistic possibility that [Cherwitz] will take any action adverse to either Ms. Daedone or the Company").

In its initial submission, consistent with its obligation under Second Circuit law, the government identified <u>potential</u> conflicts of interest as to both Daedone and Cherwitz. <u>See, e.g.</u>, <u>United States v. Stantini</u>, 85 F.3d 9, 13 (2d Cir. 1996) (emphasizing the importance of the government bringing relevant facts to the Court's attention so that "possible conflicts [can be] addressed as early as possible"); <u>United States v. Malpiedi</u>, 62 F.3d 465, 467 (2d Cir. 1995) ("the government can protect itself by informing the district judge of potential conflicts at the earliest possible moment."). The fact that the Cherwitz and Daedone do not presently intend to plead guilty or cooperate with the government, or to raise any defenses that may be adverse to the interests of OneTaste or affiliated individuals or entities, does not obviate the existence of potential conflicts of interest. Accordingly, a hearing is appropriate so that the Court may conduct an appropriate inquiry pursuant to <u>Curcio</u>.

II.  <u>Any Waivers of Potential Conflicts of Interest Should be Placed on the Record</u>

Counsel for Daedone and Cherwitz respectively maintain that a <u>Curcio</u> hearing is unnecessary because their clients have already knowingly and voluntarily waived any potential conflicts of interest. Daedone Opp'n at 4-5 (asserting Daedone "has expressly waived her right to entirely 'conflict-free' counsel" and that the waiver "was memorialized in writing"); Cherwitz Opp'n at 4 (asserting "Alston & Bird … has received Ms. Cherwitz's informed waiver of any conceivable conflict created by the payment arrangement" for her legal fees).

While the government believes that the potential conflicts that it has identified are waivable, the government maintains that any waivers must be explicit and placed on the record in accordance with the procedures set forth in <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982). <u>See, e.g.</u>, <u>United States v. Levy</u>, 25 F.3d 146, 153 (2d Cir. 1994); <u>Malpiedi</u>, 62 F.3d at 470; <u>United States v. Iorizzo</u>, 786 F.2d 52, 58-59 (2d Cir. 1986).

III.  <u>The Court Should Inquire Into the Identity of the Party Paying Cherwitz's Legal Fees</u>

To date, Cherwitz has declined to disclose the identity of the party paying for her legal fees in the instant case. At a minimum, the Court should inquire as to who is paying Cherwitz's legal fees so that the Court can be attuned to any potential conflicts that may arise as the case progresses. <u>See generally</u> <u>Levy</u>, 25 F.3d at 153 (recognizing "when a district court is sufficiently apprised of even the possibility of a conflict of interest, the court first has an 'inquiry' obligation" and "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all") (internal citations omitted); <u>United States v. Duran-Benitez</u>, 110 F. Supp. 2d 133, 151-52 (E.D.N.Y. 2000) (recognizing the ethical pitfalls of third-party fee arrangements). Cherwitz has not articulated a basis for withholding such information and, absent special circumstances, "disclosure of fee information and client identity is not privileged." <u>In re Grand Jury Subpoena Served Upon John Doe, Esq.</u>, 781 F.2d 238, 248 (2d Cir. 1986) (en banc).

Furthermore, Cherwitz has requested that she be permitted to make any ordered disclosure to the Court regarding her fee arrangement <u>ex parte</u>. To overcome the presumption in

2

favor of the public's qualified right of access to court filings, Cherwitz must articulate a legitimate basis for withholding such information from the public such that the Court can make specific, on the record findings necessary to support sealing. Lugosh v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006); United States v. Amodeo, 71 F.3d 1044, 1050–51 (2d Cir. 1995). Should the Court find that Cherwitz has articulated such a basis, the government does not oppose Cherwitz disclosing the information ex parte.

IV.     Conclusions

For the reasons stated above and in the government's initial submission, a Curcio inquiry is appropriate to determine the existence, nature and extent of any identified potential conflict and to determine whether Daedone and Cherwitz are willing and able to make a knowing and voluntary waiver of such conflict. The government is available to participate in a Curcio hearing at the upcoming scheduled status conference on October 3, 2023.[1]

                                                    Respectfully submitted,

                                                    BREON PEACE
                                                    United States Attorney

By:    /s/
        Lauren Howard Elbert
        Gillian A. Kassner
        Jonathan Siegel
        Devon Lash
        Assistant U.S. Attorneys
        (718) 254-7000

---

[1] Cherwitz requests that the Court direct the government to meet and confer with the defense in advance of any scheduled Curcio hearing regarding appropriate questions to support the factual basis for Cherwitz's waiver. Cherwitz Opp'n at 4. The government does not object to this request but notes that it cannot determine what questions may be appropriate without understanding who is paying Cherwitz's legal fees.