UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- x

UNITED STATES OF AMERICA,                          Case No. 1:23-cr-00146-DG

                -v.-

RACHEL CHERWITZ, and
NICOLE DAEDONE

                   Defendants.
-------------------------------------------------- x


**DECLARATION OF PAUL PELLETIER**

I, Paul E. Pelletier, declare the following in accordance with 28 U.S.C. §1746:

1. I have represented OneTaste, Inc. ("OneTaste") since March of 2022 and I
   submit this declaration in support of the Motion to Quash filed by Nicole
   Daedone and Rachel Cherwitz and in opposition to the government's Motion
   to Compel.

2. Except where expressly stated, I have knowledge of the facts set forth
   herein, and if called to testify as a witness thereto, could do so competently
   under oath.

3. I have read the Response to the Motion to Quash and Motion to Compel
   submitted by the government. As set forth more fully below, the response
   contains inaccurate characterizations of the cooperative process that

OneTaste and its counsel have been engaged in to produce the materials requested by the government during its investigation.

**Prior Counsel's Cooperation With the Government's Investigation**

4.  In March of 2022, I was retained by OneTaste as co-counsel with Nanci Clarence of Clarence, Dyer & Cohen LLP who had represented the company since before the 2018 inception of the government's investigation.

5.  Before I was retained, the government had issued a subpoena to the company on February 9, 2021. For the year before I was involved, Ms. Clarence oversaw the response to that subpoena and engaged with the government to ensure OneTaste's compliance and cooperation with the government's investigation.

6.  In that period, OneTaste, through counsel, had engaged an outside vendor and set-up a Relativity database to search, identify, and make ready for production materials responsive to the February 9, 2021 subpoena, which requested a broad array of decades-old documents and information. The cost to OneTaste of the Relativity platform ultimately exceeded $200,000.

7.  Beginning on March 26, 2021, OneTaste began producing documents. Before I was retained, OneTaste made three productions: on March 26, 2021; on May 7, 2021; and on May 28, 2021.

8. In this timeframe, Ms. Clarence repeatedly reached out to the government to discuss the overly broad nature of the subpoena and to reach an agreement as to how most efficiently respond to and cooperate with the government's investigation.

9. The government stopped returning calls from OneTaste's counsel in early July 2021. By the time I was retained in March 2022, OneTaste's prior counsel had been attempting for approximately one year to coordinate OneTaste's continued cooperation and document productions.

10. During the that time, OneTaste struggled financially as its ability to generate revenue and carry on its daily business operations were hampered by media accounts that sought to portray OneTaste as a "sex cult"-- reporting that was bolstered by references to the ongoing *"FBI Investigation."* This financial impact caused OneTaste to drastically reduce staff and expenses, including the need to terminate the costly Relativity platform that was now lying fallow.

**Following My Engagement, OneTaste Fully Complies With
All Document Requests As Narrowed By the Government**

### A. The Period Between May 2022 – mid-December 2022

11. After I was retained, in early May of 2022 I reached out to one of the prosecutors who had been handling the case and left a voice message asking

for a return call. On May 13, 2022, I received a call from two prosecutors assigned to the matter. After introducing myself as representing OneTaste, I requested information regarding the current status of the investigation, conveyed that it was my understanding that the government had not been responsive to outreach by OneTaste's prior counsel for almost a year, and that I had been retained to facilitate whatever voluntary cooperation OneTaste could provide to assist in bringing the matter to the most expeditious resolution possible.

12. During the May 13th call, the subject of a response to any extant grand jury subpoena was not raised by the government. Given the period of time that had passed since the issuance of the subpoena, I presumed that the Grand Jury that issued it had expired.

13. Beginning in May, the government and I had multiple conversations where the prosecutors informally requested materials and I coordinated OneTaste's voluntary response. I understood that, to the extent these requests differed from the requests in the Grand Jury Subpoena, OneTaste was responding only to the requests now being made by the government.

