**From:** Paul Pelletier pepelletier3@gmail.com
**Subject:** Response to December 14, 2022 Request #5
**Date:** January 18, 2023 at 3:14 PM
**To:** Gillian Kassner gillian.kassner@usdoj.gov, Lash, Devon (USANYE) DEVON.LASH@usdoj.gov, Elbert, Lauren (USANYE) Lauren.Elbert@usdoj.gov, Siegel, Jonathan (USANYE) Jonathan.Siegel@usdoj.gov, November, Anna (USANYE) [Contractor] Anna.November@usdoj.gov
**Cc:** Nanci Clarence nclarence@clarencedyer.com

Gillian:

Below please find an index and a zip file which contains the leases in response to your request #5 of December 14. As to leases extant in 2015, we have previously provided those to you in our response of June 28, 2022. You have further identified in this request that we provide you "documents regarding One Taste collection of rent paid by its members." You should be aware that there are no such documents as One Taste did not collect rents for the residential properties as individual residents were responsible for collecting and paying rental obligations.

I also informed you I would supply the principal case law establishing that the videotaped interviews we conducted in anticipation of litigation of current employees, former employees and witnesses, are plainly imbued with the attorney-client privilege and/or the work product privilege. Our research establishes that these interviews are quintessential privileged and work product material.

For application of the privilege/work product protection to interviews of current and former employees: *See Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 226 (E.D.N.Y. 2019)(communications between counsel and current and former employees entitled to protection from disclosure under attorney-client ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ privilege).

For application of the work product doctrine to interviews of any witnesses taken in contemplation of litigation: *See In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002,* 318 F.3d 379, 383-84 (2d Cir. 2002)(In the context of a pending criminal prosecution, the doctrine is even stricter, precluding discovery of "documents made by a defendant's attorney or the attorney's agents except with respect to scientific or medical reports.").

As we further discussed, the Principles of Corporate Prosecution as set forth in §9-28.710 of the Justice Manual provide that a prosecutor may not request privileged or work product material from a cooperating company. Nor is a cooperating entity required to tender such materials to the government. What the manual make clear, however, is that the government is entitled to the facts relevant to the criminal inquiry. As we further discussed, if there are facts of which you are unaware within the multitude of interviews we conducted we have not been so informed. This is principally because, to date, you have been reluctant to share with us any specifics as to the conduct and/or the potential charges you have been investigating since 2018.

Despite this confounding predicament, which in my experience is without precedent, we have continued to cooperate and to voluntarily provide you scores of documents that you requested as it has been our expressed desire to help you get to the truth of whatever you are investigating as expeditiously as possible. Indeed, we have been providing you requested materials since 2018. When you allowed us to make a presentation to you recently, we expressed that we were hamstrung in addressing the specific activity you were investigating. You referenced that we should focus on the allegations as set forth in the BBC documentary and Bloomberg article about One Taste. While we viewed these as sensationalized accounts calculated toward viewership, we focused on the limited allegations of potentially criminal activity. ▮▮▮▮▮▮▮▮▮▮▮▮▮ was the principal person for which we could decipher any allegation that, if true, potentially could amount to a federal crime, though her allegation involved activity that was alleged to have occurred in 2013/2014. Of course, I was surprised when in our recent call you maintained that there may be an allegation you are investigating which was not captured within the BBC and Bloomberg pieces. While that, of course, has no impact on our cooperative non-privileged productions, it shines a spotlight on the difficulty anyone would have in deciphering what facts you might be interested in within the privileged materials. We want to get that factual information to you so that we can expeditiously resolve this matter.

In that vein, you should recall that we recently provided you with 15 witness statements that were used in the BBC litigation. Those witness statements, listed below, not only provide facts relative to the witness' testimony, but include pertinent communications and photos as attachments.



1. ▮▮▮▮▮▮▮▮▮▮
2. ▮▮▮▮▮▮▮▮▮▮▮
3. ▮▮▮▮▮▮▮
4. ▮▮▮▮▮▮▮▮▮
5. ▮▮▮▮▮▮▮▮▮▮▮
6. ▮▮▮▮▮▮▮▮▮▮
7. ▮▮▮▮▮▮▮
8. ▮▮▮▮▮▮▮▮▮
9. ▮▮▮▮▮▮▮▮
10. ▮▮▮▮▮▮▮▮▮▮
11. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12. ▮▮▮▮▮▮▮▮
13. ▮▮▮▮▮▮▮▮▮▮
14. ▮▮▮▮▮▮▮▮▮▮
15. ▮▮▮▮▮▮▮▮▮
16. ▮▮▮▮▮▮▮▮▮

At this stage, because we feel like we are continuing to box ghosts, absent direct dialogue with you regarding some parameters of your investigation, and in particular the facts unavailable to you that remain at issue, we are hamstrung in bringing forward those relevant facts, especially in face of the proscriptions of the Justice Manual. I hope we can soon have this important dialogue.

You should know that our continued request that the government exercise responsible urgency is grounded in several factors that continue to debilitate One Taste's ability to remain a viable entity. First, as we explained in our presentation, the media continues to use the "FBI investigation" to legitimize their false reporting; this reporting (supported only by the amorphous "FBI investigation") has seriously impeded One Taste from operating as a viable going concern. Second, the relevant allegations, regardless of their legal and factual merit, are unquestionably outside the corporate sphere of responsibility and include activity which is alleged to have occurred 10 or more years ago. Third, when the initial subpoenas were issued in this matter in 2018, we spent an exorbitant amount of money on a Relativity database in an attempt to promptly cooperate and provide you with the material you requested. We were of course frustrated in that for almost two (2) years we could not communicate with or receive responses from your office in order to coordinate the record returns. In early 2022 I engaged with you in an effort to bring this matter to closure so that One Taste could financially survive. You have been very responsive, and we will continue to timely engage with you to complete the additional requests you have made. I fervently hope, however, that we can resolve whatever factual issues remain and that we can soon have conclusory discussions so One Taste can continue its good work. Fairness dictates nothing less.

Solely, to assist you with the process of resolving this investigation expeditiously, and without waiving work product or attorney-client privilege in accordance with Rule 502 of the Federal Rules of Evidence, attached is a list of the witnesses whom we interviewed in anticipation of litigation.

Please take this email in the spirit that it is written, to seek engagement and dialogue where we can get you the relevant facts so that you can obtain the truth and bring this matter to closure before One Taste collapses under the financial weight of this seemingly perpetual investigation. Thanks. Pep



**2022.01.18 OneTaste Production .zip**
9 MB

**2023.01.18 OneTaste Production Index .pdf**
63 KB

## Privileged  - list of interviews



1. 
2. 
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 
11. 
12. 
13. 
14. 
15. 
16. 
17. 
18. 
19. 
20.



Paul E. Pelletier
Paul E. Pelletier
pepelletier3@gmail.com
202.617.9151