

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DR:KCB/GK/DEL
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 17, 2024

By ECF and Email

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Cherwitz, et al.
Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

The government respectfully moves to quash five improper Rule 17(c) subpoenas issued by the defendant Nicole Daedone with a return date of July 17, 2024 (the "Challenged Subpoenas," attached hereto as Exhibit A[1]), because they plainly fail to comply with the provisions of Rule 17(c) and the pertinent case law.

---

[1] The government respectfully requests that the Challenged Subpoenas (attached as Exhibit A) be filed under seal. As an initial matter, the government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. See, e.g., United States v. Aref, 533F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). However, as noted below, the government anticipates it may call one or more of the Named Individuals as trial witnesses and public disclosure of the Challenged Subpoenas would identify civilians and potential witnesses more than six months in advance of trial and could subject to intimidation and harassment. If necessary, the government can provide additional information ex parte to the Court. Therefore, sealing is warranted here to protect the Named Individuals' privacy and safety interests. United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (privacy interests of third parties may be compelling reason justifying sealing); United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect the integrity of an ongoing investigation, including the safety of witnesses, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing); United States v. Doe, 63 F.3d 121, 127-28 (2d Cir. 1995) (danger to person can justify sealing).

I. Background

On July 2, 2024, counsel for defendant Nicole Daedone emailed government counsel five subpoenas, which were dated July 3, 2024 and appeared to be in draft form, for documents, information, or objects in a criminal case and addressed to the following news media companies: Vice Media, Playboy Enterprises, BBC Studios America Inc., Bloomberg and Netflix (the "Subpoena Recipients"). The Subpoena Recipients were directed to provide specified information on an attached nine-page rider to the Bonjean Law Group PLLC, at its office on Van Brunt Street in Brooklyn, New York, by July 17, 2024 (two weeks after its issuance date). The Subpoena Recipients were directed to produce the following, with no time limitations:

(1) "Any and all materials . . . referencing and/or related to Nicole Daedone, Rachel Cherwitz, OneTaste and/or Organsmic [sic] Meditation," including "but not limited to any documents, notes, memos, files, articles, interviews, podcasts, statements, handwritten notes, video recordings, audio recordings, voice memos, clips, files, raw footage, communications and/or writings of any kind;"

(2) "Any and all communications, text messages, letters, emails and/or writings . . . referencing or related to Nicole Daedone, Rachel Cherwitz and/or One Taste;"

(3) "Any and all communications, text messages, letters, emails and/or writings of any kind between [the Subpoena Recipient] and any government agent that references or relates to Nicole Daedone, Rachel Cherwitz and/or One Taste;"

(4) "Any and all communications, text messages, letters, emails and/or writings of any kind referencing and/or relating to" 22 named individuals (the "Named Individuals"[2]);

(5) "Any and all communications, text messages, letters, emails and/or writings of any kind between [the Subpoena Recipient] and any person with information relating to One Taste, Nicole Daedone and/or Rachel Cherwitz," including the Named Individuals;

(6) "Any and all documents, notes, files, reports, memos, interviews, recordings documents, raw footage, communications and/or writings of any kind between" the Subpoena Receipt and the Named Individuals;

(7) "Any and all articles, papers, drafts, stories, publications, interviews, writings, journals, memos of any kind prepared by [the Subpoena Recipient]

---

[2] The government anticipates one or more of the Named Individuals may testify for the government at trial and identify themselves as victims of the charged forced labor scheme.

related to or referencing Nicole Daedone, Rachel Cherwitz, and/or One Taste;"

(8) "Any and all articles, papers, drafts, stories, publications, interviews, writings or any kind prepared by [the Subpoena Recipient] related to or referencing Orgasmic Mediation;" and

(9) "Any and all statements, interviews, notes, recordings of any kind in" the possession, custody and/or control of the Subpoena Recipient, "that contain information relating to One Taste, Nicole Daedone and/or Rachel Cherwitz."

On July 10, 2024, counsel for the government emailed counsel for both defendants and reserved its right to file a motion to quash the Challenged Subpoenas and renewed its ongoing request for reciprocal discovery in this case, including any returns responsive to these subpoenas.

