# Arnold & Porter

July 17, 2024

**VIA ECF**

Judge Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  Subpoena to Non-Party Bloomberg L.P., *United States of America v. Rachel Cherwitz, et al.*, 23 Cr. 146 (DG)

Dear Judge Gujarati:

      We write on behalf of our client, Bloomberg L.P. ("Bloomberg"), with respect to the non-party subpoena *duces tecum* (the "Subpoena") delivered to Bloomberg last week. In addition to its procedural infirmities, the Subpoena is patently improper and overbroad, and seeks a raft of documents that are protected from disclosure by the reporters' privilege. We understand that, earlier today, the government filed a letter motion to quash the Subpoena to our client, along with subpoenas issued to other media organizations. We support the government's efforts to quash the subpoenas.[1]

      Moreover, for the reasons stated below, Bloomberg independently requests that the Court quash the Subpoena. The Subpoena is designed to invade Bloomberg's newsroom and impinge on Bloomberg's rights as a member of the news media. Should it be helpful to the Court, Bloomberg requests an opportunity to fully brief these important legal issues.

      As set forth in the government's letter motion, on July 10, 2024, a defendant in the above-captioned case, Nicole Daedone, served Bloomberg with the Subpoena that was purportedly issued pursuant to Federal Rule of Criminal Procedure 17(c). While the Subpoena is dated July 3, 2024, Bloomberg was not served with it until July 10, 2024. *See* Subpoena at 1. The Subpoena seeks to compel Bloomberg to produce, by today, a substantial quantity of documents from tens of thousands of custodians, including communications and newsgathering materials.[2] Specifically, the Subpoena contains nine numbered requests (collectively, the "Requests"), some of which contain several subparts, effectively requesting from Bloomberg "any and all" documents, communications, and/or materials related to Nicole Daedone, Rachel Cherwitz, and/or One Taste. *See id.* at 6-9.

---

[1] Bloomberg takes no position on that portion of the government's motion seeking to seal the subpoenas.
[2] The defendants in this case were the subject of news reporting by Bloomberg.

**Arnold & Porter**

July 17, 2024
Page 2

Definition and Instruction No. 7 of the Subpoena requires Bloomberg, which is a global news and information company with more than 21,000 employees, to search for responsive documents from "any and all employees, journalists, writers, producers, agents, representatives, consultants, investigators, experts or any other individual acting on behalf of [Bloomberg]." Neither the Definitions and Instructions, nor the Requests themselves, identify any applicable time period for the Requests.

On July 11, 2024, an in-house attorney for Bloomberg spoke with defendant's counsel and asked her to withdraw the Subpoena. Counsel refused.

The Court should quash the Subpoena on the grounds that it: (1) is improper pursuant to Rule 17(c)(1); (2) is overly broad and unduly burdensome; and (3) improperly seeks materials that are protected by the federal common law reporters' privilege.

First, while the Subpoena is signed by the Clerk of Court, it is not clear whether the Subpoena was expressly approved by the Court. Under Rule 17(c)(1), only the Court may direct a witness to produce designated items before trial or before they are to be offered into evidence. Fed. R. Crim. P. 17(c)(1); *see United States v. Nix*, 251 F. Supp. 3d 555, 564 (W.D.N.Y. 2017) ("Defense counsel issued these subpoenas without seeking [the] Court's approval . . . . Court approval should have been sought for the subpoenas and the failure to do so, in and of itself, justifies granting the [motion to quash]."). If the Subpoena was not approved by the Court, it should be quashed as procedurally invalid under Rule 17(c)(1).

Second, the Subpoena violates the scope and purpose of pretrial subpoenas under Rule 17. Such subpoenas are not intended to function as a "broad discovery device" and "courts must be vigilant to ensure that Rule 17(c) is not used for the purpose of a general fishing expedition." *United States v. Pena*, 15 Cr. 551 (AJN), 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016) (citing *United States v. Nixon*, 418 U.S. 683, 699-700 (1974)); *United States v. Barnes*, 560 Fed. Appx. 26, 39-40 (2d Cir. 2014)) (internal quotation marks omitted). Under the standard described in *Nixon*, a party seeking production of documents pursuant to Rule 17 must demonstrate that the materials sought are (1) relevant, (2) admissible, and (3) specifically identified. *See Nixon*, 418 U.S. at 700. Importantly, the use of the terms "all" and "any" "do not evince specificity." *United States v. Tagliaferro*, 19 Cr. 472 (PAC), 2021 WL 980004, at *3 (S.D.N.Y. Mar. 16, 2021).

Here, the Subpoena is overly broad, unduly burdensome, and not specifically tailored. Each of the nine Requests identified by the Defendant begin with the words "any and all." *See* Subpoena at 6-9. Taken together, the Requests ask Bloomberg to produce any and all materials, documents, and communications in its possession relating to or

# Arnold & Porter

July 17, 2024
Page 3

referencing Nicole Daedone, Rachel Cherwitz, and/or One Taste. For three of the Requests, Defendant asks for "any and all" communications and/or documents between Bloomberg and any person with information relating to One Taste, Nicole Daedone, and/or Rachel Cherwitz, including but not limited to twenty-two identified individuals, at least one of whom is a Bloomberg journalist. *See id.* at Requests 4, 5, and 6. The fact that the Requests do not identify an applicable time period further demonstrates that they are not specific or reasonably tailored.

Third and finally, the materials sought by the defendant are protected by the federal common law reporters' privilege. For example, the Defendant requests "handwritten notes," "voice memos," "raw footage," "journals," and "drafts," among other things, in Bloomberg's possession relating to One Taste, Nicole Daedone and/or Rachel Cherwitz. *See, e.g.*, *id.* at Requests 1, 6, 7, 8, and 9. In the Second Circuit, "[w]hen a litigant seeks to subpoena documents that have been prepared by a reporter in connection with a news story," "disclosure may be ordered only upon a clear and specific showing that the information is: highly material and relevant, necessary or critical to the maintenance of the claim, and not obtainable from other available sources." *United States v. Burke*, 700 F.2d 70, 86-77 (2d Cir. 1983) (internal citations omitted). The Court should therefore quash the Subpoena due to the defendant's failure to make the required particularized three-part showing that the requested materials are highly material and relevant, necessary or critical to her defense, and not obtainable from other available sources.

\*     \*     \*

For the reasons stated above, Bloomberg respectfully requests that the Subpoena be quashed.

Respectfully submitted,

*/s/ Dori Ann Hanswirth*
Dori Ann Hanswirth
Michael Kim Krouse
*Counsel for Bloomberg L.P.*

ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Dori.Hanswirth@arnoldporter.com
Michael.Krouse@arnoldporter.com