

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

KCB/GK/DEL/SF                                  *271 Cadman Plaza East*
F. #2018R01041                                 *Brooklyn, New York 11201*

September 19, 2024

By ECF

The Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>         Re:    United States v. Daedone and Cherwitz
>                Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

The government respectfully submits this letter to notify the Court regarding a potential conflict of interest involving counsel for defendant Rachel Cherwitz in the above-captioned case, and to request a hearing under United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982).

On October 25 and November 17, 2023, this Court held a Curcio hearing to address potential conflicts of interest as to both defendants. ECF Dkt. Nos. 57 & 61. At that time, Cherwitz, who was being represented by Jenny Kramer of Alston & Bird LLP, disclosed that her legal fees were being paid by Anjuli Ayer, one of the three current owners of OneTaste, Inc. ("OneTaste"), in her personal capacity. See November 17, 2023 Tr. at 3. On or about May 17, 2024, Cherwitz engaged new counsel, Duncan Levin of Levin & Associates, PLLC. Mr. Levin subsequently disclosed to the government that Cherwitz's legal fees were then being paid by OneTaste. Mr. Levin formally withdrew from representing Cherwitz on September 4, 2024, at which time Arthur L. Aidala, Michael T. Jaccarino, and Imran H. Ansari of Aidala, Bertuna & Kamins, PC assumed representation of Cherwitz and subsequently confirmed that her legal fees are being paid by OneTaste. See ECF Nos. 138, 143 & 144.

The government advises the Court of this information pursuant to its obligation under Second Circuit law so the Court, in its discretion, may conduct the appropriate inquiry pursuant to Curcio. See, e.g., United States v. Stantini, 85 F.3d 9, 13 (2d Cir. 1996); United States v. Malpiedi, 62 F.3d 465, 467 (2d Cir. 1995). In light of the change of the third party paying Cherwitz's legal fees, the government submits that a Curcio hearing would be appropriate. The government is informed by defense counsel that Cherwitz does not oppose any

additional Curcio hearing but requests that it be held at the next-scheduled court appearance to minimize her travel from California.

I.      Applicable Law[1]

The Sixth Amendment affords a criminal defendant the right to effective assistance of counsel.  See Wood v. Georgia, 450 U.S. 261, 271 (1981); United States v. Perez, 325 F.3d 115, 124 (2d Cir. 2003). That right, however, is not absolute and does not guarantee the defendant counsel of his own choosing.  See United States v. Jones, 381 F.3d 114, 119 (2d Cir. 2004); United States v. Locascio, 6 F.3d 924, 931 (2d Cir. 1993).  While there is a "presumption in favor of the [defendant's] chosen counsel, such presumption will be overcome by a showing of an actual conflict or a potentially serious conflict." Jones, 381 F.3d at 119 (citing Locascio, 6 F.3d at 931); see also Wheat v. United States, 486 U.S. 153, 164 (1988).

To determine if the defendant's counsel is burdened by a conflict of interest, a district court "must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  An actual conflict exists "when the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action, or when the attorney's representation of the defendant is impaired by loyalty owed to a prior client." Jones, 381 F.3d at 119 (internal quotation marks and citations omitted).  A potential conflict arises if "the interests of the defendant could place the attorney under inconsistent duties in the future." Id. (emphasis and citations omitted).

Regardless of the severity of the conflict or the defendant's willingness to waive the conflict, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." Wheat, 486 U.S. at 160.  "The question of [attorney] disqualification therefore implicates not only the Sixth Amendment right of the accused, but also the interests of the courts in preserving the integrity of the process and the government's interests in ensuring a just verdict and a fair trial." Locascio, 6 F.3d at 931.  Accordingly, "a district court should decline to permit a defendant to be represented by the counsel of his choice if that representation would undermine the integrity of the judicial process." United States v. DiPietro, No. 02 CR 1237 (SWK), 2004 WL 613073, at *4 (S.D.N.Y. Mar. 29, 2004) (citing Wheat, 486 U.S. at 163).

If a conflict is such that a rational defendant could knowingly and intelligently choose to continue to be represented by the conflicted attorney, the Court must obtain directly from the defendant a valid waiver in accordance with the procedures set forth in United States v. Curcio, 680 F.2d 881 (2d Cir. 1982).  See, e.g., Malpiedi, 62 F.3d at 470.  In summarizing Curcio procedures, the Second Circuit has instructed the trial court to:

> (i)      advise the defendant of the dangers arising from the particular conflict;

---

[1] The government included this information in its initial Curcio filing and includes it herein for ease of reference.  ECF No. 42.

