

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

December 2, 2024

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *U.S. v. Cherwitz, et el.*, No. 23-cr-146 (DG)

Dear Judge Gujarati:

  Defendants move this Court for leave to issue Rule 17 subpoenas to ▮▮▮ and Autymn Blanck directing them to produce their google drive meta-data/edit history related to two google documents that correspond with the electronic journals (Journal Set 1 and Journal Set 2) that the government produced in Rule 16 discovery. These Journal Sets were represented as having been written by ▮▮▮ in 2015 during the days following her departure from OneTaste. After having raised authenticity concerns about these journals for months with no meaningful response from the government and after an unsuccessful motion for the production of discovery related to these electronic journals [ECF No. 160], Defendants have recently obtained compelling evidence developed during the state court civil case that demonstrates that the electronic journal sets were actually authored in 2022, not 2015, as represented by the government. This new evidence also shows that the Journal Sets were the product of a group writing project which included Netflix film maker Sarah Gibson and underwent extensive edits over the course of 10 months before being shared with FBI Agent McGinnis on March 9, 2023.

  Defendants also seek an Order commanding the government to immediately produce the Journal Sets 1 and 2 *in their original form* that ▮▮▮ sent to agent McGinnis on March 9, 2023. It should be noted that Defendants made this exact request in July and again in September, on both occasions being told either that no such material exists or Defendants were not entitled to it. Defendants even asked this Court to Order the disclosure, but the request was denied. Critically, it now appears that agent McGinnis may have materially altered the Journal Set 1 by deleting a heading *before* it was produced to the Defendants as a PDF in Rule 16 discovery. The government should immediately produce the Journal Sets exactly as they were received in their original format to get to the bottom of this serious issue.



Defendants must be permitted to obtain the necessary metadata/edit history for an expert to examine the electronic journals for the purpose of testifying about the origins of the journals, the authorship of the journals, and most importantly the date on which the journal was first authored. Such evidence is relevant to the admissibility of the journal entries *and* the credibility of ▮▮▮ who fabricated evidence for the benefit of a Netflix film purporting to be a documentary as well as the government's prosecution. Defendants further request a hearing whether agent McGinnis altered evidence and reserves the right to renew their motion to dismiss based on government misconduct or any other appropriate relief.

**Government Produces ▮▮▮ Electronic Journals Re: Experiences at OneTaste**

On September 13, 2023, the government made a Rule 16 disclosure of two PDF documents that were described as "Journal entries regarding experiences at OneTaste maintained by Individual #10" Individual #10 is ▮▮▮ ▮▮▮. The first PDF purported to be a set of a journal entries commencing on the date "January 15" ("Journal Set 1") [Exhibit A – Journal Set 1 (165920-1659390]. The second PDF purported to be a set of journal entries commencing on "February 24" ("Journal Set 2") [Exhibit B – Journal Set 2 (165940-165950)] (collectively referred to as "Journal Sets") The Journal Sets purport to have been written exclusively by ▮▮▮ ▮▮▮ in 2015 after she left OneTaste; they express highly negative views about OneTaste. For example, the first paragraph of Journal Set 1 screenshot directly from the document is reflected below:



The government did not indicate how or when it came into possession of the two PDFs or even whether it received the documents in PDF format. Defendants discerned that portions of the Journal Sets were read aloud by Autymn Blanck in the Netflix movie "Orgasm Inc: The Story of OneTaste." Autymn claimed that her sister authored the journal entries in the immediate aftermath of her departure from OneTaste in 2015. The same representation was made to the Defendants in this prosecution.




The journal entries were fishy for three reasons: (1) the writing style had a distinctive cinematic quality (see above); (2) ▓▓▓▓ counsel had never mentioned this compelling evidence when negotiating a settlement agreement with OneTaste in 2015; and (3) the existence of these journals was suspiciously convenient, since it allowed ▓▓▓▓ story to be included in the Netflix film without her technically violating her settlement agreement with OneTaste, which included a non-disparagement clause. Recent 3500 disclosures reveal that ▓▓▓▓ **never** mentioned the existence of these journals in her lengthy interview with agent McGinnis in 2018 and only told McGinnis about the journals in June 2022 (around the time they were being prepared for Netflix).

