

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

JRS:GK/KCB/DEL/NCG/SMF
F. #2018R01401

December 5, 2024

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Cherwitz, et al.
                 Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      The government respectfully submits this response in opposition to the defendants' supplemental request seeking an in limine ruling permitting them to call unidentified OneTaste employees or other people who had positive experiences with OneTaste.

      The defendants posit two arguments in support of their renewed request. First, they argue that because they are charged with conspiracy, rather than a substantive crime, that somehow upends established Second Circuit case law holding that "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific [other] occasions," United States v. Scarpa, 913 F.2d 993, 1011 (2d Cir. 1990). Def. Mot., ECF No. 215 ("Def. Mot."), at 2. Second, they argue that "where serious harm is alleged . . . absent physical force, the reasonable person standard is applied" and, thus, testimony about other unidentified individuals who provided unspecified labor to OneTaste is "relevant and admissible." Id. These arguments fail as a matter of law.

      As to the defendants' first argument, it does not withstand scrutiny. The defendants urge that because they were not charged with a substantive crime as to a particular victim, but instead a conspiracy, then testimony "from other individuals employed by the Defendants" is relevant "as to the issue of whether the Defendants conspired to obtain forced labor from their employees." Def. Mot. 3 (emphasis in original). First, the defendants misstate the above-captioned indictment, which does not allege that the defendants conspired to obtain forced labor from all OneTaste employees ever, but rather alleges that the defendants "obtained the labor and services of a group of OneTaste members by subjecting them to economic, sexual, emotional and psychological abuse; surveillance; indoctrination; and intimidation." Indictment ¶ 6 (emphasis added). That other OneTaste members purportedly had positive experiences with

OneTaste is therefore irrelevant to the charged crime, which focuses on a particular group of people,[1] and such testimony risks confusing the jury.

Second, in any event, the defendants' arguments are illogical. The defendants assert that the government makes "misplaced arguments regarding the non-admissibility of banks not robbed in a bank robbery trial, individuals not sex-trafficked in a sex trafficking trial, and non-fraudulent applications in a false statements trial" because the charged crime here is conspiracy. Def. Mot. 3. But the defendants ignore that in a bank robbery conspiracy trial, a defendant would still not be permitted to elicit that there were some banks over the course of the charged conspiracy that he did not try to rob; the same is true with respect to eliciting the number of times a defendant told the truth in a case alleging conspiracy to commit securities fraud, or with respect to a defendant's interactions with non-victim individuals during the course of a sex trafficking conspiracy trial. Whether the crime is substantive or conspiracy, the standard for relevance does not change, and the defendants have failed to identify why testimony of the "[t]housands of people across the globe [who] took OneTaste's courses," or the "many [who] sought employment with OneTaste as they found deep meaning in the practice and sought to be more of a part of the community" or those who "participated in OneTaste courses [and] found it to be an interesting experience but did not practice it long term," Def. Mot. 4, bears on the conspiracy to commit forced labor as to a subset of OneTaste members as alleged in the indictment.

Notably, the defendants have also failed to cite to any case law, in any jurisdiction, that has adopted the standard the defendants are asking this Court to adopt. Rather, as the government outlined in its motions in limine, and in its response to the defendants' motions in limine, which are incorporated by reference herein, it is "elementary" that a "defendant cannot establish that he did not commit a crime as to A because he did not commit a crime as to B." Gov't Mots. in Limine, ECF No. 169, at 102-04 (citing cases); see also Gov't Resp. to Def. Mots. in Limine, ECF No. 182, at 23-24. The defendants have pointed to no case that draws a distinction with respect to that basic principle between conspiracy and substantive law. Indeed, they could not, because as far as the government is aware, none exists.

Third, the defendants' argument that the testimony of these unidentified witnesses is somehow "exculpatory" evidences the same misunderstanding. As the government has repeatedly argued, a criminal prosecution is not a numbers game, and forcing the labor of even one victim is a crime, as is conspiracy to do so. See 18 U.S.C. §§ 1589, 1594. Indeed, though the defendants argue that Judge Garaufis' opinion in United States v. Raniere, 384 F. Supp. 3d 383, 425 (E.D.N.Y. 2019), is somehow inapposite, the court's ruling in that case was directly on point: "the court agrees with the Government that statements by individuals who were not allegedly directed to [perform the forced labor] . . . are not Brady material because they have no

---

[1] The defendants are on notice as to the identities of these individuals, which the government identified in its motions in limine (see ECF No. 170) and in the government's witness list.

