LAW OFFICES OF

*Aidala, Bertuna & Kamins, P.C.*

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
DAVID M. SCHWARTZ+
ROSARIO BONA
GIOVANNI ORLANDO CONTI

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C.

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK
11228 TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

December 13, 2024

<u>Via ECF</u>

Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *U.S. v. Cherwitz, et al.*, No. 23-cr-146 (DG)

Dear Judge Gujarati:

  The Defendants write jointly, through counsel, to request that this Court use its discretion and require prospective jurors to fill out a questionnaire as part of their summons for jury service, or upon arrival at the courthouse in response to their summons for jury service. The use of a written jury questionnaire in this case will assist both the government and the Defendants in selecting an impartial jury to hear this case. The wide press coverage and questioning about sensitive sexual topics will result in a number of people who are potentially in the venire that will be automatically disqualified. A jury questionnaire would allow the parties and the Court to dismiss jurors before the need to question them individually in open court.

  The use of such a questionnaire as part of the jury selection process is within the discretion of the Court as provided by the Sixth Amendment to the United States Constitution, which guarantees an individual the right to a fair and impartial jury. Such questionnaires are routinely used in Federal Courts throughout the country, as well as in this District, particularly in cases involving significant pre-trial publicity and/or salacious allegations. *See*, *United States v. Kelly*, 19-CR-286 (E.D.N.Y. Sept. 27, 2021); *United States v. Raniere*, 18-CR-204 (E.D.N.Y. Jun. 18, 2019); *see also, United States v. Maxwell,* 20-CR-330 (S.D.N.Y. August 27, 2021).

  There has been an exceptional amount of pretrial publicity in this case, including the airing of (1) the Netflix movie "Orgasm Inc: The Story of OneTaste," (2) a 10-part podcast which aired on the BBC, titled "the Orgasm Cult," (3) articles in The New York Times, NBS News, The Guardian, The Daily Beast, Newsweek, Variety, and the New York Post, as well as (4) multiple articles published in Bloomberg, including one in which many former OneTaste participants were interviewed, some of whom may testify during this trial. *See*, *The Dark Side of OneTaste, the*

1

*Orgasmic Meditation Company,* Bloomberg, Ellen Huet, June 18, 2018. Each of these media pieces were sensational and highly critical of OneTaste. Indeed, the indictment in this case largely tracks the allegations contained in the Bloomberg article. As such, because press coverage regarding OneTaste was from widely consumed media sources, and was almost exclusively negative, there is a strong possibility that potential jurors have been exposed to this pre-trial publicity and, if they did, they almost certainly hold a negative opinion about OneTaste and the Defendants. Were these potential jurors to be asked about such exposure, without a jury questionnaire, there is a high likelihood of prejudicial information being disclosed in open court, tainting the entire venire and severely prejudicing the Defendants.

Defendants must be afforded the right to inquire of every potential juror whether they have been exposed to these inflammatory and factually misleading publications, not only because of their prejudicial tone, but because jurors who *have* seen or read these pieces would naturally have difficulty separating evidence that comes from the witness stand versus information they may have received through the media. Some of the witnesses who the government will call have been sources or participants in these media publications. A potential juror who has already made a determination about the credibility or veracity of a particular person who provided an account of her/his experience at OneTaste in a media publication would clearly be unable to judge that individual's testimony from the witness stand separate and apart from what they heard in the Netflix movie or read in one of the many exposes about OneTaste. Indeed, Defendants will likely move for cause on every potential juror who has been exposed to these media accounts, as is their right. A one-on-one inquiry in the courtroom will not only run the risk of tainting the jury pool but will also be exceptionally time-consuming. A questionnaire will allow the parties to learn out of the gate whether any potential jurors are familiar with the significant media coverage surrounding this case and permit the Court to inquire of those specific individuals outside the presence of the venire while allowing the Defendants to move to strike such jurors if appropriate.

Also, OneTaste was active in New York City for several years, holding weekly classes and events and interacting with thousands of people. There is a significant likelihood that members of the venire will have participated, or have known someone who participated, in these practices. Because the practice of Orgasmic Meditation is somewhat controversial, it would be more appropriate for the potential jurors to detail their experiences and opinions about OneTaste in a questionnaire, and not in open court.

