
303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

December 30, 2024

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *U.S. v. Cherwitz, et el.*, No. 23-cr-146 (DG)

Dear Judge Gujarati:

     Defendants write this letter motion seeking a continuance of the trial scheduled to commence on January 13, 2025, consistent with their Fifth and Sixth Amendment rights. As set out in detail below and in prior filings, the government has committed on-going *Brady* violations that have prejudiced the Defendants. Indeed, the government continues to withhold discoverable evidence, including *Brady* material that must be produced in sufficient time to allow Defendants to investigate the information. Finally, the government has dumped over a terabyte of Rule 16 material on the Defendants in the past two weeks, in addition to a vast amount of 3500 material. It is not humanly possible for undersigned counsel to review this material in advance of trial consistent with their Sixth Amendment obligations to provide effective assistance of counsel to their clients.

A. <u>The Government's Late Disclosure of Rule 16 and *Brady* Material in Conjunction with Its Recent Production of an Extraordinary Amount of 3500 Material Prevents Undersigned Counsel from Competently Doing Their Job Consistent with their Constitutional Obligations</u> and <u>Defendants' Due Process Guarantees.</u>

     (i)    Voluminous exhibits

     As this Court is aware, the government produced hundreds of thousands of pages of documents and terabytes of video in their Rule 16 disclosures. As the government's 130-page Motion *In Limine* makes clear, it intends to try this one count indictment as a far-reaching condemnation of OneTaste, identifying roughly 60 government witnesses and 5000 trial exhibits consisting of 80,000 pages and 89 videos some of which exceed 4 hours in length. [Exhibit A - Government Exhibit List] Defendants estimate there are approximately 82 hours of videos included in the government's witness list. A lawyer would have to work 16-hour days for an entire week just to review the videos identified


303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

on the government's exhibit list. As the docket reflects, Defendants raised numerous concerns about the government's failure to make timely disclosures. [ECF Dkt. No. 49, 160, 213] Defense counsel also beseeched the government to make early 3500 disclosures in light of the quantity of information expected to be produced. The government declined to do so. At the last hearing on December 10, 2024, the government represented that that there were only two videos that they wanted to show depicting the orgasmic meditation practice, and that they would identify to the defendants which exhibits they intended to put on. To date the government has identified neither.

    (ii)    Withheld Ravi Agrawal emails

On November 4, 2024, the government produced an email from Ravi Agrawal to the FBI in which he said, "I must say I'm surprised your investigation seems to center around her [Ayries Blanck], since she is probably the least reliable person in terms of facts. In our first course together, Nicole asked me what was my #1 problem in the relationship, and I said it was her pathological lying, even when there was no benefit to lying, she seemed to just make things up. That never really ended, and went to a new level once she left." However, it was not until December 9, 2024 when the full email was produced to the defendants as 3500 material that the defendants learned that these clearly exculpatory *Brady* material had been in the government's possession since August 7, 2018, over six years ago.

The Defendants have continuously raised concerns about the government's failure to meet their *Brady* obligations. In response to concerns the Defendants raised regarding *Brady* disclosures, on July 25, 2023 the government sent the defendants a one page letter stating that, "The government has complied and intends to fully comply with all of those obligations…" At a status conference the following day, prior counsel for Nicole Daedone said, "I'm not alleging any misconduct by any AUSA in this courthouse now. All I'm saying is that we have a "Spidey Sense" that there's a significant amount of material that is extraordinarily helpful to the defense based upon their investigation interviewing people that have come to us and said wonderful things about us and we want it." The Court responded, "I think maybe that your "Spidey Sense," your hunch, your suspicion, whatever you want to call it, maybe either will resolve or will become maybe more concrete with more information and with the passage of some more time."

However, the passage of time has not resolved anything. As a result, the defendants have lost the opportunity to investigate, interview or subpoena Agrawal for testimony on this significant statement as his attorneys have indicated that he is overseas (somewhere) with no intended date of return.


303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

      (iii)      Ayries Blanck hard drive

On November 15, 2024, the government produced a jump-drive to the defense which purportedly contained: (1) material from an external hard drive belonging to Ayries Blanck; and (2) material from a computer hard drive belonging to Ayries Blanck. The government has conceded that hard drive contains potential *Brady* material. [Exhibit ] The government had been in possession of this material since mid-April and the material was subject to a specific request made by the defense dating back to July 2024. The material produced consists of over 100,000 text messages 1800 emails with attachments, 557 notes, over 100 work and excel documents, dozens of pdfs, 29,000 photos and 248 videos. Defense counsel has been unable to conduct an adequate review of this material and certainly has had no opportunity to investigate the material

On November 18, 2024, the government began a rolling production of 3500 material that is still incomplete. That production included nearly 6000 pages of mostly 302s and handwritten notes. As of today, the 3500 material produced consists of nearly 1800 files. [Exhibit B – 3500 List] Reviewing these materials a month or less prior to trial is a monumental task under the best of circumstances. It is impossible to meaningfully review this material while also contending with a massive document dump of Rule 16 material and potential *Brady* material that should have produced months ago.

