

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

December 30, 2024

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *U.S. v. Cherwitz, et el.*, No. 23-cr-146 (DG)

Dear Judge Gujarati:

      Defendants file this letter motion seeking various forms of relief related to the government's handling of witness Ayries Blanck and its endorsement of fabricated evidence, namely Blanck's "journals" that are identified on the government's exhibit list and referenced in its Motion *In Limine*. Defendants have repeatedly asked this Court to conduct an evidentiary hearing to explore government misconduct committed by agent McGinnis. [ECF Dkt. Nos. 113 & 227] To date this Court has declined to do so. Defendants' motion filed on December 12, 2024, remains pending and Defendants respectfully request that this Court rule on that motion and the instant one. Defendants contend that after an appropriate and needed evidentiary hearing, this Court should dismiss the indictment against the Defendants pursuant to Fed. R. Crim. P. 12. This Court has the discretion to dismiss an indictment based on deliberate government misconduct that rises to the level of a due process violation. *United States v. Hogan,* 712 F. 2d 757, 761 (2d Cir. 1983). This Court also has the discretion to consider other forms of relief. But absent an evidentiary hearing, Defendants continue to be denied the opportunity to demonstrate ongoing violations under *Brady v. Maryland,* 373 U.S. 83 (1963) and *California v. Trombetta,* 467 U.S. 479, 485 (1984) that will ultimately deny Defendants a fair trial.

      As alternative relief, Defendants seek to bar the testimony of Ayries Blanck where she has fabricated evidence at the behest or knowledge of McGinnis and continues to make false statements to the government that she presumably will repeat from the witness stand – all with the endorsement of the government and in violation of Defendants' constitutional rights under *Giglio v. United States,* 405 U.S. 150 (1972) and *Napue v. Illinois,* 360 U.S. 264, 269 (1959)*.* If this Court refuses to grant any of the relief sought by the Defendants, it must at a very minimum give the Defendants the ability to meaningfully confront the evidence against them as required by the Confrontation Clause of the Sixth Amendment. Unless the government is willing to stipulate that the



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

handwritten journals were transcribed from the final edited type-written journals at some time after March 2023, Defendants renew their motion for an order to issue subpoenas under Rule 17 to obtain google history and meta data from Ayries Blanck and her sister Autymn Blanck. [ECF Dkt. No. 213 and 214] Defendants further move for an order allowing a forensic expert to examine the handwritten journal entries that Ayries alleges were written in 2015. Notably, Defendants brought a motion seeking this relief on December 2, 2024, but withdrew the motion after the government represented that the issues would be resolved after an in-person meet and confer and a field trip to FBI offices. Suffice it to say, the issues remain unresolved. The only thing of value that came from the FBI visit was the discovery of even more misconduct on the part of agent McGinnis, namely his use of his personal email account to communicate with Ayries Blanck - email communications that were not produced and are now apparently destroyed.

Defendants have been ringing this bell for long enough. The government has been provided with ample evidence showing that: (1) its lead agent engaged in serious and repeated misconduct intended to suppress exculpatory evidence; and (2) Blanck's alleged journals and testimony about the circumstances under which she wrote those journal entries are fabrications. The government knows or should know that presentation of Blanck's testimony would constitute a Due Process violation. Defendants should not have to sit idly by as the government violates their right to a fair trial. Defendants respectfully ask this Court to conduct an evidentiary hearing related to the government's misconduct in connection with Blanck, her journals, and the other matters raised in its letter motion dated December 12, 2024. [ECF Dkt. No. 227] Short of a hearing, Defendants seek appropriate discovery that has been suppressed so that they may challenge Blanck's testimony, her journals, and McGinnis's misconduct.

A.      Pertinent History

On September 13, 2023, the government made a Rule 16 disclosure of two PDF documents with type-written narratives that were described as "Journal entries regarding experiences at OneTaste maintained by Individual #10" Individual #10 is Ayries Blanck. The first PDF purported to be a set of a journal entries commencing on the date "January 15" ("Journal Set 1") [Exhibit A – Journal Set 1 (165920-165939) *filed under Seal*]. The second PDF purported to be a set of journal entries commencing on "February 24" ("Journal Set 2") [Exhibit B – Journal Set 2 (165940-165950) *filed under seal*] (collectively referred to as "Journal Sets") The government represented to defense counsel that the journal sets were written: (1) exclusively by Ayries Blanck; and (2) authored in 2015 after she left OneTaste. The government did *not* disclose that the type-



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

written journal sets were associated with any handwritten journals. By failing to produce any handwritten journals or even acknowledge their existence, the government left Defendants with the false understanding that none existed.

