

BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

January 2, 2025

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *U.S. v. Cherwitz*, *et al.*, No. 23-CR-146 (DG)

Defendants move this Court to Order the government to identify the particulars of the alleged agreement(s) to commit forced labor that were entered into by Defendants Daedone and Cherwitz and/or other unindicted co-conspirators. The government has repeatedly reassured Defendants that with the production of § 3500 material, the evidence of an agreement between Defendants and each other or unindicted co-conspirators would become clear. Not so. Notwithstanding the government's production of over a terabyte of data, the disclosures do not put Defendants on sufficient notice of the most critical element of the offense of forced labor conspiracy, namely evidence of an explicit or implicit agreement to commit the offense of forced labor. Defendants should be directed to any 302s or other evidence that puts them on notice of when this agreement occurred, who entered into the agreement, and the circumstances under which the alleged agreements were made. The requested information is necessary to the preparation of Defendants' defense and to prevent unfair surprise at trial.

## Background

On April 3, 2023, Defendants were indicted on a single count of forced labor conspiracy. The indictment alleges that between 2006 and 2018, Defendants conspired to commit the offense of forced labor. The indictment did not provide any specifics concerning the alleged agreement, including who entered into the agreement and when the agreement was formed.

The government produced nearly 500K pages of paper in Rule 16 material which gave no inkling of when Defendants entered into this agreement, when they entered into this agreement and with whom they entered into this agreement. The government claimed that its 130-page Motion *In Limine* would provide better notice of the nature of its







BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

conspiracy case. It didn't. While the motion provided a lengthy narrative of the alleged forced labor scheme, it offered no insight into the alleged *agreement,* the gravamen of a conspiracy charge.

Starting on November 18, 2024, the government began tendering 3500 material to Defendants on a rolling basis. The tendered 3500 material was prodigious but still offered no insights into who Defendant Daedone entered into a forced labor conspiracy with in 2004 and what evidence exists of that agreement. Nor did it provide any notice of when Defendant Cherwitz entered into this agreement or how she entered into this agreement.

Significantly, Rob Kandell, an alleged unindicted co-conspirator according to the government, was interviewed by the government on December 19, 2024, for the first time. Kandell was the co-founder of OneTaste. During the interview, there is no suggestion by Kandell that that he conspired with Defendant Daedone to commit forced labor. Defendants are still left to wonder who the government contends that Defendant Daedone entered into an agreement to commit the offense of forced labor.

Trial in this matter is currently scheduled to begin January 13, 2025. Defendants now specifically request an Order requiring the government to point to the specific evidence *of an agreement* (as detailed below) so the defendants can prepare for trial, avoid unfair surprise, and protect against Double Jeopardy. Indeed, it is precisely the scope and volume of 3500 material that makes Defendants' requested identifications necessary.

**Argument**

After promising that its Motion *In Limine* and subsequent production of 3500 material would put Defendants on sufficient notice of the nature of its case against the Defendants, Defendants are left with nothing more than torrid tales of sexual activities that a select group of people seem to now regret. Critically, the discovery fails to provide *any* evidence related to Defendants alleged "meeting of the minds" to commit forced labor either with each other or unindicted co-conspirators. Defendants now seek an Order from this Court demanding the following disclosure or direction to any 302s that answer these questions:

(1) exact dates the defendants joined the alleged conspiracy

(2) whether the government has added to its list of unindicted conspirators.



BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com



(3) each individual with whom defendant had an agreement with respect to the conspiratorial goal;

(4) nature of the alleged agreement described in (3);

(5) whether the defendants' knowledge of the forced labor scheme was actual or constructive.

(5) how defendants knew of the forced labor scheme.

Defendants will suffer prejudice and undue surprise without some notice of this information which is simply not apparent from the government's monstrous discovery production.

Regardless of its statutory setting, every conspiracy has at least two elements: (1) an agreement (2) between two or more persons *United States v. Jimenez Recio*, 537 U.S.270, 274 (2003). Indeed, "[t]he essence of the crime of conspiracy ... is the *agreement* to commit one or more unlawful acts." *United States v. Praddy*, 725 F.3d 147, 153 (2d Cir.2013) (emphasis in original) (citation omitted); *see also Iannelli v. United States*, 420 U.S. 770, 777, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act."); *United States v. Falcone*, 311 U.S. 205, 210, 61 S.Ct. 204, 85 L.Ed. 128 (1940); *United States v. Beech–Nut Nutrition Corp*., 871 F.2d 1181, 1191 (2d Cir.1989) ("The gist of conspiracy is, of course, agreement."); *United States v. Rosenblatt*, 554 F.2d 36, 38 (2d Cir.1977). "Put differently, a conspiracy is the combination of minds for an unlawful purpose." *United States v. Ulbricht*, 31 F. Supp. 3d 540, 532 (S.D.N.Y. 2014) (quoting *Smith v. United States*, ––– U.S. ––––, 133 S.Ct. 714, 719, 184 L.Ed.2d 570 (2013) (internal quotation omitted).

A meeting of the minds is required in order for there to be an agreement. *Krulewitch v. United States,* 336 U.S. 440, 447–48, 69 S.Ct. 716, 93 L.Ed. 790 (1949) (Jackson, J. concurring); *Rosenblatt,* 554 F.2d at 38. "Two people have to engage in the 'act of agreeing' in order for this requirement to be met. *Ulbricht*, 31 F.Supp. 3d at 532 (citing *Rosenblatt,* 554 F.2d at 38). Necessarily, "the conspirators must agree to the object, or unlawful end, of the conspiracy." *Id.*

To be convicted of a conspiracy, a defendant must know what the "object" of the conspiracy he joined was. A "general agreement to engage in unspecified criminal conduct is insufficient to identify the essential nature of the conspiratorial plan."



