

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

January 3, 2025

**VIA ELECTRONIC FILING**
Hon. Joseph A. Marutollo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *U.S. v. Cherwitz*, *et al.*, No. 23-CR-146 (DG)

Dear Judge Marutollo:

Defendants write to reiterate their position on three issues raised at the last conference before this Court and to memorialize certain objections to the proposed jury selection procedure.

**First**, Defendants supplement their objection to the government's proposed *voir dire* question filed on December 20, 2024 [ECF Dkt. No. 236] As undersigned counsel previously noted, Judge Gujarati has provisionally barred the government from presenting expert testimony from a so-called "coercive control" expert. The term "coercive control" has no accepted definition even amongst social science experts. By asking this Court to question potential jurors about this ambiguous concept, the government simply seeks to indoctrinate the jury to its novel theory of the case. *See United States v. Pirk,* 2018 U.S. Dist. 27918, *13 (W.D.N.Y. 2018) (noting the function of the voir dire is not counsel prospective jurors on a party's theory of the case, but rather to screen individuals who are unable to sit in a fair and impartial manner)

The one-count indictment in this case has charged force labor conspiracy which requires the government to prove that the defendants entered into an agreement to obtain labor or services of a person by means of serious harm or serious threats of harm. 18 U.S.C. § 1589. The statute defines "serious harm" as any harm (*e.g.,* physical, psychological, financial) that is sufficiently serious to compel a reasonable person of the same background and in the same circumstances to perform a labor or service to avoid incurring that harm. This case is not a paradigmatic forced labor case as it does not involve force, threats of force, or physical restraint. Rather, the government opines that the Defendants conspired to obtain labor from educated, grown women who were free to



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

come and go as they pleased, by means of so-called "coercive control tactics" such as "manipulation" or "shunning." When provisionally denying the government's motion to present a "coercive control" expert, the District Court observed that it is for a jury to decide whether the Defendants conspired to engage in threats of harm sufficient to compel someone to provide labor or service to avoid incurring that harm and that the average juror possesses sufficient experience and knowledge about such concepts as manipulation or shunning to decide the issue without the benefit of a "coercive control" expert. The government now wants to end run that ruling and asks this Court to *voir dire* the jury on this ill-defined concept to legitimize its novel "serious harm" theory. This Court should deny the request. The term "coercive control" finds no definition in the law. In fact, it finds no universal definition in the social sciences and apparently can range from "manipulation" to "gaslighting" to "love bombing" or "shunning." There will be no "expert" to describe this undefined concept, nor should there be. Your average teenage girl has the same expertise in these concepts as does the government's proposed expert. The government's sole purpose in asking this Court to question the jury about a concept that has no universal definition is attempt to influence and educate the jury about its theory of the case, an improper purpose.

**Second**, Defendants move this Court to question the potential jurors about their experience and opinions about organizations referred to as "cults." To be clear, Defendants reject any characterization of OneTaste as a "cult" but expect the government to characterize OneTaste as a cult or to portray it as an organization of fanatics with extreme and dangerous views about sexuality. If the government had the benefit of an anti-cult statute, Defendants would be charged pursuant to it. Because there is no such thing, the government has creatively charged forced labor conspiracy but nonetheless intends to advance a narrative that OneTaste was a "sex cult." Indeed, all of the media reporting about OneTaste which provided the government with its playbook characterizes OneTaste as a "sex cult." Numerous government witnesses consider OneTaste a "sex cult" although not all of these people consider it a pernicious one. Regardless, this is a highly-charged issue that cannot be avoided during the trial. Defendants must be afforded the opportunity to *voir dire* potential jurors about their attitude toward "cults."

**Third**, Defendants move to strike for cause all prospective jurors who have seen the Netflix film "Orgasmic Meditation: The Story of OneTaste." The movie advances scandalous and false narratives and features some of the very witnesses who are expected to testify at this trial. Any potential juror who has watched this inflammatory movie



303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

cannot be expected to keep an open mind, not merely because of the prejudicial and negative portrayal of OneTaste by Netflix but also because they will have already heard and presumably judged the prior unsworn statements of individuals who will now testify.

Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

/s/ARTHUR L. AIDALA
*One of the attorneys for Rachel Cherwitz*
Aidala, Bertuna & Kamins PC
545 Fifth Avenue, 6th Floor
New York, New York 10036
212-486-0011