

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

March 14, 2025

**VIA ELECTRONIC FILING**
Hon. Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *U.S. v. Cherwitz, et al.*, No. 23-CR-146 (DG)

Dear Judge Gujarati:

  Unfortunately, undersigned counsel is forced to write again to supplement Defendants' motion for reconsideration of the Court's ruling denying Defendants' discovery motion for a cloned copy of the Ayries Blanck hard drive and for leave to inspect the hard drive. Counsel for Ms. Cherwitz join this supplemental letter.

  As argued in Defendants' reconsideration motion filed on March 4, 2024 [ECF Dkt. No. 288], Ms. Blanck had no privacy interest in the hard drive which was *not* provided to her sister for "safekeeping." In light of the government's recent disclosure that Blanck made repeated false statements about the authenticity of her journals and its concession that it no longer stands by the authenticity of the journals, Blanck's claims about why she gave the hard drive to her sister can be given zero weight. Moreover, as the sealed exhibit reflects, Autymn, through her civil counsel, gave McGinnis express consent to search the hard drive. It was McGinnis who created search terms for the hard drive that were limited in time to avoid the period during which Blanck fabricated the journals for Netflix,[1] thus again demonstrating an independent need for the hard drive.

  But there is more. Additional evidence came to light yesterday that agent McGinnis was in possession of the hard drive for over two months *prior* to charging it into evidence. Indeed, his email communications with Ayries Blanck's civil attorney reflects that he

---

[1] As the government now concedes and as reflected in their letter filed on March 12, 2025. Blanck did not disclose even the existence of any journals until after the airing of the Netflix documentary. As Defendants have claimed all along, the Blanck sisters have admitted that they collaboratively created typed written fake journals with input from Netflix filmmaker Sarah Gibson and that the handwritten versions were written *after* the group writing project.

1

303 Van Brunt Street, 1st Floor
Brooklyn, New York 11231

53 W Jackson Blvd, Suite 315
Chicago, Illinois 60604

Tel: 718.875.1850
Fax: 718.230.0582

www.bonjeanlaw.com

accessed the hard drive prior to putting it into evidence and *prior* to a clone being made of the hard drive as required by FBI protocols. That McGinnis, and McGinnis alone, had the hard drive in his possession for a protracted period of time and actually accessed the data on the hard drive prior to charging it into evidence for analysis by a CART team lends strong support to Defendants' theory that he may have scrubbed it of exculpatory evidence and was responsible for devising the pretextual search warrant scheme *after* he reviewed the materials to prevent the defense from obtaining exculpatory evidence. Given the inexplicable delay in inventorying the hard drive and McGinnis's pattern of obstruction in this case, Defendants must be afforded a hearing to explore these reasonable inferences.

Autymn Blanck sent agent McGinnis the journals and the hard drive by UPS on April 11, 2024. As the chain of custody logs reflect, McGinnis received the package on April 15, 2024. [Exs. A & B] Autymn testified under oath at a civil deposition that she sent McGinnis six to eight journals. [*See* ECF Dkt. 288-2 at pgs. 202-203] Troublingly, the government has produced only three journals to the defense. Inexplicably, McGinnis did not put the journals into evidence until May 21, 2024 – over a month after receiving them. [Ex. A] Even more concerning, McGinnis did not put the hard drive into evidence until June 26, 2024 – over two months after receiving it. [Ex. B] Email communications between McGinnis and Autymn's civil attorney Randy Lopez (filed separately under seal) reveal that McGinnis accessed the hard drive in May prior to it being placed into evidence and prior to a clone being made of it. [Ex. C – Email communication between McGinnis and Lopez filed under seal] Although the email suggests that McGinnis could not access the hard drive, he made efforts to do so. The CART team does not appear to have received the hard drive until August 27, 2024. The FBI did not seek the search warrant until October 29, 2024. And as this Court knows, the limited selection of materials from the hard drive was not produced to the defense until November 2024.

There is simply no innocent explanation for why McGinnis held on to this hard drive for over two months and admittedly attempted to access it. As McGinnis admits, he was in direct communication with Ayries. It seems clear that it was *McGinnis* who recommended that Blanck deny consent to search the entire hard drive and hatched the plan to create a Fourth Amendment construct so that the defense could not access the clearly relevant information on the hard drive - just like he directed Blanck to delete her email account, just like he directed Mitch Aidelbaum to upload stolen, attorney-client marked documents onto a thumb drive that has now disappeared, just like he told Blanck to communicate with him via a covert Gmail account, and just like he told Autymn to send



him the journals and the hard drive so that she would not have to produce them in civil discovery. Even more serious questions are implicated about whether McGinnis tinkered with the hard drive contents while it was in his possession for over two months. McGinnis is not new to claims like these. As recently reported in Newsweek Magazine, McGinnis is the subject of similar allegations that he tampered with photo meta data in the Raniere case.[2] Those similar allegations were supported by numerous expert reports from retired FBI agents.

There is a clear pattern that can no longer be ignored. From the start, McGinnis has actively interfered with the discovery process, obstructed justice, and attempted to cause a miscarriage of justice. These issues cry out for a hearing where McGinnis was the lead case agent in the case, and the government has represented that it will not call him as a witness at trial. Defendants are entitled to challenge the integrity of this investigation and must be afforded the opportunity to discover whether the lead agent engaged in the manipulation of evidence that prejudiced the Defendants.

Respectfully submitted,

/s/JENNIFER BONJEAN
*One of the attorneys for Nicole Daedone*
Bonjean Law Group, PLLC
303 Van Brunt Street, 1st Floor
Brooklyn, NY 11231
718-875-1850

---

[2] https://www.newsweek.com/fbi-nxivm-crime-sex-cult-keith-raniere-2004375#slideshow/861278. The more detailed allegations can be found in the filings on the docket in *United States v. Raniere*, 18 CR 204 (NGG)