# Exhibit A

## LAW OFFICES OF
## Aidala, Bertuna & Kamins, P.C.

ARTHUR L. AIDALA*
MARIANNE E. BERTUNA*
HON. BARRY KAMINS (RET.)
HON. JOHN M. LEVENTHAL (RET.)
HON. DAVID L. LEWIS (RET.)
JOHN S. ESPOSITO*
MICHAEL T. JACCARINO
IMRAN H. ANSARI
DIANA FABI SAMSON**
DAVID M. SCHWARTZ+
ANDREA M. ARRIGO*
MICHAEL F. DIBENEDETTO*
LINO J. DE MASI
ROSARIO BONA
GIOVANNI ORLANDO CONTI

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN CONNECTICUT
+ALSO ADMITTED IN D.C.

546 FIFTH AVENUE
NEW YORK, NY 10036
TELEPHONE: (212) 486-0011
FACSIMILE: (917) 261-4832
WWW.AIDALALAW.COM

8118 - 13TH AVENUE
BROOKLYN, NEW YORK
11228 TEL: (718) 238-9898
FAX: (718) 921-3292

OF COUNSEL
JOSEPH A. BARATTA
ANTOINETTE LANTERI
WILLIAM R. SANTO
PETER S. THOMAS
LAWRENCE SPASOJEVICH
SIGURD SORENSON

SENIOR COUNSEL
LOUIS R. AIDALA
JOSEPH P. BARATTA

December 23, 2024

**VIA EMAIL**: sjlucas@fbi.gov

Spencer J. Lucas
Associate Division Counsel
FBI New York
26 Federal Plaza
New York, NY 10278

**Re:** *United States v. Rachel Cherwitz and Nicole Daedone*, 23 CR 146 (E.D.N.Y)

Dear Mr. Lucas,

      Pursuant to 28 C.F.R. § 16.21 *et. seq.* and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and on behalf of our clients, Nicole Daedone and Rachel Cherwitz, who are charged in the above-captioned case pending before Judge Diane Gujarati in the United States District Court for the Eastern District of New York, we write to request the oral testimony at trial of the lead case agent, FBI Special Agent Elliot McGinnis (hereafter "SA McGinnis"). This letter is provided in furtherance of our request that SA McGinnis be made available to testify as a defense witness in the trial of this matter, scheduled to begin on January 13, 2025. A copy of the indictment is enclosed herein.

      The United States Attorney's Office has previously produced to us, as Defendants' legal representatives, discovery indicating SA McGinnis's extensive involvement in the investigation leading to the instant charges. But the United States does not intend to call SA McGinnis as a witness at trial. (ECF No. 197; ECF No. 199.) Refusal to call the lead investigator raises concerns about the presentation of evidence in this trial.

      SA McGinnis has interviewed numerous witnesses, obtained and reviewed voluminous documents, and has become a critical fact witness in this case. His firsthand knowledge of those interviews, observations of witness demeanor, and the manner and means of his investigation are critical facts that must be presented at trial.

      SA McGinnis' testimony is critical to the defense for several reasons:

      First, SA McGinnis is the only witness who will be able to discredit the testimony of key

prosecution witnesses. For example, we expect that the prosecution's most important witness, Ayries Blanck ("Ms. Black"), will testify that her handwritten journals (a critical piece of documentary evidence in this case) were authored by her in 2015. SA McGinnis will be able to testify about the various versions of those same journals that he received from both Ms. Blanck and her sister, Autymn Blanck, with whom he also had extensive communication. Ms. Blanck and her sister sent multiple versions of these journals to SA McGinnis over the course of this investigation, including granting him access to edit electronic versions of the journals. SA McGinnis is the only witness who can speak to the multiple versions of the journals, when and how he received them and what he did with them – testimony that will be critical to the Defense's theory that the journal was not written in 2015, but rather many years after the events in question took place. As far as counsel is aware, based on all the discovery seen to date and representations from the prosecutors responsible for this case, no other case agent has similar knowledge regarding the multiple versions of Ms. Blanck's journals. SA McGinnis's testimony is the only way the defense will be able to demonstrate to the jury that multiple versions of the same document existed at different times and that extensive edits were made to the documents by multiple authors. This is precisely the type of testimony case agents provide in a criminal case and is testimony that will not be available to the defendants without SA McGinnis' testimony. The example above is but one example of the type of witness-discrediting testimony the defense believes SA McGinnis will be able to provide.

