

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KTF/KCB/NCG/SMF  *271 Cadman Plaza East*
F. #2018R01401  *Brooklyn, New York 11201*

April 14, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Cherwitz, et al.
           Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      The government respectfully submits this reply in support of its motion to preclude the defendants Rachel Cherwitz and Nicole Daedone from calling Special Agent Elliot McGinnis of the Federal Bureau of Investigation ("FBI") as a witness at trial to testify about topics that are irrelevant to the jury's determination of whether the defendants conspired to commit forced labor. See ECF Dkt. No. 313. As discussed in the government's motion, the proffered topics for testimony in the defendants' letter pursuant to United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) ("Touhy") are inadmissible, irrelevant, constitute a thinly veiled attempt to attack a law enforcement agent, and seek to improperly put the government's investigation on trial. The defendants' requests should be denied.

      First, the defendants' opposition to the government's motion, ECF Dkt. No. 314 (hereinafter, "Def. Opp."), entirely fails to explain how any of the six topics in the defendants' Touhy request, see ECF Dkt. No. 313-1 ("Ex. A"), would elicit admissible and relevant evidence. Nor could they. The proffered topics in the defendants' Touhy request largely relate to areas that the Court has already deemed irrelevant to the issues to be decided at this trial—in which the only question is whether the defendants conspired to obtain labor and services of others through a variety of unlawful tactics. For example, this Court has already deemed irrelevant any discussion of Ayries Blanck's journals at trial, which is Topic 2 in the defendants' Touhy request. See April 9, 2025 Proceeding.[1] Likewise, this Court has already noted that

---

[1] The government has not yet received the transcript from the Court proceeding on April 9, 2025. Any references to that proceeding herein are based on the government's notes.

allegations regarding collusion between the government and media outlets, including Netflix and Bloomberg, are not relevant. See April 9, 2025 Proceeding; Nov. 15, 2024 Tr. of Proc. at 83 ("The Court will not permit anything along the lines of a claim that the Government colluded with the media in bringing this case. Among other reasons, that would not be relevant to the issues that the jury will have to decide."). Topic 3 ("[i]nteractions and communications with third parties about this case, including media outlets and Netflix"), therefore, is also not relevant to the issues to be decided. And as discussed in the government's motion, many of the other topics, including Topics 1, 3, 4, and 5, would likely elicit hearsay, see Ex. A, and the defendant's opposition fails to identify any permissible hearsay exceptions.

Second, the defendants argue that they should be permitted to call Special Agent McGinnis to present the theory that "he was motivated to frame the defendants." Def. Opp. at 2. As an initial matter, any such allegation is entirely speculative. Additionally, as the Court has already recognized, the motivations behind the government's investigation are not relevant. See April 9, 2025 Proceeding. To support their proposition, the defendants cite a series of cases in which defense attorneys argued that a key piece of evidence in the case—a gun—was planted on or near the defendant by law enforcement. See Def. Opp. at 2 n.2. All the cases are inapposite[2]; this case does not rest on any single piece of evidence or one witness. Indeed, the defendants have cited to no piece of evidence—or government witness—to whom the defendants' theories are even relevant. See Fed. R. Evid. 402. The defendants cite to the agent's purported "failure to properly log evidence that ultimately was established as fabricated, his similar delay in logging other key evidence, his direction to a witness to delete her email account, the removal of a cinematic title on fabricated evidence, [and] his failure to investigate false claims," Def. Opp. at 2, but each of these pertain to Ayries Blanck's journals, hard drive, or email accounts, none of which will be admitted at trial (and Ayries Blanck will not even be called to testify). The cases cited by the defendants pertained to claims of planting a gun in a case where the gun was admitted at trial. That is not this case.

The only other specific topics identified by the defendants pertain to prior arguments that have been squarely rejected by this Court and the Second Circuit. See id. (raising, again, "[Special Agent McGinnis'] direction to a witness to delete her email account"); id. (raising use of "stolen privileged material"); Sept. 27, 2024 Tr. of Proc. at 26 ("[I]t is clear to the Court on the record before it that the agent did not direct the individual at issue to destroy her emails. What he actually said to her, and the inquiry from her that he was responding to, in context, paint a very different picture than the one defendants paint. Those communications are

---

[2] Additionally, many of the cases do not even address cross-examination of a law enforcement witness on the theory that evidence was planted. In Nappi v. Yelich, 793 F.3d 246, 250, 252 (2d Cir. 2015), a cross-examination of the defendant's wife was at issue, and in United States v. Reindeau, 947 F.2d 32, 36 (2d Cir. 1991), the Second Circuit found that an expert witness's cross-examination was improperly limited when the defendant could not challenge the expert's conclusions.

in the record."); In re Cherwitz, No. 25-553, Dkt. No. 41 (2d Cir. April 10, 2025) (denying petitioners' petition for writ of mandamus related to purportedly privileged documents).

