

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KTF/KCB/NCG/SF
F. #2018R01041

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 22, 2025

By Hand and ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: United States v. Daedone and Cherwitz
       Criminal Docket No. 23-146 (DG)(RML)

Dear Judge Levy:

  The government writes in advance of the upcoming evidentiary hearing on April 29, 2025, regarding violations of the governing protective order in this case, which Your Honor entered on November 15, 2024 (the "Protective Order"). The genesis of the hearing is a letter sent to the government from an individual named Ezra Landes, who represented that he was an attorney for OneTaste, Inc. ("OneTaste"), containing a variety of threats against witnesses, prosecutors, and the Federal Bureau of Investigation (the "FBI") that liberally quoted from protected, sensitive discovery materials that were provided to him in violation of the Protective Order. The government writes to provide background, identify the relevant issues, and request that the Court order (1) the appearance of Ezra Landes and two other lawyers for OneTaste, Inc., at the upcoming hearing, and (2) the defense to produce all signed copies of the Protective Order to the Court and government in advance of the hearing.

  I. Background

  In fewer than two weeks, the defendants will stand trial on a charge of forced labor conspiracy pursuant to 18 U.S.C. § 1594(b) for running a purported sexual wellness company called OneTaste on the unpaid or significantly underpaid labor, including sexual labor, of vulnerable young women. From 2006 through approximately 2018, OneTaste offered, among other things, hands-on classes in which participants would massage women's genitals, which defendant Daedone branded as "Orgasmic Meditation" or "OM." And although not publicly advertised, OneTaste also offered instructional videos, demonstrations, courses, and events related to massaging male genitals, prostate massages, oral sex, and BDSM sexual activities. The government expects to establish at trial that Daedone and Cherwitz conspired to employ a variety of abusive tactics to coerce a group of OneTaste participants to provide labor, including sexual acts, for wealthy prospective clients, investors, and other OneTaste members for little or no pay to

raise OneTaste's valuation and provide tangible financial and reputational benefits to the company, Daedone, and Cherwitz.

   a.  Violations of the First Protective Order

After the defendants were indicted for the conduct described above, the parties agreed to a protective order in June 2023, see ECF Dkt. No. 21, and the district court entered the order on June 26, 2023, see ECF Dkt. No. 26. The government produced discovery to the defendants pursuant to the protective order. On August 15, 2024, the government wrote to inform the district court that employees and counsel of OneTaste improperly used discovery materials that the government disclosed to the defendants pursuant to the Protective Order and to threaten legal or retaliatory action against numerous potential witnesses in this case. See ECF Dkt. No. 119; see also ECF Dkt. No. 131 (defense response), ECF Dkt. No. 136 (gov't reply).

   b.  November 15, 2024 Conference Addressing Those Violations

The district court referred the matter to Your Honor. See Aug. 27, 2024 minute entry. Your Honor held a conference on November 11, 2024, during which counsel for defendant Daedone requested that nine additional lawyers who purportedly represent OneTaste, including Ezra Landes (see Tr. at 8:11) be permitted to access discovery materials. The government "strongly object[ed]," and laid out for the Court "some of the improprieties that were conducted by some of the attorneys who are on this list," including using improperly accessed materials to threaten civil lawsuits against trial witnesses and paying a purported member of the media $20,000 a month to write slam pieces on witnesses and members of the government's team. Nov. 11, 2024 Transcript ("Tr.") at 8:19-24, see Tr. 8-9, 27. Your Honor recognized that "the Government's concern seems to be with leakage; if we have this large group of people here, we won't know who is going out there intimidating people and how that happened and who leaked the information." Tr. 23:24-25:2.

Counsel for Daedone represented that she could not be prepared for trial without the assistance of two OneTaste attorneys, Kevin Williams and Rachel Caine. Tr. 35:24-36:1, 24-25. The conference concluded with the government agreeing, and the Court endorsing, that the defense could include those two individuals—but only those two—on the Protective Order. Tr. 41:14-17; 42:14-17. Your Honor then gave an unequivocal warning, which counsel for Daedone acknowledged:

> THE COURT: The Court has a real concern about many of the concerns, but one concern is certainly that no one should be allowed to intimidate witnesses or do anything that is unethical. At the same time, there has to be a right of the defense to be able to consult with those who have knowledge in order to prepare a defense.
>
> So, I think that balancing those two, we've established that those two individuals can definitely have access to those materials. They're considered part of the defense staff.
>
> Without making any findings as to what happened in the past -- the Court hasn't held a hearing -- **the Court will say that it is certainly not permitted to intimidate witness, to either individually speak**

2

> **to any witnesses or to send others to speak to witnesses, or to intimidate them either directly or indirectly.**
>
> **And if the Court finds out that's happening, the Court will take very, very serious action and it would jeopardize the legal careers of those individuals as well.**
>
> . . .
>
> The Court is making no finding either way, but **the Court is very serious about the consequences if there is intimidation or harassment.**
>
> MS. BONJEAN: We understand, your Honor, and we take that seriously too.

Tr. 42:8-43:1, 11-15 (emphasis added).