14. On May 23, 2022 Nanci Clarence, co-counsel for OneTaste, received an email from the prosecutor which informally requested certain OneTaste

records from January 1, 2015 through the present,[1] and stated: "*Good morning Nanci, It has been some time since we last touched base – I hope you are staying well. We are reaching out because we are hoping you may be able to provide us with the items listed below in connection with your representation of OneTaste.*" The prosecutor suggested that, when responding to the request, company counsel should refer to the definition of OneTaste as contained within "the subpoena served to you in January 2021."[2] Otherwise, there was no mention of the presumed defunct February 2021 subpoena. This request was followed by eight (8) additional, and similarly informal requests for specific financial information. Copy of this May 23 email attached hereto as Exhibit 1.

15. In an attempt to obtain clarification of these informal requests and the seemingly new and narrower scope of the investigation, Ms. Clarence and I scheduled a Zoom call with the government on May 31, 2022. During that call,[3] we inquired about the scope of the investigation in light of the period of time that had passed and the fact that the government had been non-responsive for almost a year. The government explained that the sustained absence was the result of a number factors, including COVID-related issues.

---

[1] This time period was significantly shorter than the time period of the February 2021 subpoena, which sought documents from January 1, 2007 until present.
[2] The subpoena being referred to was first properly served on February 9, 2021.
[3] For Zoom and telephone conversations discussed herein I referred to detailed call notes.

Importantly, the prosecutor confirmed that she understood  and was sensitive to the fact that these investigations can have a negative impact on the businesses they are investigating. The prosecutor further stated that the government was looking at the investigation differently, which was why the government had narrowed and tailored its requests. She elucidated that her office was now looking to understand the financial structure of the entities and how they were financed. The prosecutor also  confirmed that our interests in an expeditious resolution were "aligned," and that her office would like to wrap things up and that expeditious responses to these informal requests "would go a long way to that end." Ms. Clarence made a point of saying that OneTaste had been very cooperative, but that the EDNY had "dropped off the face of the earth." The prosecutor responded by stating that if OneTaste could provide these documents quickly she hoped she could "close this thing out." We said we would try to get them the information in a week. Ms. Clarence reaffirmed that it had been a very expensive investigation for OneTaste, a company with limited resources. The prosecutor closed by stating, "we are nearing the end of our requests." At no time did the prosecution mention that she considered the presumptively defunct subpoena was still valid.

16. On June 6, 2022, OneTaste responded to the government's request by providing the requested capitalization tables, state and federal tax returns and Forms 8879-S. Copy of June 6 email transmitting the documents attached as Exhibit 2.

17. On June 15, 2022, I spoke with the prosecutor who confirmed she had received the documents, had given them a "cursory review," and would be following up with an email requesting additional materials. In the email, the prosecutor specifically referred to the paragraph numbers of the original subpoena to which OneTaste should redirect its attention in our response. Copy of June 15 email attached as Exhibit 3.[4]

18. On June 22, 2022, I joined another Zoom call with the prosecutor. In that call I again emphasized the need to resolve the investigation as quickly as possible given the precarious financial condition of the company brought on by the continued investigation. The prosecutor agreed to continue our open dialogue and requested that we initially focus on providing the "Slack" communications referenced in the final bullet point of her June 6 email.

19. From June 28 through July 25, 2022, OneTaste completed its production of responsive documents to the government's June 15 informal request and I

---

[4] In this and subsequent exhibits individuals' names have been redacted to protect their privacy. OneTaste will provide unredacted copies of any exhibit at the Court or the government's request.

sent an email to the prosecutor to confirm same. "Attached is the final
response to your informal request of June 15. This information should
complete the original document request for the relevant period." I further
requested that we speak after she had a chance to assimilate the information.
Copy of July 25 email attached as Exhibit 4.

20. On July 28, 2022, the prosecutor emailed me stating that she believed they
were still missing some items and, in addition, made another informal
request for more documents and materials related to 40 individuals and 7
courses offered by OneTaste. Copy of July 28 email
attached as Exhibit 5.

21. On August 5, 2022, I spoke with the prosecutor and discussed and agreed
upon a schedule to provide any additional documents she believed were
missing from the original responses and a schedule for providing the
documents requested in the second informal request of July 28.