Since the receipt of the Challenged Subpoenas, the counsel for the government has been in contact with attorneys for three of the Subpoena Recipients (Bloomberg, Netflix and BBC America).

II. The Court Should Quash the Challenged Subpoenas

A. Applicable Law

Rule 17(c) of the Federal Rules of Criminal Procedure provides that

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1); see also United States v. Pierre, No. 22-CR-19 (PGG), 2023 WL 7004460, at *15 (S.D.N.Y. Oct. 24, 2023). "Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." United States v. Nixon, 418 U.S. 683, 702 (1974).

Rule 17(c) "was not intended to provide a means of discovery for criminal cases." Nixon, 418 U.S. at 700; see also Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951) (same). Instead, because the rule's "purpose is trial-focused," a Rule 17(c) subpoena "may be used only to obtain materials admissible as evidence at trial." United States v. Louis, No. 04-CR-203 (LTS), 2005 WL 180885, at *3 (S.D.N.Y. Jan. 27, 2005). Accordingly, a defendant seeking documents pursuant to a Rule 17(c) subpoena bears the burden of satisfying the "strict standard" set forth by the Supreme Court in Nixon, namely of "specifically identifying the materials sought

and showing that they are relevant and admissible." United States v. Brown, No. 95-CR-168 (AGS),1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995); see also United States v. RW Professional Leasing Services Corp., 228 F.R.D. 158, 162 (E.D.N.Y. 2005) (citing Nixon, 418 U.S. at 699-700); Louis, 2005 WL 180885, at *5 (party seeking documents pursuant to a Rule 17(c) subpoena must be able to "reasonably specify the information contained or believed to be contained in the documents sought" and establish both relevancy and admissibility (internal quotations omitted)).

A Rule 17(c) subpoena may not be used to conduct a "general 'fishing expedition.'" Nixon, 418 U.S. at 700. Indeed, precisely because the rule poses such a risk of abuse and misuse, courts are stringent in holding those seeking to obtain documents under Rule 17(c) to their burden of demonstrating that the documents sought are (1) relevant, (2) admissible, and (3) specifically identified, and it is "insufficient" for a party to show only that the subpoenaed documents "are potentially relevant or may be admissible," RW Prof'l Leasing Servs. Corp., 228 F.R.D. at 162 (emphasis added); see also Nixon, 418 U.S. at 699-700 (requiring a showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and not intended as a general 'fishing expedition'"). Requests accurately characterized as fishing expeditions "deserve[] to be quashed" on that basis alone. United States v. Yian, No. 94-R-719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995); see also United States v. Binday, 908 F. Supp. 2d 485, 492 (S.D.N.Y. 2012) (noting "an impermissible discovery motive is much more likely to underlie a subpoena calling for a return well in advance of trial than one issued for return the date trial is set to begin"); Pierre, 2023 WL 7004460, at *15 (same).

Rule 17(c)(2) permits a court to quash or modify a Rule 17(c) subpoena on a motion promptly made. The government has standing to move to quash a subpoena "based 'upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility." United States v. Giampa, No. 92-CR-437 (PKL), 1992 WL 296440, at *3 (S.D.N.Y. Oct. 7, 1992) (quoting United States v. Raineri, 670 F.2d 702, 711 (7th Cir. 1982)); see also United States v. Vasquez, 258 F.R.D. 68, 71-72 (E.D.N.Y. 2009); United States v. Nix, 251 F. Supp. 2d 555, 561 (W.D.N.Y. 2017); United States v. Nektalov, No. 03-CR-828 (PKL), 2004 WL 1574721, at *1 (S.D.N.Y. July 14, 2004); Yian, 1995 WL 614563, at *2 (same). Indeed, where the Rule 17(c) subpoena principally seeks impeachment or material pursuant to 18 U.S.C. § 3500 for a government witness, because "[t]he government has an interest in controlling the timing of disclosures" of that material, those interests "are sufficiently strong and immediate . . . to confer standing." United States v. Bergstein, No. 16-CR-746 (PKC), 2017 WL 6887596, at *3 (S.D.N.Y. Dec. 28, 2017).