(ii)     determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and

(iii)    give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.

Iorizzo, 786 F.2d at 59; see also Curcio, 680 F.2d at 888-90.

The need for a Curcio hearing exists regardless of whether a case is disposed of by way of guilty plea or trial.  "A claim that counsel is conflicted is in essence a claim of ineffective assistance of counsel."  United States v. Stantini, 85 F.3d 9, 15 (2d Cir. 1996).  Likewise, "[e]ffective assistance of counsel includes counsel's informed opinion as to what pleas should be entered." Boria v. Keane, 99 F.3d 492, 497 (2d Cir. 1996).  Therefore, it necessarily follows that a defendant has a right to conflict-free representation prior to trial.  See id. ("[P]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered.") (quoting Von Moltke v. Gillies, 332 U.S. 708, 721 (1948) (emphasis added)).  A conflict may arise when an attorney is paid by a third party, rather than by his or her own client.  "[B]enefactor payments . . . may subject an attorney to undesirable outside influence and raise[] an ethical question as to whether the attorney's loyalties are with the client or the payor."  Locascio, 6 F.3d at 932 (quoting In re Grand Jury Subpoena Served Upon John Doe, Esq., 781 F.2d 238, 248 n.6 (2d Cir. 1986) (en banc)); see also Wood, 450 U.S. at 269-270 ("Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party."); United States v. Wells, 394 F.3d 725, 733–34 (9th Cir. 2005); United States v. Arakelian, No. 04 Cr. 447 (RPP), 2005 WL 2173923, *6-7 (S.D.N.Y. Sept. 6, 2005) (describing Curcio-related inquiry related to potential benefactor payments); Moreno-Godoy v. United States, 2014 WL 1088300, at *32 (S.D.N.Y. Mar. 20, 2014) ("A conflict of interest can arise where a third party's payment of a defendant's attorney's fees leads to a theoretical division of loyalties.").

"By their very nature, third-party fee arrangements create numerous ethical pitfalls into which even the most wary criminal defense attorney may stumble." United States v. Duran-Benitez, 110 F. Supp. 2d 133, 151-52 (E.D.N.Y. 2000) (citing New York Disciplinary Rule 5-107); see also Restatement § 134(1) ("A lawyer may not represent a client if someone other than the client will wholly or partly compensate the lawyer for the representation, unless the client consents . . . and knows of the circumstances and conditions of the payment."). "These ethical pitfalls become especially dangerous when a defendant's lawyer is hired and paid by 'the operator of the alleged criminal enterprise.'" Duran-Benitez, 110 F. Supp. 2d at 152 (quoting Wood, 450 U.S. at 269). In such situations, the Supreme Court wrote in Wood, there exists a "risk that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against his former employer or from taking other actions contrary to the employer's interest." Wood, 450 U.S. at 269; see also In re: Grand Jury Subpoena Served Upon John Doe, Esq., 781 F.2d at 248 n.6 (noting that when "the third party is the head of a criminal

3

enterprise of which the clients are members... an ethical question arises as to whether the attorney's loyalties are with the client or the payor").

II.      Analysis

As described above, the government has identified a potential conflict facing counsel for Cherwitz in this case because Cherwitz's legal fees are being paid by OneTaste, a third party.  See United States v. Raniere, 18-CR-204 (NGG), ECF Dkt. No. 266 (observing that a potential conflict arises where the choice of defense strategy may influence decisions on the part of those who are paying for legal fees).  While a previous Curcio hearing in this matter addressed the payment of Cherwitz's legal fees by a different third party, Anjuli Ayer, Cherwitz has not yet explicitly waived a potential conflict for present counsel as to payment of legal fees by OneTaste.  Accordingly, in an abundance of caution, the government submits that a Curcio inquiry is appropriate to determine whether Cherwitz is willing and able to make a knowing and voluntary waiver of the specific potential conflict with OneTaste.  The government thus respectfully requests that such inquiry be made at the next-scheduled court appearance.[2]

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                    By:      /s/
                                        Gillian Kassner
                                        Kayla Bensing
                                        Devon Lash
                                        Sean Fern
                                        Assistant U.S. Attorneys
                                        (718) 254-7000

---

[2] Attached hereto as Exhibit A is a draft colloquy that is substantially similar in relevant part to the colloquy jointly proposed by the parties at the initial Curcio hearing.  Cherwitz's counsel has indicated that Cherwitz does not object to the proposed colloquy.