Undersigned counsel later discovered that the Journal Sets produced by the government had also been produced to counsel in the pending California civil case, *OneTaste v.* ▓▓▓▓ ▓▓▓▓. [Exhibit C – Corresponding Journal Sets Produced in civil case] The versions produced in the civil case were identical to the versions produced in this case with one distinctive difference, namely the version produced in the civil case had a bold heading that read "**Series One: Darkness.**" The heading was not reflected in the government's production in this case. The following is screenshot directly from the version produced in the civil case with the heading.



This omission of the cinematic heading "**Series One: Darkness**" from the version produced to Defendants by the government raised counsels' suspicions about who authored the electronic journals; whether they had actually been prepared for Netflix rather than in 2015; why there were different versions of the journals; and how many different versions existed.





303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

**Defense Counsel Asks the Government to Provide Discovery Concerning the Journal Sets with No Success**

On July 18, 2024, counsel for Ms. Cherwitz, Duncan Levin, sent the AUSAs in this case an email seeking the metadata for Journals Set 1 and 2. [Exhibit D – Email Communication from Duncan Levin to AUSAs (7/18/2024)] Mr. Levin's communication also sought, *inter alia,* "the original journals or files" associated with the PDFs, any email communications which were received in connection with the journals, and the identity of the individual who sent the journals to the government.

On July 29, 2024, Mr. Levin followed up with the government again asking for the journal metadata, pointing out that Defendants may seek to have it analyzed. [*Id.*] On July 30, 2024, the government responded by sending two email communications showing that ▆▆▆▆ shared "Journal Set 1" and "Journal Set 2" with Agent McGinnis on March 9, 2023, as a google document. [Exhibit E – Google Share: ▆▆▆▆ ▆▆▆▆ to Agent McGinnis (3/9/23)] The government refused to provide the documents in their original format and provided no metadata for the original Journal Sets.

**Government Produces ▆▆▆▆ Handwritten Journals on July 30, 2024**

On July 30, 2024, the government produced 217 pages of documents identified as "Photocopies of physical journals provided by Individual #10" (ONETASTE00256871-ONETASTE00257087") ("Handwritten Journals") [ECF No. 111, pg. 2] The government did not reveal when or how it received the handwritten journals, nor did it explain why they were produced nearly a year after the electronic journals. The belated disclosure was particularly troubling since the vast majority of the handwritten journals (191 pages) constituted *Brady* material, that is, writings that fail to corroborate ▆▆▆▆ claims of coercion.[1]

---

[1] On November 15, 2024, the government disclosed by way of an affidavit from FBI agent Daniel Schmidt that Autymn Blanck claimed that she was storing ▆▆▆▆ handwritten journals and a separate hard drive for "safekeeping." [Exhibit F – Affidavit of FBI Agent Daniel Schmidt] A deposition of Autymn Blanck conducted in August 2024 reflects that Autymn provided ▆▆▆▆ handwritten journals and her hard drive to agent McGinnis in and around April 15, 2024. [Exhibit G – De-Designated Portions of Autymn's Deposition] Although most of Autymn's deposition is protected under the state court protective order and is inaccessible to Defendants, this portion of her testimony was removed from the protective order. [Exhibit H – Court Order De-Designating Portions of Autymn's Deposition] Autymn communicated with McGinnis after receiving a subpoena



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

The remaining 24 pages of the handwritten journals mirrored the electronic Journal sets 1 and 2 that provided uniquely negative accounts of OneTaste. However, the handwritten pages that corresponded to the electronic Journals Sets 1 and 2 looked markedly different than ▮▮▮ other journal entries, raising even more concerns about the authenticity of the handwritten journals and the timing of when they were created.