2

bearing on whether the alleged victims were so directed or threatened." Id. The same is true here.[2]

As to the defendants' second argument, the defendants ignore the relevant legal standard and fail to proffer with specificity any witness whose experience mirrors that of the group of OneTaste members alleged in the indictment. As an initial matter, though the government agrees that the forced labor statute has an objective component, the Second Circuit has held that "[t]he correct standard is a hybrid: it permits the jury to consider the particular vulnerabilities of a person in the victim's position but also requires that her acquiescence be objectively reasonable under the circumstances." United States v. Rivera, 799 F.3d 180, 186-87 (2d Cir. 2015) (emphasis added). The defendants' motion ignores that the standard is hybrid, instead emphasizing only objective reasonableness. See Def. Mot. 5-9.

But even focusing solely on the objective component of the standard, unlike, for example, in United States v. Litvak, 808 F.3d 160, 175 (2d Cir. 2015), where the applicable materiality standard under the securities laws is defined with reference only to a "reasonable investor," id., "serious harm" under the forced labor statute is defined with reference to a "reasonable person of the same background and in the same circumstances. . . ." 18 U.S.C. § 1589. Thus, the defendants' reliance on Litvak is misplaced.[3] Because the statute defines "reasonable person" with the clause "of the same background and in the same circumstances," the testimony of other witnesses who are not "of the same background and in the same circumstances" as the victims loses its relevance. Indeed, as the defendants previously recognized, an analysis of what constitutes "serious harm" under the forced labor statute is "highly individualized" and that "'serious harm' used against one person in one situation may violate the statute, while the exact same 'serious harm' used against a different person in a different situation may not." See Mar. 1, 2024 Def. Ltr., ECF No. 80, at 7.

---

[2] Of course, the government is held to the same relevance standard. The defendants assert that the government seeks to admit evidence of "uncharged acts . . . as direct evidence of the conspiracy itself." Def. Mot. 4 (citing Gov't Mots. in Limine, ECF No. 169, at 62; United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994)). The defendants ignore the government's position that the evidence outlined in the government's motions in limine is direct evidence and corroboration of the charged forced labor conspiracy and, if admissible under Federal Rule of Evidence 404(b), must be admitted for a proper purpose other than to prove a defendant's bad character or criminal propensity. Gov't Mots. in Limine, ECF No. 169, at 63. The defendants seek to admit the testimony of unidentified employees or other people solely to establish good character, which the law squarely does not permit. See id. at 103-104 (citing cases).

[3] In any event, Litvak pertained to evidentiary errors regarding the admissibility of an expert witness's testimony on the "highly-specialized field of RMBS trading"—not the testimony of other individuals purportedly in the victims' positions. See Litvak, 808 F.3d at 182-83. Indeed, the government maintains that, consistent with Litvak, the testimony of its proposed expert on coercive control, an ongoing abusive dynamic that seeks to rob a victim of his or her autonomy by using tactics including intimidation, isolation, degradation and surveillance, is relevant evidence that would assist the trier of fact.

Further, such testimony would only be relevant in any event if such witnesses were also faced with the same kind of allegedly coercive conduct and/or harm. The testimony of a person who did not face that harm has no relevance to whether a reasonable person of the same background and in the same circumstances facing that harm would find it coercive. Thus, the witnesses proffered for the reasons specified by the defendants—that is, to offer testimony as to the objective standard—would need to be both of the same background and in the same circumstances and subject to the same type of harm. The defendants have failed to identify any witness with any specificity who is purportedly "of the same background and in the same circumstances" and subject to the same kind of harm as the group of OneTaste members as alleged in the indictment and, thus, the defendants' motion should be denied.

Accordingly, the government respectfully requests that the Court deny the defendants' supplemental motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/_____
Gillian Kassner
Kayla C. Bensing
Devon Lash
Nina Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000