In addition, this case involves topics and practices which are highly sexual, including bondage, BDSM, open and non-monogamous relationships, and accusations of victims being forced to engage in sexual activity. Indeed, even the routine practices of OneTaste involve activities, such as Orgasmic Meditation ("OM"), which may make certain jurors uncomfortable answering questions in open court, as opinions on these sexualized topics may be difficult for certain jurors to discuss honestly in front of others. This Court need only review the government's 144-page Motion *In Limine* to get a sense of the highly triggering subject matters that will be front and center in this case if the government is permitted to put on the case it wants. For example, the government expects to present significant evidence about Orgasmic Meditation, including by presenting video of the practice. The government intends to present evidence that OneTaste and the Defendants "operated warehouses" where members lived, worked, and experimented sexually. The government intends to put on evidence of the highly controversial opinions and beliefs of the

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM

Defendants. For example, the government claims that "Defendants taught and insisted in the adherence to an ideology in which victims of sexual assault or violence should not consider themselves, or be considered by others, to be victims and should not blame or blame those who commit sexual assault for their actions." (Gov. MIL at 11). The government alleges that Defendants preyed on individuals who were victims of sexual abuse and that they "encouraged sex as a means of working through trauma" and that they encouraged participants to engage in sex with people they found repulsive. According to the government, Defendants taught OneTaste participants they needed to be "hungry for dick" or they were not "spiritually grown." The government clearly seeks to portray OneTaste as a "sex cult" and will not agree to refrain from using the word cult in this prosecution. Most individuals, and potential jurors, would have a knee-jerk prejudicial response to the concept of a "cult," assuming that it is pernicious.

To be clear, Defendants do not agree that many of the aforementioned subject matters relate in any way to the charged offense of forced labor conspiracy, but the government has made it exceptionally clear through its Motion *In Limine* and Exhibits, including countless hours of video of Orgasmic Meditation, OneTaste classes, and speeches and writing of Defendant Daedone that it intends to try the philosophies of OneTaste. There has been no order prohibiting the government from doing so. Therefore, the Defendants are entitled to in-depth questioning on these subjects to lodge relevant cause challenges, and also to intelligently exercise peremptory challenges. Most critically, it will prove necessary to inquire of potential jurors about their own experiences with sexual trauma which they should not have to do publicly or even at a side bar. It would be much easier and more elucidating for the parties if the jurors were afforded the opportunity to answer such sensitive questions in a written questionnaire. Not only will they have more time to think about their answers, but they will be afforded more privacy and will not be subject to the pressures of feeling "put on the spot" during oral questioning. Providing jurors with an opportunity to discuss these subjects in writing will make it easier for them than describing their beliefs and attitudes in open court. It will also provide the Defendants with information they are clearly entitled to when choosing an impartial jury.

Lastly, the use of a juror questionnaire would also aid in increasing the efficiency of the *voir dire* process. The questionnaire would cover basic demographic information and other relevant experiences which would otherwise be part of the oral *voir dire,* reducing the need to expend the Courts' time asking the same questions of each prospective juror. Follow-up questions based on responses to the questionnaire can then be pursued in an efficient manner to complete the *voir dire* process.

WHEREFORE, the Defendants jointly request that this Court grant their motion for a jury questionnaire. We have conferred with the government, and they oppose this request.

Thank you for your time and consideration in this matter.

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM

Respectfully submitted,

AIDALA, BERTUNA & KAMINS, P.C.
Arthur L. Aidala, Esq.
Imran Ansari, Esq.
Michael Jaccarino, Esq.
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
arthur@aidalalaw.com
iansari@aidalalaw.com
jaccarino@aidalalaw.com


BONJEAN LAW GROUP, PLLC
Jennifer Bonjean, Esq.
Ashley Cohen, Esq.
303 Van Brunt Street, 1st Fl.
Brooklyn, New York 11231
(718) 875-1850
jennifer@bonjeanlaw.com

*Counsel for Defendants*

AIDALA, BERTUNA & KAMINS, P.C. • 546 FIFTH AVENUE, NEW YORK, NY, 10036 • T: 212-486-0011 • F: 212-750-8297 • WWW.AIDALALAW.COM