      (iv)      Chris Kosley hard drive

On December 16, 2024, an external hard drive appeared at the offices of undersigned counsel without a letter. It contains approximately 1.2 terabytes of data and purports to be a copy of another hard drive that was provided to the government by one of its witnesses Chris Kosley. For context, the drive contained over 28,000 files, 2,801 videos or audio files running approximately 390 hours in length. None of the material was bate stamped. Although the government claims that much of the material was already produced in earlier Rule 16 disclosures, it has not represented that all of the material was previously produced. Meanwhile, it is an extraordinarily burdensome task to sift through 1.2 terabytes of files to determine whether it corresponds to previously produced material – a task defense counsel is obligated to complete.

      (v)      New voluminous rule 16 production

As recently as December 20, 2024, the government has made additional Rule 16 disclosures of material it had in its possession for many months. This production made



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

only 6 days ago (just days before the Christmas holiday) consists of an additional 20 hours of video and 324 files.

>   (vi)   Defense Counsel Cannot Be Expected to Review, Digest, and Investigate this Monstrous Amount of Material Produced in the Past Month Prior to a January 13, 2025 Trial Date.

Defendants will not receive their Due Process or effective assistance of counsel guarantees if they are forced to trial on January 13, 2025. The government failed to comply with Fed. R. Crim. P. 16 when it delayed the production of extensive Rule 16 material and *Brady* material. Defendants cannot make use of this material if they do not have time to review and investigate it.

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the government to afford the Defendants the opportunity to inspect or copy data and tangible objections (such as Chris Kosley and Ayries Blanck's hard drives) in a timely fashion. The government has been in possession of this material for months and only got around to producing it in the last two weeks. As to Ayries Blanck's hard drive, the government has *still* failed to make fulsome production of the materials which is a subject of debate that requires resolution before any trial takes place. It is not humanly possible to conduct a thorough review of these materials prior to the start of trial while also reviewing the extensive 3500 material that has and continues to be produced by the government while also litigating outstanding discovery issues. A district court has broad discretion in fashioning a remedy for the government's violation of its obligations under Rule 16(a), including adjourning a trial so that Defendants are not prejudiced by the government's late disclosures. *United States v. Salameh,* 152 F. 3d 88, 130 (2d Cir. 1998). *See also, United States v. Thompson,* 2022 U.S. Dist. LEXIS 46683, *14 (E.D.N.Y. 2022) (noting that one available remedy for the violation of Rule 16 is adjournment of a trial).

Relatedly, the government had an obligation make timely and complete *Brady* disclosures. It failed to do so. *Brady* information must be disclosed, "in a manner that gives the defendant a reasonable opportunity either to use the evidence in the trial or to use the information to obtain evidence for use in the trial. Thus, the government must make disclosures in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez,* 496 F. 3d 221, 226 (2d Cir. 2007). The government admits that the materials produced on the Ayries Blanck hard drive contains potential *Brady* material. Defense counsel does not have adequate time to review the hard drive to determine whether there is evidence that Defendants may want to present at trial and certainly do not have sufficient time to use the information to



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

obtain evidence for use at trial. To prevent an inevitable *Brady* violation that prejudices Defendants, this Court should grant a continuance of the trial date.

B.      Important Discovery Disputes Remain Unresolved.

Not only is there inadequate time to properly review the government's recent disclosures, important discovery issues remain outstanding. On November 26, 2024, the government advised that it was in possession of "2500 files identified on the search of a hard drive belonging to Ayries Blanck and produced to the government by Autymn Blanck." Undersigned counsel subsequently reached out by email to AUSA Jones of the filter team to discuss the material. AUSA Jones did not respond. As the government's Rule 502(d) motion acknowledged, the potentially privileged documents on this hard drive likely contains *Brady* material. To date, the government has not produced any of this material to the Defendants. Defendants cannot proceed to trial while 2500 files with potential *Brady* material remain concealed from the defense.