Thereafter, suspecting that the type-written journals were written by someone other than Ayries and prepared for the Netflix movie,[1] Defendants retained Dr. Robert Leonard, a forensic linguist, to determine whether the type-written journals were written exclusively by Ayries. Leonard was not provided with any handwritten journals as the government was concealing the handwritten journals from the defense.

On July 18, 2024, counsel for Ms. Cherwitz, Duncan Levin, sent the AUSAs in this case an email seeking the metadata for Journals Set 1 and 2. [Exhibit D – Email Communication from Duncan Levin to AUSAs (7/18/2024) *filed under seal*] Mr. Levin's communication also sought, *inter alia,* "the original journals or files" associated with the PDFs, any email communications which were received in connection with the journals, and the identity of the individual who sent the journals to the government.

On July 29, 2024, Mr. Levin followed up with the government again asking for the journal metadata, pointing out that Defendants may seek to have it analyzed. [*Id.*] On July 30, 2024, the government responded by sending two email communications showing that Ayries shared a document entitled "Journal Set 1" and "Journal Set 2" with Agent McGinnis on March 9, 2023, as a google document. [Exhibit E – Google Share: Ayries Blanck to Agent McGinnis (3/9/23)] The government did *not* produce a separate email communication from Blanck to McGinnis related to the journals that was sent to McGinnis's clandestine Gmail account at the same time she forwarded the type-written journals.

On July 30, 2024, the government produced 217 pages of documents identified as "Photocopies of physical journals provided by Individual #10 (Ayries Blanck)" (ONETASTE00256871-ONETASTE00257087" ("Handwritten Journals") [ECF No. 111, pg. 2] The government did not reveal when or how it received the handwritten journals, nor did it explain why they were produced nearly a year after the government's disclosure of the type-written journals. The belated disclosure was particularly troubling since the

---

[1] As pointed out in Defendants' letter dated December 2, 2024, Defendants were initially suspicious about the provenance of the document since a version of the type-written journals produced in the civil case reflected a heading, "Series One: Darkness" that was removed from the version provided to the Defendants by the government. Either Ayries or agent McGinnis removed the heading, but the defense has no way of knowing which one is responsible, because the government has not produced the actual document McGinnis received. [Ex. C – Type Written Journals produced in Civil Case *filed under seal*]

BONJEAN LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

vast majority of the handwritten journals (191 pages) constituted *Brady* material that contradicts Ayries' claims of coercion.

Critically, the handwritten journals were produced less than six weeks before the due date for filing Rule 16 expert disclosures. The government did not disclose that any of the journal entries (type-written and/or handwritten) were authored by numerous people long after 2015 and for a Netflix documentary.

On September 23, 2024, undersigned counsel wrote a lengthy letter to the AUSAs, concerning the authenticity of the journals. Defense counsel noted that numerous pages of the handwritten entries were virtually verbatim to the previously produced type-written version while other handwritten entries written around the same time were largely exculpatory.[2] Defense counsel also noted that the handwritten entries that mirrored the type-written versions appeared out of place, markedly different in style to the other entries in the journal and almost looked as if they were written by someone else. [Exhibit F - Handwritten journal entries that mirror the type-written versions; Exhibit G - Other Entries in the journal] Defense counsel reminded the government of its *Brady* obligations and urged it to show its own due diligence when examining the authenticity of these journals. After raising these concerns, defendants specifically asked that the government to produce the following:

1. Any information the government has obtained or sought to obtain regarding the authorship of the type or handwritten journals, including the participation of anyone involved in the production of the Netflix film in the creation of the Journals.
2. Any information you have developed regarding when the handwritten Journals were prepared and when the type-written excerpts were first created, and any edits made to those excerpts by whom and when.
3. All facts regarding the transmittal to the government of the type and handwritten versions of the Journals, including the source of the documents, and the dates and manner of their transmittal.
4. The government's reasons for not producing copies of the handwritten journals prior to July 30, 2024.
5. Whether the government is aware and, if so, when it became aware, that the pages bearing Bates numbers 257041 through 257066 were likely written collaboratively or by someone other than Ayries Blanck.
6. Any actions that the government has taken or intends to take in response to discovering that the pages bearing Bates numbers 257041 through 257066 were likely written collaboratively or by someone other than Ayries Blanck.
7. The government's reasons for producing the Journals under Rule 16 rather than *Brady* material.