BONJEAN
LAW GROUP, PLLC

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com



*Rosenblatt,* 554 F.2d at 39. The government must prove that the defendant agreed to commit a *particular offense* and not merely a vague agreement to do something wrong." *United States v. Salameh,* 152 F.3d 88, 151 (2d Cir.1998) (citation and internal quotation marks omitted) (emphasis in original).

There is no clear rule in the Second Circuit as to when a bill of particulars for unindicted co-conspirators should be granted, the question is generally whether the information is necessary to prepare a defense and avoid surprise. *United States v. Messina,* 2012 U.S. Dist. LEXIS 17700, *28-29 (E.D.N.Y. 2012). *See also, United States v. Parlato,* 2017 U.S. Dist. LEXIS 107302, *37-38 (W.D.N.Y. 2017). In deciding whether Defendants are entitled to notice of unindicted co-conspirators, the dates of the co-conspirators joined and left the conspiracy, and the manner and means of the conspiracy, this Circuit has considered the following six factors:

> (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government has otherwise provided adequate notice of the particulars; (4) the volume of pre-trial discovery; (5) the potential danger to co-conspirators; and (6) the potential harm to the government's investigation. *Messina,* 2012 U.S. Dist. LEXIS 17700, *30. *Parlato,* 2017 U.S. Dist. LEXIS 107302, *38.

The six factors identified above weigh in favor of an Order requiring the government to make the requested disclosures to prevent a trial by ambush.

First, it is unclear who the government contends are co-conspirators. The government previously identified eleven (11) unindicted co-conspirators referenced in their Motion *In Limine*. But the government has not suggested that those unindicted co-conspirators are an exclusive list, and the discovery is devoid of potential evidence concerning the particulars of the alleged agreement(s) to commit forced labor on the part of *any* co-conspirators. The government has identified at least 13 co-conspirators including the Defendants without particulars of when or how they entered into this agreement.

Second, the duration and breadth of the conspiracy is considerable. The government opines that the conspiracy was 14 years in length and essentially covered the entire span of time that OneTaste existed. The government clearly intends to put OneTaste on trial, suggesting that the customers or employees of OneTaste can be bucketed into two categories, namely victims or co-conspirators, but the government is unwilling to provide any particulars about who entered into this forced labor agreement


BONJEAN
LAW GROUP, PLLC


303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

to commit forced labor and when. While it is true that the § 3500 material reflects that some individuals who worked at OneTaste later held negative views of the company or came to believe that the Defendants behaved in ways that made them feel badly, the discovery offers no insights into what evidence constitutes the gravamen of a conspiracy offense, namely the *agreement* itself.

Third, the government has not provided adequate notice specifically on the essence of the conspiracy offense, namely the *agreement* that Defendants allegedly entered into with each other or one or more of the unindicted co-conspirators. Notably, Defendant Cherwitz did not become associated with OneTaste or Ms. Daedone until 2008. Thus, the government's theory necessarily must be that Defendant Daedone entered into an agreement to commit forced labor with an unindicted co-conspirator in 2004 (according to its Motion *In Limine*) or 2006 (according to the indictment), and that Defendant Cherwitz joined the conspiracy at a later date. Of the unindicted co-conspirators, there is only one person who Defendant Daedone *could* have entered into an agreement with in 2004, namely the co-founder of OneTaste, Rob Kandell. However, the discovery is devoid of any evidence that suggests that Ms. Daedone and Mr. Kandell entered into an *agreement,* explicit or implicit, to commit forced labor at any point during their partnership.

Fourth, the volume of discovery is extraordinary. The government has produced close to two terabytes of data. The § 3500 material alone constates roughly 2000 files consisting of 302s or handwritten notes. But this document dump, as prodigious as it may be, fails to shed light on the all-important question of when and who conspired to commit the forced labor offense. The government strategically charged a conspiracy, rather than forced labor, so that it could present a sweeping case about OneTaste and smuggle in excessive amounts of bad act evidence that has nothing to do with the gravamen of a conspiracy offense. But the evidence it has produced is silent as to this meeting of the minds that Defendants allegedly had with each other or co-conspirators to carry out acts of forced labor. If such evidence exists in the two terabytes of discovery the government has produced, it should point it out to avoid a trial by ambush.

Fifth, there is no suggestion that the alleged unindicted co-conspirators are in any danger. In fact, the government has already identified some (or all) of the co-conspirators, and it simply has failed to present any evidence that elucidates when or how Defendants entered into an agreement to commit forced labor with each other or these unindicted co-conspirators during the course of this lengthy and sprawling conspiracy.

Sixth, the government's investigation will not be harmed if the particulars sought





303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

by the Defendants are provided. The government previously identified eleven (11) unindicted co-conspirators, and their investigation has not been harmed in any way. In sum, all of the factors weigh in favor of disclosure of particulars specifically concerning evidence of the alleged *agreement(s)* Defendants entered into which is the essence of a conspiracy offense.

In this complex sprawling case, spanning well over a decade, it is effectively impossible for Defendants to adequately prepare a defense without an understanding of the essence of the case, that is, the agreement to carry out forced labor. Defendants' request for the government to identify certain evidentiary details prior to trial, including names, conduct, and dates and times of that conduct, is necessary given the sheer volume of 3500 material tendered and the approximately two weeks that the defense has to review, analyze, and prepare its defense for the trial in this matter, which is currently scheduled to begin January 13, 2025.

Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/ARTHUR L. AIDALA
*One of the attorneys for Rachel Cherwitz*
Aidala, Bertuna & Kamins PC
545 Fifth Avenue, 6th Floor
New York, New York 10036
212-486-0011