In addition, SA McGinnis interviewed dozens, if not more, of witnesses who will testify for the government – some multiple times. We expect to confront these witnesses with statements these witnesses made to SA McGinnis which we expect to be inconsistent with their testimony at trial. There is no other witness, besides SA McGinnis, who will be able to testify to these inconsistent statements.

Furthermore, as has already been the subject of pretrial litigation and numerous media reports, the Defense intends to demonstrate at trial that much of the anticipated government witness testimony from former OneTaste employees was the product of SA McGinnis and others' improper influence. Specifically, Defendants contend that SA McGinnis' investigation lacks essential integrity which is relevant at trial. To be sure, he has engaged in several fundamentally unsound tactics, including instructing witnesses to destroy evidence and conceal materials from civil courts; mishandling and concealing privileged marked materials; submitting misleading sworn statements to the court; interfering with lawful civil action discovery; manipulating witness statements and documentary evidence and cherry-picking alleged "victims" through an organized effort to recruit as witnesses, out of the tens of thousands of attendees at OneTaste events, the exceedingly few individuals who only now maintain that they were unsatisfied with the outcome of their OneTaste experience. (*See, e.g.*, ECF No. 96; ECF No. 98; ECF No. 105.)

This information is not available from any other source because SA McGinnis has first-hand knowledge of relevant factual information not available to other potential witnesses. Defense counsel intends to question SA McGinnis on these topic areas:

1. Discussions with former OneTaste employees and other government witnesses—including information regarding how he was introduced to the witnesses, mode and manner of communications, promises or other consideration given to the likely government witnesses,

2

    etc.;
2. Interactions and communications with witnesses Ms. Blanck and her sister, including when and how he came into possession of Ms. Blanck's journals, and the nature and extent of his alterations of the journals;
3. Interactions and communications with third parties about this case, including media outlets and Netflix.
4. Review of OneTaste company records, witness-produced documents, and witness interviews.
5. Discussions and communications regarding government-sponsored victim assistance services.
6. FBI policies and procedures regarding investigation integrity, communications with victims/witnesses, and evidence handling/logging/disclosure.

We have reviewed the considerations set forth in 28 C.F.R. § 16.26(b) and do not believe SA McGinnis's testimony will violate any statute or regulation, reveal classified information or information relating to any confidential source, or reveal investigatory records or trade secrets. His testimony is "both relevant and essential to the presentation of [this] case on the merits, and that need for disclosure outweighs" the need for secrecy or any other potential privilege. *See Miller v. Mehltretter*, 478 F. Supp. 2d 415, 242 (W.D.N.Y. 2007) (internal quotations and citations omitted).

Counsel for Defendants' address and contact information is as follows:

BONJEAN LAW GROUP, PLLC
Jennifer Bonjean
Ashley Cohen
303 Van Brunt Street, 1st Fl.
Brooklyn, New York 11231
(718) 875-1850
jennifer@bonjeanlaw.com
*Counsel for Defendant Nicole Daedone*


AIDALA, BERTUNA & KAMINS, P.C.
Arthur L. Aidala
Imran H. Ansari
Michael Jaccarino
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011
arthur@aidalalaw.com
iansari@aidalalaw.com
jaccarino@aidalalaw.com
*Counsel for Defendant Rachel Cherwitz*

Counsel for the United States Attorney's Office, i.e. opposing counsel, is as follows:

Gillian Kasner
Kayla C. Bensing
Devon Lash
Nina C. Gupta
United States Attorney's Office
271 Cadman Plaza E
Brooklyn, NY 11201
(718) 254-6279
gillian.kasner@usdoj.gov
kayla.bensing@usdoj.gov
devon.lash@usdoj.gov
nina.gupta@usdoj.gov

     We intend to provide a subpoena for SA McGinnis' presence on January 13, 2025, the date jury selection is to begin, and ongoing, subject to call. This date is of course not the date SA McGinnis will testify and is subject to change based on the trial schedule, length of the government's case, and commencement of the defense case. We will inform you of the date certain on which we seek to have SA McGinnis produced for testimony once trial commences. It is respectfully requested that SA McGinnis or one of his representatives reach out to undersigned counsel for further scheduling purposes.

     If you have any questions, please do not hesitate to contact me or my office.

     Sincerely,

     _/S/ Imran H. Ansari_____
     Imran H. Ansari

Encl.: Indictment
cc: All current counsel of record

4