The defendants have repeatedly shown that their sole reason for calling Special Agent McGinnis at trial is to accuse him of misconduct. See Def. Opp. at 1-2 ("As made plain by its prior submissions related to McGinnis's misconduct, the defense expects that one of its key theories at trial will be that McGinnis pressured witnesses to change their stories and tampered with evidence to frame the defendants, for the purpose of securing high-profile convictions."). But settled and binding Second Circuit case law makes clear that the defendants cannot call a law enforcement witness regarding his motive. See, e.g., United States v. Reyes, 18 F.3d 65, 71 (2d Cir. 1994) (investigating agent's state of mind during the investigation is irrelevant to the issue of the defendant's guilt); United States v. Demosthene, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004), aff'd, 173 F. App'x 899 (2d Cir. 2006) (ruling that the defendant could not cross-examine law enforcement witnesses on their state of mind during the investigation because such issues were irrelevant). The defendants will have the opportunity to cross-examine the government's witnesses about their interactions with government personnel, including the FBI, to the extent relevant to impeach the government witnesses' credibility. But it is well settled that the defendants cannot permissibly call Special Agent McGinnis "as a hostile witness for the sole purpose of impeaching him." United States v. Shandorf, 20 F. App'x 50, 53 (2d Cir. 2001); see also United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) (issues of government misconduct should be directed to the court rather than the jury).

Third, by attempting to call Special Agent McGinnis, the defendants plainly seek to improperly put the government on trial. The defendants argue that "the issue here is not the adequacy of the investigation." Def. Opp. at 4. But that is precisely what the defendants are challenging. Indeed, Topic 6 in their Touhy request relates to "FBI policies and procedures regarding investigation integrity." Ex. A (emphasis added). And in numerous filings and in court, they have repeatedly challenged the integrity of the government's investigation and have attacked Special Agent McGinnis specifically. See, e.g., ECF Dkt. No. 300 (requesting a hearing based on purported misconduct by Special Agent McGinnis); ECF Dkt. No. 313-2 ("Ex. B") ("we reiterate that SA McGinnis has been involved in many unsound tactics that occurred during the investigation and tainted the indictment in this case."); see also April 9, 2025 Proceeding. This is precisely the type of testimony that courts routinely exclude. See, e.g., United States v. Chang, No. 18-CR-00681 (NGG) (CLP), 2024 U.S. Dist. LEXIS 133562, at *8 (E.D.N.Y. July 28, 2024) ("Should the Defense attempt to challenge the adequacy of the Government's investigation through Government or law enforcement witnesses, it will be precluded from doing so."); Demosthene, 334 F. Supp. at 380 (the defendant "may not argue before the jury issues relating to the overall propriety of the Government's investigation"); see also States v. Robbins, 197 F.3d 829, 845 (7th Cir. 1999) (affirming trial judge's refusal to have the "trial . . . become a trial of the investigation," holding that the district court properly excluded under Rule 403 a line of cross-examination by the defendant of a DEA agent where the defendant intended to impugn the thoroughness of the investigation to demonstrate that people other than the defendant were responsible for the crime); United States v. McVeigh, 153 F.3d 1166, 1192 (10th Cir. 1998), cert. denied, 526 U.S. 1007 (1999) ("Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's

3

investigation."). Allowing such testimony would not only be improper in light of the only specifics proffered by the defendants being irrelevant to the trial evidence or simply inaccurate (as outlined above), but any probative value would in any event be substantially outweighed by the danger of confusing the issues, misleading the jury—particularly as to legal issues already decided by the Court, such as the defendants' privilege arguments—undue delay, and wasting time. Fed. R. Evid. 403.

<u>Finally</u>, as to any prior inconsistent statements, as discussed in the government's motion, if the defendants identify prior statements from government witnesses that are in fact inconsistent and the witnesses have been afforded an opportunity to deny or explain the same, the parties can revisit whether any FBI agent's testimony would be necessary.

Accordingly, for the reasons set forth herein and in the government's motion, the Court should preclude the testimony of Special Agent McGinnis on the proffered topics.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By: /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

Cc: Clerk of Court (via ECF)
Defense counsel (via ECF and email)

4