The Court thereafter entered the Protective Order on the docket. The Protective Order provides, in relevant part,

> 2. Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Materials, may be used by the Defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed by Defense Counsel, as well as Kevin Williams, Rachel Caine, and expert witnesses, investigators and interpreters retained by Defense Counsel, each of whom must sign and agree to be bound by the terms of this Protective Order) only for the purposes of defending against the criminal charges in the above-captioned case.
>
> . . .
>
> 5. The Defendants may review Materials specifically identified by the government as sensitive material (the "Sensitive Material") only in the presence of Defense Counsel or Defense Staff. The Defendants are prohibited from having possession, custody or control of the Sensitive Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Material.
>
> 6. The Defendants, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

3

ECF Dkt. No. 207-1.  Therefore, only Defense Counsel and Defense Staff are permitted to possess Sensitive Material.  The defendants can only review such material in the presence of counsel and are not permitted to possess such material; nor is anyone else.

      c.   Recent Attempts to Intimidate Prosecutors and Witnesses Through New Protective Order Violations

On April 2, 2025, Ezra Landes—who, as clearly established at the November 11, 2024 hearing, is not authorized under the terms of the November 2024 Protective Order to receive or use protected materials—emailed a lengthy, stream-of-consciousness letter to a supervisor at the E.D.N.Y. U.S. Attorney's Office (the "Landes Letter").[1]  See ECF Dkt. No. 317, 318.[2]  Mr. Landes identified himself as an attorney of record for OneTaste in a civil case, OneTaste Inc. v. Netflix, Inc., et al, Los Angeles Superior Court Case No. 23SCTV27119; California Court of Appeals Case Nos. B339113 and B342250.[3]  Although purporting to offer "help," the Landes Letter instead makes a series of bizarre threats towards witnesses, as well as the prosecutors and FBI agents working on this case.  The Landes Letter extensively quotes reports and other materials produced to defense counsel of record in this case designated as Sensitive Material pursuant to the Protective Order.  The government did not provide these materials to anyone else, and they are otherwise securely stored on the government's servers.  Counsel of record in the criminal case have indicated that they are unaware how Mr. Landes received or reviewed the Sensitive material, and that they did not provide the materials to him.  See ECF Dkt. No. 320 at 2.  However, defense counsel does not deny a Protective Order violation occurred.  See id.

II.    The Upcoming Hearing

The Court was prescient in identifying during the November conference that "if we have this large group of people here, we won't know who is going out there intimidating people and how that happened and who leaked the information," and giving certain limited OneTaste personnel access to protected materials "is certainly not permitted to intimidate witness[es] . . . [a]nd if the Court finds out that's happening, the Court will take very, very serious action."  Tr. 23:24-25:2; 42:8-43:1, 11-15.  Now, precisely such a leak has happened.  The protected materials were used not only to make threats against witnesses, but the undersigned prosecutors and the FBI.  It is imperative that such egregious violations—particularly following the Court's measured and professional approach to the original protective order violations—not be tolerated.

---

[1] Notably, Ezra Landes appears to be a client of OneTaste who has spent thousands of dollars on courses where, the evidence indicates, sexual acts like those the government intends to prove at trial occurred.

[2] Because the Landes Letter liberally references Sensitive Material, it is filed under seal and publicly filed with redactions.  The government will provide by hand to chambers an unsealed courtesy copy of any sealed documents referenced in this letter.

[3] Mr. Landes has practiced law before this court.  He has represented clients in this district as lead counsel.  See, e.g., Weaver v. Axis Surplus Insurance Company, 13-CV-7374-SJF-ARL (E.D.N.Y.).

4

At the upcoming hearing, consistent with the Court's clear admonitions at the November 11, 2024 hearing against any attempts to use the protected materials for "intimidation or harassment," the Court should determine who violated the Protective Order and issue an appropriate remedy. To streamline the hearing and ensure that the appropriate parties are present, the government respectfully requests the following:

First, that the Court order Mr. Landes to appear at the hearing, and order the defendants and OneTaste, which is a party to the Protective Order through its attorneys and agents Kevin Williams and Rachel Caine, to ensure Mr. Landes's appearance for testimony. He should be required to testify about how he obtained the protected materials. The Court should also order Mr. Williams and Ms. Caine's appearances and require their testimony if necessary.

Second, that the Court order the defense to turn over, in advance of the hearing, all signed copies of the Protective Order and provide a list of every person who has accessed the materials produced under the Protective Order (or its predecessor).

Once the facts of the violation are established at the hearing, potential appropriate remedies could include: (*i*) claw back of all materials produced in the above-captioned case to counsel for OneTaste, Inc.; (*ii*) further modification of the existing Protective Orders prohibiting disclosure to any attorneys representing OneTaste, Inc. or OneTaste, Inc. personnel, and potentially others; (*iii*) criminal contempt proceedings pursuant to Federal Rule of Criminal Procedure 42; and (*iv*) referral to the bar.[4] To be clear, the government is not pre-judging how the violation occurred or which remedies will be appropriate, but provides them here in advance of the hearing so the Court understands the potential remedies the government may seek. The government will be prepared to advocate for an appropriate remedy once the relevant facts are established at the hearing.

---

[4] In addition, the government may seek before the district court admission at trial of obstructive efforts as direct evidence of the defendants' consciousness of guilt, or pursuant to Federal Rule of Evidence 404(b).

III. <u>Conclusion</u>

Attempts to intimidate witnesses and prosecutors in advance of trial should never be tolerated, much less so in reliance on Sensitive Materials that were leaked in violation of a Protective Order. We respectfully request the Court order the relief requested herein in advance of the hearing.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000