22. From August 15 through September 12, 2022, OneTaste provided most of
the materials requested by the government in its July 28, 2022, informal
requests. On September 12 I also spoke with the prosecutor by phone
confirming that I would send the materials by courier as the files were too
large to email, and suggested we have a discussion about the resolution of
the investigation. The prosecutor replied that she would be in a position to

discuss a resolution "after we get the documents" and that she wanted to take this "one step at a time."

23. On September 19, 2022, I emailed the prosecutor the index for the production with respect to the fourth part of the July 28 informal request. In my email I confirmed that I would "be calling you this week regarding the *final request* which we will also produce this week." Copy of September 19 email attached as Exhibit 6.

24. On September 21, 2022, I spoke with the prosecutor by telephone to confirm that I would be providing the seventh and last production called for in the July 28 informal request.

25. On September 21, 2022, the prosecutor followed up our call with an email confirming we would provide Bates stamp numbers for relevant OneTaste course materials that had been provided in March 26, 2021 and May 7, 2021 in response to the February subpoena. The government also made an *additional* informal request for materials regarding the March 2017 sale of OneTaste and communications with Nicole Daedone regarding same. Copy of September 21 email attached as Exhibit 7.

26. By email dated October 2, 2022, OneTaste provided the government with the final materials completing the July 28 informal request and I informed the prosecutor I would contact her the following week to discuss the

production of the materials pursuant to the additional September 21 informal request. Copy of October 2 email attached as Exhibit 8.

27. On October 19, 2022, I spoke with the prosecutor by phone and suggested it was time for our meeting to discuss a resolution of the investigation. The prosecutor confirmed that she wanted to review the final production and then would get back to me to set up that meeting. She then made an additional informal request for the documents evidencing the payment transactions from OneTaste's new owners to Nicole Daedone when the new owners acquired the company. I informed her that OneTaste did not have possession of those documents but would request that the individual investors share them with OneTaste so that I could, hopefully, accommodate the government's new informal request.

28. On October 24, 2022, I emailed the government the final materials responsive to the September 21 voluntary request. I further referenced five prior occasions where One Taste had voluntarily produced responsive documents. I concluded the email by stating: "Finally, as discussed, Nancy and I look forward to meeting you at your earliest convenience *to discuss your longstanding investigation and to continue our cooperative efforts in the hopes of bringing this matter to an expeditious and appropriate conclusion.*" Copy of October 24 email attached as Exhibit 9.

29. On October 26, 2022, I emailed to the government the materials responsive to the prosecutor's October 19, 2022 informal request. I concluded the email by stating: "Nanci and I [look] forward to timely engagement with your team to discuss the potential resolution of this matter." Copy of October 26 email attached as Exhibit 10.

30. On October 31, 2022, I received an email from the prosecutor with an informal "follow up request" seeking more:

> documents that relate to OneTaste individualized events and services referred to as "immersions," "1080 immersions," "scenes," or "experiences"? In particular, we would like to obtain related client lists, intake forms, interview notes, video/audio recordings, scripts, list of participants, and communications (by text, email, slack, or any other service) relating to these individualized experiences.

The prosecutor also asked when in December we would be available to meet in person at the government's offices. Copy of October 31 email attached as Exhibit 11.

31. On November 3, 2022, I responded by email to the prosecutor's October 31 additional informal request by confirming that OneTaste would gather and provide the additional information and that we were thankful for the opportunity to meet with them in December with the anticipation that this matter could be brought to resolution. Copy of November 3 email attached as Exhibit 12.

32. On November 8, 2022, I received an email from the government with yet another informal request for materials, now focusing on the topic of OneTaste's affirmative defamation litigation in the United Kingdom against the BBC regarding multiple categorically false published allegations about OneTaste. The government requested "documents or communications that OneTaste has provided to the BBC or any other individual or party … in connection with the ongoing defamation lawsuit against the BBC, or any defamation lawsuits contemplated against other news organizations." Copy of November 8 email attached as Exhibit 13.