Moreover, even if the government does not have standing, "the Court has an independent duty to review the propriety of the subpoena . . . and whether the subpoena itself comports with the requirements of Rule 17." Vasquez, 258 F.R.D. at 72; see also United States v. Coriaty, No. 99-CR-1251(DAB), 2000 WL 1099920, at *6 n.4 (S.D.N.Y. Aug. 7, 2000) (considering government's motion to quash third-party subpoena, notwithstanding defendant's objections on ground that government had no standing, because "'it is the responsibility of the

court, not the opposing party, to ensure that a subpoena secured under Rule 17(c) is for a proper purpose'".).

B. Argument

i. The Government Has Standing to Move to Quash

As a threshold matter, the government has standing to move to quash the Challenged Subpoenas. The Challenged Subpoenas specifically seek information concerning one or more witnesses the government may call at trial and, as such, the government has interests in preventing the improper disclosure of materials that concern those potential witnesses and in ensuring they are not subject to undue harassment. See Vasquez, 258 F.R.D. at 71 ("[A] party whose legitimate interests are affected by a subpoena may move to quash that subpoena."); United States v. Carton, No. 17-CR-680 (CM), 2018 WL 5818107, at *2 (S.D.N.Y. Oct. 19, 2018) (government had standing to move to quash subpoenas served on third parties); Nektalov, 2004 WL 1574721, at *1 (same). Separately, the government has a legitimate interest in preventing the defendant from using Rule 17(c) subpoenas to circumvent the requirements of Rule 16, Rule 26.2 and other applicable federal criminal discovery rules. See Vasquez, 258 F.R.D. at 71-72.

Finally, even if the government lacked the interests identified above, the Court can and should review the Challenged Subpoenas pursuant to its independent obligation to ensure the propriety of a Rule 17(c) subpoena.

ii. The Challenged Subpoenas Are Invalid

The Court should quash the Challenged Subpoenas because they are facially invalid.

First, the Challenged Subpoenas are not authorized by Court, even though they direct the Subpoena Recipients to produce materials nearly six months in advance of trial. This cannot be reconciled with the language of Rule 17.

Rule 17 provides a limited grant of authority, mentioning pretrial production only in connection with court approval. Rule 17(c) states, "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." As one district court explained, "[t]he Rule itself expressly contemplates pre-trial production, but only upon order of the court." See Nix, 251 F. Supp. 3d at 563–64 (quashing defendant's subpoenas made returnable to the Court without the Court's prior authorization).[3] The rule, in "leaving

[3] The Nix court observed however that "at least one commentator has suggested that court approval is not mandated by Rule 17(c) for the issuance of subpoenas in advance of trial." Nix, 251 F. Supp. 3d at 563–64 (quoting Charles Alan Wright, et al., Federal Practice and Procedure § 275 (4th ed. 2014) ("Some courts hold that the court's discretion must be invoked by motion in advance if a subpoena is to be made returnable in advance of the trial. This is an orderly and desirable procedure and one frequently followed, but the rule does not require it, and the question can be raised as well on a motion to quash, which is specifically authorized by Rule 17(c)(2).").

advance production to the court's discretion[,] is no mere technicality. It is a vital protection against misuse or improvident use of such subpoenas." United States v. Binh Tang Vo, 78 F. Supp. 3d 171, 178 (D.D.C. 2015) (quoting United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)); see also United States v. Beckford, 964 F. Supp. 1010, 1020 (E.D. Va. 1997). Such a requirement makes sense because a Rule 17 subpoena is not a tool for pretrial discovery. See, e.g., United States v. Finn, 919 F. Supp. 1305, 1329 (D. Minn. 1995) ("Without the Court's supervision, Rule 17(c) would lend itself to discovery of the broadest sort—a result that the drafters of the Rule decried.").

Second, the Challenged Subpoenas improperly direct the Subpoena Recipients to produce the materials to defense counsel's office, not the Court. This, too, contradicts Rule 17, which states the designated items be produced "in court." Fed. R. Crim. P. 17(c).[4]

iii. The Challenged Subpoenas Fail to Meet the *Nixon* Specificity Requirements

Even if the subpoenas were properly issued, the information sought goes far beyond the scope of the permissible use of a Rule 17(c) subpoena. The Court should quash the Challenged Subpoenas because they fail to meet the Nixon standard for relevance, admissibility and specificity.