Undersigned counsel consulted with forensic linguist Dr. Robert Leonard on the question of whether the Journal Sets (and the corresponding handwritten entries) were actually written by ▮▮▮ Dr. Leonard's Rule 16 expert disclosure opines that the journal entries were not written exclusively by ▮▮▮ He reached this conclusion by comparing the journal entries to known writing samples of ▮▮▮ ECF No. 178

**Defendants Express Concern about the Authenticity of the Journals and Ask the Government and the Court for Appropriate Disclosures**

On September 21, 2024, undersigned counsel wrote a lengthy letter to the AUSAs, concerning the authenticity of the journals, and again asking for certain disclosures that would allow Defendants to explore when the electronic journals were authored and by who. [Exhibit I – Bonjean's 9/21/24 Letter to AUSA Re: ▮▮▮ journals] [ECF No. 160-1] Defendants also sought the information to determine whether the suspicious handwritten journal entries pre-dated the electronic version and whether Dr. Leonard's opinion that ▮▮▮ was not the sole author of the entries could be backed up by metadata. The government responded by stating that it did not have an obligation to produce the requested material.

On September 26, 2024, undersigned counsel wrote a letter motion to this court seeking, *inter alia,* more comprehensive *Brady* material from the government including the metadata related to ▮▮▮ journals. [ECF Doc. No. 160 at 7-8] Defendants wrote:

---

in the civil case seeking the materials. According to Autymn's sworn testimony she sent the materials to McGinnis after advised her to send the materials to him and that OneTaste attorneys could get it from him. He told her, in sum and substance, that she could not produce what she did not have, intimating that she should avoid complying with a subpoena by sending him the materials [Exhibit G at pgs. 120-123] Autymn did as McGinnis suggested, sending him ▮▮▮ handwritten journals and hard drive in April of 2024 (seven months ago). The government only got around to producing it to the defense two weeks.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

The material sought is immediately discoverable under Rule 16 and *Brady*. Defendants have the right to investigate the origins of these journals, who was responsible for writing them, and when they were authored. Defendants must be provided with complete discovery to prepare for trial, for consideration by potential experts, and to determine whether the government relied on fabricated evidence to obtain an indictment in this case. Accordingly, Defendants respectfully request that this Court order the government to produce the materials identified in the attached letter.

This Court denied Defendants' letter motion on September 27, 2024.

**New Evidence Developed in the California State Court Civil Case Shows that the Journal Sets Were Authored by Numerous People and Created in 2022, not 2015.**

Last month, undersigned counsel obtained a copy of a Declaration prepared by an expert retained by OneTaste counsel in the California civil case. The Declaration attached here as Exhibit I was prepared by Jason Frankovitz of Quandry Peak Research on October 11, 2024. Mr. Frankovitz was provided with access to Autymn Blanck's google drive link that she shared with her sister ▓▓▓▓ for the purpose of reviewing the edit history of ▓▓▓▓ electronic journals (produced as Journal Sets 1 and 2 here).[2] The review showed that the electronic journals were created in May 2022, six months before the Netflix movie was released – not in 2015.

The original file of Journal Set 1 was created on May 4, 2022, and first labeled Journals. [Exhibit J, Decl, ¶¶14-16] As Frankovitz declares under oath, the original google document was created on the google drive on May 4, 2022. It appears to have been copied and pasted from another platform and was 1893 words in length. [Exhibit K – First Version of Journal Set 1] It bears virtually no resemblance to the version that was sent to agent McGinnis and produced by the government in Rule 16 disclosures. [Compare Exhibit K with Exhibit A] Most notably, the first version contained no dates and did not even mention OneTaste. The document went through significant edits and the final version was saved on March 9, 2023. The final version had 10,037 words and the