A review of just some of the 100,000 text messages belatedly produced on the Blanck hard drive paint a complex picture of the way that Ayries Blanck's allegations evolved after leaving OneTaste in January 2015. Just by way of example, she accuses Hamza Tayeb and Anthia Gillick, individuals the government claims as victims, of raping her. She singles out Tristan Harris as the only person who she voluntarily had sex with, contradicting her sworn statements in 2023.[1] These communications of which defense counsel has just scratched the surface require thoughtful consideration and *investigation*. These text messages are chock full of exculpatory and impeaching information that defense counsel may not be able to make use of given the untimely, and still incomplete, production of the Blanck hard drive. Defendants await the Court's determination of Defendant's pending request to order that the government produce a clone of the Blanck hard drive promptly. [ECF Dkt. No. 239] Given that the government improperly narrowed its production of the hard drive to a limited number of individuals and topics between January 1, 2013 and December 31, 2015, this will only increase the amount of relevant, potentially *Brady* material the defendants will have to review. Given the

---

[1]     As another example, the information provided on this drive proves that both Ayries and Autymn Blanck gave false testimony under oath in the civil proceedings. Both Blanck sisters claimed that the drive was left with Autymn in early 2015 and never accessed again until it was sent to Agent McGinnis in the post in April 2024. However, the Drive was full of information from throughout 2015 (at least), indicating that their sworn testimony cannot be accurate. The defense must be allowed to review the material the government has withheld from the Defendants.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

extensive amount of highly relevant information (including exculpatory information) from the Ayries' Drive that the government **did** produce, it is likely that the materials the government inexplicably did not turn over despite its clear relevance to the case will be similarly voluminous.

Additionally, there still appears to be a missing USB drive with discoverable information on it. On January 26, 2021, agent McGinnis gave Mitch Aidelbaum a UBS stick on which Aidelbaum placed two attorney-client privileged word documents. Despite the government's protestations that this did not happen, the government discovered the same documents both on the computer of FBI agents and in the case file of this case. But the government has still failed to produce the USB drive or alternatively an explanation and documentation for how the documents travelled from Mitch Aidelbaum to the computer systems of the FBI and United States Attorneys. Mitch Aidelbaum has been identified as a government witnesses. Defendants are entitled to the USB drive he swears that he provided to them.

C.      Relief

The Defendants seek a 120-day continuance so that defense counsel has an adequate and meaningful opportunity to review and consider the voluminous productions of material that have been made in the past month and even the past week. A continuance is also necessary to resolve the issues raised by Defendants' letter motion filed contemporaneous with this motion related to Ayries Blanck's journals. As set out in detail there, an evidentiary hearing is required to explore a pattern of governmental misconduct by agent McGinnis and others, and so this Court can consider whether Blanck's testimony should be barred altogether. Short of that, Defendants must be afforded the opportunity to challenge the veracity and authenticity of the "handwritten journals" in light of the government recent concession that the identical type-written versions were edited by multiple people long after 2015.

Lastly, this Court has not ruled on Defendants' request for an evidentiary hearing related to agent McGinnis's misconduct which has been detailed in Defendants' letter motion dated December 12, 2024 and which must be resolved given McGinnis's role in shaping the government's proposed evidence in this case. [ECF Dkt. No. 227] The government must also produce clones of *all* hard drives or USB drives given the prior failings by the government to make fulsome and timely disclosures. The mission of the United States Department of Justice is not "to win a case but [to see] that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935).  For that reason, the Supreme Court has recognized that, when the government engages in improper conduct during a



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

criminal investigation and prosecution, a criminal defendant at trial has a right to introduce evidence of that misconduct if it calls into question the "integrity" of the government. *See Kyles v. Whitley*, 514 U.S. 419, 449 n.19 (1995) (stating that various pieces of undisclosed evidence was relevant *Brady* evidence because it would have enabled the defendant to attack the "integrity" of the investigation, such as evidence undermining the "process by which the police gathered evidence and assembled the case") *See also, Orena v. United States,* 956 F. Supp. 1071, 1100 (E.D.N.Y. 1997) ("Destroying the bona fides of the police is a tactics that has never lost its place in the criminal defense reasonable doubt armamentarium.")

This Court should adjourn Defendants' trial in light of the overwhelming discovery that has been produced in the last month, much of which should have been produced six months ago. Moreover, several important discovery issues must be resolved before any trial can commence. Not only has the government delayed the disclosure of *Brady* material so as to render it useless but it continues to conceal important *Brady* material related to Ayries Blanck's journals and the hard drive that has only partially been produced to the defense and contains 2500 documents of withheld material. For the foregoing reasons, this Court should adjourn the trial until discovery is complete and all discovery disputes are resolved.

Respectfully Submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850
Jennifer@bonjeanlaw.com

/s/ARTHUR AIDALA
*One of the attorneys for Rachel Cherwitz*
Aidala, Bertuna & Kamins PC
545 Fifth Avenue, 6th Floor
New York, New York 10036
212-486-0011