---

[2] Journal entries during the same time-period do not corroborate Ayries' later claims of compelled sexual acts and are not particularly critical of OneTaste or the Defendants.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

8. Whether the government is in possession of the journal material that matches the 190 pages for the time period of January to March 2015 journal, and any explanation for why it has not been produced.
9. Any information the government has regarding the Label No. 2 and the January to March 2015 journal and the journal that was produced under.
10. Whether the government is still withholding any journals, handwritten or type.
11. Whether the government used any journals from Ayries Blanck with the grand jury in order to secure the indictment. [Exhibit H – Bonjean's 9/23/24 Letter to AUSA Re: Ayries Blanck. journals] [ECF No. 160-1]

The government responded by stating that it did not have an obligation to produce the requested material.

At no point did the government disclose that the type-written journals were written/edited by multiple people or had been highly edited before being sent to agent McGinnis on March 9, 2023. Instead, the government led the Defendants to believe that the type-written journals were simply transcribed from the handwritten journal entries which were passed off as the "original" journal entries – a compete fabrication. In its Motion *In Limine* filed on October 11, 2024, the government continued to represent that the type-written journal sets were authored in 2015, pointing out that the journals are admissible pursuant to Federal Rules of Evidence 803(1); 803(2); and 803(3) – all of which require some showing that they were written at or near the time of the occurrence described. The government even claimed that the type-written journals should be admitted under the residual hearsay exception since they had "a high degree of trustworthiness" having been written close in time to her experiences at OneTaste.

On September 26, 2024, defendants sought intervention from the court, noting that the government appeared to be avoiding their *Brady* obligations. The letter motion to the court stated the following:

> The material sought is immediately discoverable under Rule 16 and *Brady.* Defendants have the right to investigate the origins of these journals, who was responsible for writing them, and when they were authored. Defendants must be provided with complete discovery to prepare for trial, for consideration by potential experts, and to determine whether the government relied on fabricated evidence to obtain an indictment in this case. Accordingly, Defendants respectfully request that this Court order the government to produce the materials identified in the attached letter. [ECF Doc. No. 160 at 7-8]



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

This Court denied Defendants' letter motion on September 27, 2024.

On November 15, 2024, the government disclosed for the first time by way of an affidavit from FBI agent Daniel Schmidt (dated October 29, 2024) that it received the handwritten journals from Ayries Blanck's sister Autymn Blanck who claimed she was "storing" the handwritten journals for her sister. [ECF Doc. No. 203] The handwritten journals were sent to the government on April 15, 2024. Autymn testified under oath that agent McGinnis advised her to send him the handwritten journals to avoid producing them to OneTaste lawyers in the civil litigation.[3] McGinnis sought to prevent OneTaste (and Defendants) from learning about this *Brady* material much like he urged Ayries to delete her email account to prevent her communications from being produced to the defense [Exhibit I – Excerpt of Transcript from Autymn Blanck deposition]. To be clear, the government did not disclose or even acknowledge the existence of the handwritten journals until July 30, 2024, nearly a year after producing the type-written journals.

The government also concealed from the defense that it was in possession of a separate hard drive allegedly belonging to Ayries Blanck that her sister sent to agent McGinnis on April 15, 2024. Some material from that hard drive was produced to the defense on November 15, 2024, **eight months after the government received it.** The government concedes that it may contain *Brady* material. To this day, the entirety of that hard drive is still being concealed from the defense. Defense counsel has not even been afforded an opportunity to look at the original hard drive of information, claiming that it contains attorney-client privileged documents. This Court has refused to order the production of the entire hard drive contents even though there is no question that Ayries waived any attorney-client privilege she enjoyed in the materials when she gave the hard drive to her sister who then gave it to agent McGinnis. [ECF Dkt. No. 239]

Last month, undersigned counsel obtained a copy of a Declaration prepared by an expert retained by OneTaste counsel in the California civil case which showed that Defendants' concerns about the authenticity of the journals was well founded. The Declaration attached here as Exhibit J was prepared by Jason Frankovitz of Quandry Peak Research on October 11, 2024. Mr. Frankovitz was provided with access to Autymn Blanck's Google drive link that she shared with her sister Ayries for the purpose of reviewing the edit history of Ayries' type-written journals (produced as Journal Sets 1 and 2 here). He prepared two videos that reflects when and how Journal Sets 1 and 2