33. On November 21, 2022, I emailed the prosecutors informing them that I would FedEx OneTaste's response to their informal request of October 31. Copy of November 21 email attached as Exhibit 14.

34. On December 4, 2022, OneTaste produced, by FedEx, the materials responsive to the Government's informal production request of November 8, thus completing all of the multiple voluminous and voluntary informal production requests by the government.

35. At no time during the aforementioned exchanges and dialogue, which were centered around OneTaste's cooperative efforts to expeditiously assist the government in bringing the investigation to a responsible and timely close, did the prosecutors mention that they believed the otherwise presumptively

invalid February 9, 2021, subpoena remained enforceable, nor did they request enforcement of any part thereof.

**B.  The Period Between Mid-December to February 2023**

36. On December 13, 2022, Nanci Clarence, Reid Weingarten, Jonathan Baum, and I met with the government, as arranged, to discuss any remaining open issues given that OneTaste had provided all of the materials that the government had requested. We also made a presentation directed primarily at the falsity of statements written in the Bloomberg article and aired in the BBC Broadcast which the government acknowledged formed the basis of the government's investigation. This presentation was in the form of a PowerPoint that included video testimony of first-person witnesses directly addressing the falsity of the pertinent allegations made in the BBC broadcast.

37. On December 14, 2022, by email, the government made another informal request for expansive materials in 11 separate categories including "the full recordings of interviews of all individuals who [OneTaste] interviewed in connection with this investigation." Copy of December 14 email attached as Exhibit 15.[5]

---

[5] The government later subpoenaed the recordings in a February 21, 2023 Grand Jury Subpoena ("the February 2023 Supplemental OT Subpoena") and, on March 13, 2023, moved before the Honorable Pamela Chen for an order compelling their production. Case No. 23-MC-715 (PKC). On July 27, 2023, Judge Chen denied the government's

38. On December 20, 2022, OneTaste began voluntarily producing materials pursuant to the government's December 14 informal request. Copy of December 20 email attached as Exhibit 16.

39. Subsequently, by email dated December 20, 2022, the government made several additional requests for text messages of five individuals and financial records of three individuals. Copy of December 20 email attached as Exhibit 17.

40. On January 3, 2023, OneTaste provided to the government, by courier, the complete video tape interviews of the witnesses that were identified in our presentation of December 13, 2022 and requested in the informal request of December 20. By email on that date, I provided an index of the materials and agreed to continue to voluntarily provide responsive documents. I further advised, however, that the remaining interviews that had been conducted by OneTaste attorneys and had not been presented to the government in our presentation of December 13 were privileged/work product and would not be tendered to the government pursuant to the informal request of December 14. Copy of January 3 email attached as Exhibit 18.

motion, ruling that  OneTaste's valid claim of work product privilege had not been overcome by the government's *ex parte, in camera* showing.

41. By email dated January 6, 2023, the government requested a timeline for the anticipated production of some of the materials that had been informally requested. Copy of January 6 email attached as Exhibit 19.

42. On January 11, 2023, OneTaste voluntarily provided, by email, additional responses to the government's informal request of December 14. Copy of January 11 email attached as Exhibit 20.

43. On January 13, 2023, I spoke with two prosecutors by phone to explain the basis of our claim of privilege/work product regarding the videotaped interviews that the government sought in their informal request of December 14. The prosecutors disagreed that the videotaped interviews were protected by the attorney-client/work product privileges, and I offered to send them the relevant Second Circuit case law by email.

44. On January 18, 2023, OneTaste voluntarily produced, by email, responses to the 5th category of documents in the December 14 informal request. I also provided the relevant Second Circuit case law regarding privilege that I had previously promised to provide. I also requested that the government act with "responsible urgency," concluding: "Please take this email in the spirit that it is written, to seek engagement and dialogue where we can get you the relevant facts so that you can obtain the truth and bring this matter to closure

before OneTaste collapses under the financial weight of this seemingly perpetual investigation." Copy of January 18 email attached as Exhibit 21.

45. On January 24, 2023, OneTaste voluntarily produced, by email, materials requested in the December 14 informal request. Copy of January 24 email attached hereto as Exhibit 22.