The Challenged Subpoenas fail to meet Nixon's specificity standard. They seek "any and all" documents and communications related to or referencing the defendants, OneTaste, "orgasmic meditation" or 22 named individuals from five different news media entities, with no time limitation. This request is overbroad and burdensome and should be quashed on its face. As courts in this Circuit have observed, the sort of language used by the defendants "smacks of a fishing expedition." United States v. Nachamie, 91 F. Supp. 2d 552, 564 (S.D.N.Y. 2000). Courts have found that "[s]ubpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by Nixon." United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, at 515 (S.D.N.Y. 2013); see also United States v. Barnes, 2008 U.S. Dist. Lexis 125298, at *11 (S.D.N.Y. Apr. 1, 2008) (quashing motion that "blindly seeks 'all' documents and records that fall into several categories for an approximate 23-month period rather than identifiable pieces of evidence" because "[s]uch a blanket request implicates all of the problems associated with a classic 'fishing expedition'"); RW Professional Leasing Services Corp., 228 F.R.D. at 163-64 (rejecting as "overbroad and totally unreasonable" various requests calling for production of "[a]ll documents" noting it was likely to result in a "massive search for countless documents"); United States v. Lopez, No. 15-CR-252 (PKC), 2021 WL 4033886, at *2 (E.D.N.Y. Sept. 3, 2021) (quashing subpoena as overbroad, noting that use of the terms "all" and "any" undermined

---

[4] In United States v. Greebel, No. 15-CR-637 (KAM), the defendant attempted to withhold Rule 17(c) subpoenas from the government prior to trial. On the record, Judge Matsumoto ordered the defendant to turn over all Rule 17(c) subpoena returns, holding, "[w]ell, they were supposed to be returnable here [i.e., in court] and the parties are supposed to be allowed to inspect them. Where are they? Make them available. Today." See United States v. Greebel, No. 15-CR-637 (KAM) (transcript of proceedings dated October 16, 2017 at 15).

specificity, and reaffirming that "Rule 17(c) subpoenas are not tools of discovery" (internal quotation marks omitted)).

None of the requests even attempt to identify a particular piece of admissible evidence and, thus, the defendant has made no showing that the documents requested are "evidentiary and relevant." Nixon, 418 U.S. at 699-700. Although the government may seek to call some of the Named Individuals as witnesses at trial, the defendant still must show how the information and communications sought with media companies and reporters meet the relevance and admissibility requirements.

Although some courts have determined that Rule 17(c) subpoenas may be used to obtain materials to be used for impeachment, see United States v. Seabrook, No. 16-CR-467, 2017 WL 4838311, at *1-2 (S.D.N.Y. Oct. 23, 2017), the defendant here has not identified how any of the categories of requested material could be admissible for that purpose under Rules 608 or 613 of the Federal Rules of Evidence—which govern the admissibility of evidence pertaining to a witness's character for truthfulness or untruthfulness and prior inconsistent statements—or any other evidentiary rule. See Fed. R. Crim. P. 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."). In any event, "the potential impeachment of a witness does not provide grounds for issuance or enforcement of a Rule 17(c) subpoena because such materials would only become relevant after a witness has testified." United States v. Maxwell, No. 20-CR-330 (AJN), 2021 WL 2292773, at *1 (S.D.N.Y. June 4, 2021) (citing cases). In any event, the requests appear untethered to any kind of trial evidence in this case—evidenced not just by the sheer scope of material requested, by also by the improper "calling for a return will in advance of trial." Binday, 908 F. Supp. 2d at 492.

This is simply not the standard under which Rule 17(c) subpoenas are issued.

## III. Conclusion

For the reasons set forth herein, the government respectfully asks the Court to quash the Challenged Subpoenas.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Gillian Kassner
Devon Lash
Kayla Bensing
Assistant U.S. Attorneys
(718) 254-6224/6014/6279

cc: Clerk of Court (DG) (by ECF and Email)
Counsel for Cherwitz and Daedone (by ECF and Email)
Counsel for Bloomberg and Netflix and BBC Studios America (by Email)