---

[2] Mr. Frankovitz only received access to the google drive and was not permitted to preserve the data by downloading it. Thus, Defendants do *not* have access to the necessary data to provide to their own expert which is why they have brought this motion.



opening paragraph began with **"Series One: Darkness"** as reflected above. [Exhibits A-C] The google drive link showed that ▬ Autymn, the Netflix filmmaker Sarah Gibson and others had access privileges to Journal Set 1. The document was edited hundreds of times, and only the *final* version was sent to agent McGinnis on March 9, 2023. In simple terms, the Journal Set 1 that was produced to Defendants in this case purporting to be ▬ journal entries from 2015 was actually created on May 4, 2022, and was an evolving document authored by numerous people.

Similarly, the original file of Journal Set 2 was created on the shared google drive on May 25, 2022, and underwent 18 minor revisions. Journal Set 2 was accessible to ▬ and Autymn and at least one other person who had editing privileges. On March 9, 2023, the permissions were changed to allow ▬ as an editor to the file and the Netflix filmmaker Sarah Gibson as a viewer. That same day, ▬ sent the Journal Set 2 to agent McGinnis. In simple terms, Journal Set 2 was authored on May 25, 2022, not 2015, and underwent various revision by people other than ▬.

Critically, Exhibit B to Mr. Frankovitz's Declaration shows the dramatic differences between the first version of Journals Set 1 created on the google drive on May 5, 2022, and the final version that was sent to agent McGinnis.

### The Handwritten Journals Appear to Have Been Created *After* the Electronic Journal Sets Not Before

Defendants anticipate that the government will claim that ▬ wrote the handwritten journals in 2015 and provided them to her sister in 2022 to transcribe for use in the Netflix move. This theory does not hold up because the handwritten journals mirror the final edited version of the electronic version – not the first version.

Defendants are in possession of the many edited versions of Journal Set 1 which show how the document evolved from its creation on May 4, 2022, until March 9, 2023, when it was shared with Agent McGinnis. If Autymn was merely transcribing her sister's 2015 handwritten journals in a google document created in 2022, the *first* version of the google document should be identical, or nearly identical, to the handwritten journal. That is not the case here. Rather, it is the *final* highly edited version of the google document dated March 9, 2023, that mirrors the handwritten entries. For illustration purposes only, the new expert material shows that on March 9, 2023, ▬ removed 'red eye' from the sentence "I left New York on a red eye flight" from the google document; the final version that was sent to McGinnis also does not include the word 'red eye.' If the handwritten journals were the original document prepared in 2015, it *should* reflect the

word 'red eye" since this edit was made eights year later. It doesn't. The only inference to be drawn from this is that the handwritten journals were written after the electronic journals were finalizes. This means that the handwritten journal entry was not created until nearly a decade after ▮▮▮▮ left OneTaste and was fabricated for Netflix and for the government's use in this case.

It is worth noting that the government either currently possesses this information or has the ability to obtain it. The government issued a search warrant to review ▮▮▮▮ hard drive back on October 29, 2024 (Bates ONETASTE00260554-ONETASTE00260583). It either has the metadata/edit history of the journals in its possession and has declined to examine it or it had the ability to obtain it. Defendants do *not* have the information and are entitled to it.

**The New Evidence Also Suggests Agent McGinnis Edited the Electronic Journal Sets that Were Produced to Defendants.**

Perhaps more troubling, although unsurprising at this point, it would appear agent McGinnis may have tampered with evidence in this case. The electronic Journal Set 1 that ▮▮▮▮ shared with Agent McGinnis on March 9, 2023, mirrors the final version of the file that was obtained on Autymn's google drive that same day. As reflected in Frankovitz's report, the final version of the google drive document included the **"Series One: Darkness"** heading. When Defendants received the Journal Sets in September 2023 in a PDF format, the heading was gone. The evidence suggests that someone removed the heading before converting the document to a PDF. Clearly, the heading would have raised serious suspicion that the journals were written for Netflix in 2022 – not in 2015. Defendants would have been none the wiser but for the unaltered document having been produced in the civil case.