---

[3] Notably, the government has not produced any 302 memorializing this conversation, or any conversation, between agent McGinnis and Autymn Blanck about the transmittal of the journals.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

began and further reflects that Autymn Blanck, Ayries Blanck and film maker Sarah Gibson had editing privileges to the document.[4]

Frankovitz's forensic analysis showed that the type-written Journal Set 1 was created on May 4, 2022, and began as a series of thoughts, bullet points, and ideas. [Exhibit K, pg. 1] The document had 1893 words. It did not mention OneTaste, had no dates, and the writing looked nothing like a journal entry. This document then went through significant editing by either Ayries Blanck, Autymn Blanck, and a Netflix film maker Sarah Gibson as reflected in Exhibit B to Frankovitz's declaration attached as Exhibit J. In addition to Frankovitz's Declaration, Defendants have attached a collection of major revisions that Journal Set 1 underwent, starting with the document that was created on May 4, 2022, and ending with the document that was sent to McGinnis on March 9, 2023, which had 10,037 words. [Exhibit K] The embedded video shows that the editing of the document was being done on Autymn Blanck's Google drive and the final edited version was sent to Ayries Blanck before being sent to McGinnis on March 9, 2023.[5] [Ex. E] Inexplicably, the *final* edited document sent to McGinnis on March 9, 2023, is virtually identical to the hand-written entries that the government claims were written in 2015.

After the last court date, undersigned counsel was permitted to view the emails sent by Ayries Blanck to agent McGinnis on March 9, 2023. Blanck shared the document via her own Google drive with Agent McGinnis and metadata showed that he modified the document (or downloaded it) on March 10, 2023. A pdf file purporting to the be the type-written journals was not sent to the defense until six months later. As noted above, after Defendants specifically asked the government to produce the original document sent to McGinnis and corresponding meta-data, the government instead sent a pdf reflecting that Ayries Blanck shared the Journal Sets as Google documents to McGinnis's FBI address on March 9, 2023. [Exhibit E] However, while viewing the emails at the FBI offices, counsel noticed that Ayries had sent an email to McGinnis using a "Confidential

---

[4]    https://drive.google.com/drive/folders/127_rVMTy_fpM9SZPE8NWmQ5AJPOopGM5

[5]    During Ayries civil deposition in the case *OneTaste v. Ayries Blanck,* she testified that she was not aware that edits had been made to the journals and stated that she had not seen the journals for over 10 years. [Exhibit L – Excerpt from Ayries Blanck Dep. *filed under seal*] Ayries reiterated this statement to the AUSAs as recently as October 15, 2024. [Exhibit M – 302 interview with Blanck dated November 5, 2024 *filed under seal*] However, after the filing of Defendants' December 2, 2024 letter bringing these matters to the Court's attention, the government reinterviewed Ayries Blanck on December 4, 2024. During this interview, she claimed that she *did* edit the journals from her sister's Google Drive under her sister's name. [Exhibit N – 302 interview with Blanck on 12/2/2024 *filed under seal*],



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

mode" (which permits the sender to have the email self-destruct after a set period of time). [Exhibit P] The government admitted in an email sent the following day that Ayries Blanck "sent links to a Gmail address for SA McGinnis." McGinnis then forwarded the links to himself at his FBI address. [Exhibit Q – Email sent to Counsel by AUSAs] For the first time on December 11, 2024, the government produced pdfs reflecting that McGinnis received the journals at his FBI email address by forwarding them to himself. The message that was sent in Confidential Mode was not preserved or produced to the defense and is no longer accessible (contrary to FBI policy). Moreover, the defense has absolutely no idea what document was sent to McGinnis at his personal Gmail account. The government has the ability to produce the journals that McGinnis downloaded on March 10, 2024, with meta-data and *his* edit history. The government refuses to do so.

Undersigned counsels were *not* permitted to review the contents of Ayries' hard drive even though the government represented in court that counsel would have the opportunity to review the materials. The government has refused to provide a clone of the hard drive to the defense, claiming it won't or can't separate out this "privileged material," which is not privileged in any event. Furthermore, the government did not make Ayries' handwritten journals available to undersigned counsel.