46. On January 26, 2023, the government, by email, made another informal request for "all fear inventories or related intake documents for OneTaste members or employees." Copy of January 26 email attached as Exhibit 23.

47. On January 31, 2023, OneTaste, by email, provided further responses, to the government's December 14 informal request. Copy of January 31email attached as Exhibit 24.

48. On February 3, 2023, OneTaste, by email, provided further responses, to the government's December 14 informal request. Copy of February 3 email attached as Exhibit 25.

49. On February 6, 2023, OneTaste, by email, provided further responses, to the government's December 14 informal request. Copy of February 6 email attached as Exhibit 26.

50. On February 9, 2023, OneTaste, by email, provided further responses, to the government's December 14 informal request. Copy of February 9 email attached hereto as Exhibit 27.

51. On February 16, 2023, I participated in a conference call with three prosecutors regarding OneTaste's assertion of privilege as to the witness interviews desired by the government. The tone of this conversation was entirely distinct from my prior engagements with the prosecutors on the case. The government, without addressing the adverse Second Circuit case law I previously provided, demanded production of all 70+ videotaped interviews conducted by OneTaste of mostly former OneTaste employees. Moreover, for the very first time in all of our prior extensive conversations regarding the voluntary production of documents the government raised the issue of alleged non-compliance with the defunct February 9, 2021, subpoena. I was surprised by the government's response given OneTaste's fulsome and productive cooperative engagement extending for over two years. I reiterated OneTaste's continued desire for a resolution and the vital economic need for a prompt conclusion to the investigation which the prosecutor had previously expressed sensitivity.

**C. The February 2023 Subpoenas**

52. On February 21, 2023, I received, by email, two grand jury subpoenas. The first was identical to the defunct subpoena originally issued on February 9,

2021.[6] The re-issuance of the original February 2021 subpoena was puzzling since the government and I had engaged in nearly a year's worth of open dialogue during which it narrowed those requests and to which OneTaste fully and completely responded.

53. The second subpoena issued on February 21, 2023, sought, *inter alia*, production of the 73 video-taped witness interviews that were protected from disclosure as OneTaste refused to voluntarily provide these materials due to their privileged/work product status.

54. On February 29, 2023, I spoke by telephone with the prosecutors with respect to scheduling responses to the outstanding subpoenas. One prosecutor stated: "I am not really worried about a response to the first subpoena right now." We then discussed and agreed upon a thirty-day timetable for responding to the second supplemental subpoena, with the understanding that we would discuss extending that deadline if needed.

55. On March 24, 2023 I spoke by telephone with the prosecutor confirming the production schedule with respect to the second supplemental subpoena.

---

[6] In its motion the government casually made the following misleading averment with respect to the reissuance of the initial subpoena: "On February 21, 2023, *out of an abundance of caution* and to avoid any further dispute as to whether the subpoena remained in effect, the government reissued the original defunct subpoena to OneTaste." Gov't Opp. 3 (emphasis added). As the government well knows, however, the initial issuing grand jury had long since expired and the original February 2021 subpoena was in fact null and void.

56. On March 27, 2023, OneTaste sent by thumb drive, as confirmed by email, its initial response to the second supplemental subpoena. Copy of March 27 email attached as Exhibit 28.

57. On March 29, 2023, OneTaste, by email, provided an additional partial response to the second supplemental subpoena. Copy of March 29 email attached as Exhibit 29.

**D. Conversations with the Government Post-Indictment**

58. On April 3, 2023, OneTaste sent, by email, responsive documents to the second supplemental subpoena as well as a privilege log. I also noted that documents responsive to this request had already been provided on three (3) prior occasions. Copy of April 3 email attached as Exhibit 30.

59. Unbeknownst to OneTaste, on April 3, 2023, a grand jury returned an indictment against Nicole Daedone and Rachel Cherwitz. As such, the previously issued subpoenas were likely null. Nevertheless, the government continued to seek compliance with respect to each subpoena.

60. By email dated April 12, 2023, the government sought a response to a portion of the supplemental subpoena and made an informal request for additional information. Copy of April 12 email attached as Exhibit 31.