Agent McGinnis's conduct continues to raise troubling questions about the integrity of this investigation. As set out in Defendants' motions to dismiss, McGinnis was responsible for obtaining privileged documents from a witness and failing to produce it to a filter team. According to ▮▮▮▮ ▮▮▮▮, McGinnis guided or directed her to delete her email account which is why she was unable to produce discoverable information in the pending civil case. At least two witnesses have complained about McGinnis's coercive interview tactics as provided in declarations. Autymn Blanck testified under oath during a deposition that McGinnis suggested to her that she could avoid producing the "handwritten journals" and a hard drive in discovery by sending it to him because "you can't produce what you don't have." The California state court judge entered an Order commanding the FBI to return the journals and the hard drive that Autymn gave to

 

McGinnis (without making a copy) *after* receiving a subpoena requesting the material. [Exhibit L – Hon. Rupert A Byrdsong Order (9/9/2024)] Unsurprisingly, the FBI has paid no mind to the Order. It now appears as if agent McGinnis may have altered a document by removing a heading to make it appear more authentic. Alternatively, the heading was removed by someone other than McGinnis. Either way, Defendants are entitled to know who removed it.

**Conclusion**

While Defendants now have Frankovitz's expert declaration which provides a strong factual basis for their request, Defendants need the actual metadata and edit history of these electronic journals data to provide to their own expert for analysis. Frankovitz cannot serve as Defendants' expert in this case. Defendants have been seeking this information from the government since mid-July with no cooperation. In fact, the government has been in possession of the google documents that ▓▓▓ sent McGinnis on March 9, 2023, and have refused to produce it in its original form despite a specific request for it. The government has been in possession of ▓▓▓ handwritten journals and hard drive since April but did not produce the handwritten journals (which now appear on their exhibit list) until July 30, 2024, and November 15, 2024, respectively. These materials were clear *Brady* material that was *specifically* requested in July. The government repeatedly claims that it complied with its *Brady* obligations and had no obligation to provide anything beyond what was provided. If the government had it their way, Defendants would have forever been denied a fair opportunity to challenge the veracity of these important government Exhibits which appear on the government's exhibit list and which played a central role in their motions *in limine*. But for the more liberal discovery rules in the state civil case (where ironically only money is at stake), Defendants would have had no basis on which to credibly allege that ▓▓▓ fabricated evidence and McGinnis may have tampered with it.

Defendants respectfully request leave to issue Rule 17 subpoenas for review by their retained experts. [Exhibit M – Proposed Rule 17 Language] Defendants further request an Order requiring the government to produce the Journal Sets in their original form that were sent to McGinnis in March 2023 along with any other documents that ▓▓▓ sent to McGinnis in a google folder.³ Defendants further reserve the right to seek additional relief once a proper and thorough analysis is conducted.

---

³ Section 3500 material shows that ▓▓▓ provided various documents with agent McGinnis via a shared google drive. In fact, ▓▓▓ even gave McGinnis editing privileges on at least one set of her journals. [Exhibit D]

9



The government has yet to provide any grounds for concealing ▇ identity, particularly given the fact that the issues identified in this letter are publicly debated in a parallel litigation and her journals were read aloud by her sister Autymn in the Netflix movie. But since there has been no formal finding on this issue, Defendants have filed this motion and exhibits under seal and a redacted version of this letter on the docket. Defendants have a standing objection to this procedure where it clearly emboldens witnesses to be less than forthcoming if they can hide behind sealed documents, the precise risk the Sixth and First Amendment is designed to guard against.

Respectfully Submitted,

 /s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850
Jennifer@bonjeanlaw.com

/s/IMRAN H. ANSARI
*One of the attorneys for Rachel Cherwitz*
Aidala, Bertuna & Kamins PC
545 Fifth Avenue, 6th Floor
New York, New York 10036
212-486-0011