B.     An Evidentiary Hearing Is Demanded.

This Court has an obligation to ensure that the government does not present fabricated evidence and perjured testimony to a jury. As the United States Supreme Court held long ago, "the deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice." *Mooney v. Holohan,* 294 U.S. 103, 112 (1935). *See also, Giglio,* 405 U.S. at 153; *Napue,* 350 U.S. at 269.

After repeatedly claiming that the type-written journals were prepared in 2015, the government now concedes that the type-written journals were edited by various people for a different purpose, a Netflix movie. However, the government continues to represent that Ayries' handwritten journal entries are the "original" entries, but this claim cannot be reconciled with the fact that the type-written journal entries that the governments now concedes was written as a group project and edited numerous times before being sent to McGinnis on March 9, 2023 is virtually identical to the handwritten entries that the government maintains was written in 2015. If Ayries' statements were true and her sister merely transcribed her journals in 2015, then the Google document



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

should have *started* with a verbatim account of the handwritten entries – not *ended* with it 10 months later.

Undersigned counsel has asked the AUSAs to explain how it is that a document that was created in May 2022 and went through hundreds of edits that resulted in final version in March 2023 happens to match a handwritten entry that was allegedly authored in 2015. The government can provide no explanation and neither can Ayries Blanck. There is no explanation other than the handwritten version was written *after* the final edited version, making the claim that it was written in 2015 a patently false one.

Ayries has demonstrated that she is prepared to give false testimony on this issue. At an October 1, 2024, deposition, which the government has listed as one of its proposed exhibits, Ayries said she first learned that Autymn had transcribed the journals "when I watched the Netflix documentary." Ayries also said "I don't remember what was in journals that I wrote ten years ago exactly." When asked when was the last time she looked at the journals she replied, "Probably before I gave them to my sister [in 2015]. Maybe not even then." In a statement to the government on October 15, 2024, Ayries confirmed this, the report noting, "BLANCK has not read her journals in over 10 years." However, after the defendants December 2, 2024, filing, the government interviewed Ayries again, her 15th of 18 interviews, on December 4, 2024, where for the first time Ayries admitted that in 2022, using her sister's google account, she "opened the type journals, read them, and made copies and edits to the typed versions of the journal for clarity." Blanck went on to say she did this, "to explain things in a way for people to understand." "Those people" were the 280 million Netflix subscribers who were the intended audience of the journals. Notably, Ayries Blanck was never admonished that making false statements to a federal agent is a crime.

Defense counsels' recent visit to FBI offices to inspect McGinnis's alleged email communications from Ayries Blanck on March 9, 2023, revealed more misconduct. First, the government cannot produce the type-written pdfs in their native form that were sent to McGinnis. His emails show that Blanck sent him two journals sets on March 9, 2023. Blanck gave McGinnis editing privileges to the second set of journals. McGinnis allegedly downloaded the documents the following day. But the "links" for those documents are no longer available, and the government cannot show what the documents looked like when McGinnis received them. The government contends that the documents were downloaded from the links as pdfs, but it has refused to produce the pdfs as they were first downloaded on McGinnis's computer with corresponding meta-data. If the government made such a production, defense counsel could review the journals in the form they were received and determine whether the documents were altered. Specifically,



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

defense counsel could discover whether the heading "Series One: Darkness" was removed by McGinnis or whether he received it without the heading.

Additionally, undersigned counsel discovered that when Ayries sent the journals to McGinnis, she also sent him a separate communication in "Confidential Mode" to a clandestine Gmail account. That communication was labeled "journals" and related to the journals she sent. That communication was not preserved and is no longer accessible according to the government. The government never produced evidence of this communication and defense counsel discovered it for the time during her December 4, 2024, meeting at the FBI offices. That McGinnis was using a clandestine Gmail account to communicate with Blanck, and perhaps other witnesses constitutes *Brady* evidence.

C.  **At the Very Least, Defendants Must Get Access to Ayries' Edit History/Meta-Data and the Handwritten Journals So that Their Experts Can Examine Them.**

As raised in Defendants' letter motion filed on December 2, 2024, Defendants must be granted the appropriate data and access to the handwritten journals so their expert can examine it. [ECF Dkt. No. 212 and 213] Defendants have acted with due diligence but still cannot present the necessary expert testimony without access to the data and the handwritten journals. Defendants have repeatedly requested this information and material dating back to July and the government has continued to maintain that it has no obligation to produce it. The Court denied Defendants' request for an order commanding the government to produce this *Brady* material. Once the Defendants learned through the Frankovitz report (last month) that the type-written journals were fabricated, the government conceded as much for the first time on December 4, 2024 (ECF Dkt. No 218). On the last court date, the government represented that this issue could be resolved by a simple review of McGinnis's communications at FBI offices. That meeting resolved nothing and just provided additional evidence of McGinnis's misconduct – which is getting national attention at this point in connection with another case.[6]