61. On April 13, 2023, I responded to the government's request noting that OneTaste had previously responded to requests #6 and #8 of the

supplemental request and that OneTaste had provided responsive information on six specified prior occasions. Copy of April 13 email attached as Exhibit 32.

62. On April 25, 2023, OneTaste provided, by email, responsive documents to the supplemental subpoena along with a privilege log. I also indicated the I would provide documents responsive to the government's informal request of April 12 before further responding to the additional supplemental subpoena requests. Copy of April 25 email attached as Exhibit 33.

63. On May 2, 2023, the government, by email, made an additional informal request for documents from OneTaste. Copy of May 2 email attached as Exhibit 34.

64. On May 18, 2023, the government, by email, requested the status of production pursuant to their voluntary requests. Copy of May 18 email attached as Exhibit 35.

65. On May 19, 2023, I informed the government that OneTaste had provided the relevant employment information on July 13, August 26 and August 30, 2022, as well as on May 4, 2023. Copy of May 19 email attached as Exhibit 36.

66. On June 6, 2023, the indictment against Daedone and Cherwitz was unsealed.

67. On August 4, 2023 I received an email from the government requesting the status of the items that "OneTaste intends to produce in response to the grand jury subpoena." Copy of August 4 email attached as Exhibit 37.

68. On August 11, 2023, the government sent to OneTaste yet another subpoena seeking additional documents that appeared to relate directly to the charges in the indictment of Daedone and Cherwitz.

69. On August 28, 2023, I emailed the government confirming that OneTaste has couriered responsive materials to the supplemental subpoena and informed the government that OneTaste had already produced responsive documents in September of 2022 and June of 2023. Copy of August 28 email attached as Exhibit 38.

70. On August 29, 2023, I emailed the government confirming that OneTaste has couriered three additional files responsive materials to the supplemental subpoena. Copy of August 29, 2023 email attached as Exhibit 39.

71. On September 12, 2023, I emailed the government a link to the production of documents responsive to the supplemental subpoena and confirmed that OneTaste was reviewing the final production of documents to be produced with respect to the supplemental subpoena. Copy of the September 12 email attached as Exhibit 40.

72. On September 14, 2023, I emailed the government a privilege log corresponding to the seventh request of the Supplemental Subpoena as well as a link to a handful of additional materials that were responsive. Copy of September 14 email attached as Exhibit 41.

73. On September 22, 2023, I emailed the government a link to the final set of documents responsive to the seventh request of the Supplemental Subpoena. Copy of September 22 email attached as Exhibit 42.

74. On September 29, 2023, I contacted the government by telephone and stated that as it relates to the additional August 11, 2023 subpoena, that it appeared that its dominant purpose was to compel evidence for use in the trial of Ms. Daedone and Ms. Cherwitz. After stating that she believed that OneTaste did not have standing to challenge the subpoena, government counsel agreed to take the issue under advisement and get back to me.

75. On September 29, 2023, I emailed the government additional documents responsive to the supplemental subpoena. Copy of September 29 email attached as Exhibit 43.

76. On October 2, 2023, I emailed the government reminding them that I was awaiting its response to my request that they withdraw the improper portions of the August 11 subpoena. The government responded on that day that they

"had not yet had a chance to discuss this" but would get back with me. Copy of October 2 email correspondence attached as Exhibit 44.

77. On October 21, 2023, I emailed the government a link to additional responsive documents to the supplemental subpoena. Copy of October 21 email attached as Exhibit 45.

78. On December 2, 2023, I had a phone conversation with the government in which they insisted on enforcement of the August 11 subpoena and insisted that OneTaste did not have standing to object.

79. Between 2021 and 2023, the government made 200 documents requests to OneTaste. In response, OneTaste made 47 productions, amounting to 120 gigabytes of files, 75,000 documents, and more than 200,000 pages of material. A table laying out these requests and productions is attached as Exhibit 46.

I declare, under penalty of perjury, that the foregoing is true and correct.

_Paul E. Pelletier_

Paul E. Pelletier

January 23, 2024.