This motion is timely made where the government's story about the provenance of these handwritten journals, which were not even produced until six weeks before expert disclosures were due continues to be a moving target with the narrative changing from day to day. The government's recent in-court admission that the type-written version of the journals (which are identical to the handwritten entries) were edited by

---

[6]    https://www.newsweek.com/fbi-nxivm-crime-sex-cult-keith-raniere-2004375



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

multiple people stands in stark contrast to its representations to the defense over the past six months. Indeed, even as of the filing of their Motion *In Limine,* the government insisted that both the type written journal sets, and the handwritten journal entries were written in 2015 "close in time" to Blanck's experiences at OneTaste. The government's tune has now changed but it continues to take the untenable position that the handwritten versions are original without explaining why or how they could be identical to the type-written versions which *even* the government now concedes were edited and authored years later. If the government remains willfully blind to the fact that the handwritten journals were written *after* the type-written version in 2023, Defendants must be afforded the opportunity to present expert testimony to expose this truth. Defendants have retained an ink expert who can promptly conduct the necessary analysis with cooperation from the government.[7]

The government indicated in its Motion *In Limine* that it intends to present these journals as evidence corroborating Blanck's in-court testimony. Defendants have a fundamental Sixth Amendment right to confront the evidence the government intends to introduce against them. This includes the right to challenge Ayries' credibility along with her motives, bias, and interest. It certainly demands that Defendants have the tools with which to demonstrate that her "corroborating journals" are fabrications.

In addition to undermining Ayries' credibility, such impeachment would call not question the integrity of the government's investigation in this case. *See Kyles v. Whitley*, 514 U.S. 419, 449 n.19 (1995) (stating that various pieces of undisclosed evidence was relevant *Brady* evidence because it would have enabled the defendant to attack the "integrity" of the investigation, such as evidence undermining the "process by which the police gathered evidence and assembled the case") *See also, Orena v. United States,* 956 F. Supp. 1071, 1100 (E.D.N.Y. 1997) ("Destroying the bona fides of the police is a tactics that has never lost its place in the criminal defense reasonable doubt armamentarium.")

D.    Conclusion

As detailed above, an evidentiary hearing is necessary to resolve the various issues related to the Ayries Blanck's testimony, her journals, and the government's role in assisting her fabrication of evidence or turning a blind eye to it. An evidentiary hearing should also cover those subject matters raised in Defendants' motion filed on December

---

[7] Attached as Exhibit O is a letter from a forensic expert detailing the necessary time and testing he would require to render his opinion.



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

12, 2024, that remains pending before this Court. After a hearing this Court will be in a better position to decide whether dismissal is appropriate or whether Blanck's testimony should be barred. At the very least, Defendants must be afforded the right to discredit the evidence themselves through expert testimony. Defendants have been seeking this information from the government since mid-July with no cooperation. The government has been in possession of Ayries' handwritten journals and hard drive since April but did not produce the handwritten journals (which now appear on their exhibit list) until July 30, 2024, and November 15, 2024, respectively. These materials were clear *Brady* material that was specifically requested in July. The government repeatedly claims that it complied with its *Brady* obligations and had no obligation to provide anything beyond what was provided. Only *after* Defendants learned through an expert in the civil case that the type journals were created long after 2015 did the government admit as much. The government only made this concession *after* it was caught red-handed attempting to pass off fabricated evidence as authentic. Now the government has changed the issue and wants to focus only on the handwritten journal entries which mirror the type written versions and *are also fabricated*.

      If the government seeks to present false evidence from Ayries Blanck to the jury and this Court declines to bar the evidence, Defendants are entitled to rebut it through expert testimony from both an ink expert and meta-data expert who can opine on the date of origin of the hand-written journal and how the original document (the type-written document) came into existence and was then transcribed on paper – not the other way around.

Respectfully Submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850
Jennifer@bonjeanlaw.com

/s/ARTHUR AIDALA
*One of the attorneys for Rachel Cherwitz*
Aidala, Bertuna & Kamins PC
545 Fifth Avenue, 6th Floor
New York, New York 10036



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

212-486-0011