

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AES:KTF/KCB/NCG/SMF
F. #2018R01401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 25, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: In re Petition of OneTaste, Inc.
     Miscellaneous Docket No. 24-2518 (DG) (RML)

     United States v. Cherwitz, et al.
     Criminal Docket No. 23-146 (DG) (RML)

Dear Judge Gujarati:

  The government respectfully submits this letter to request a stay of Magistrate Judge Robert M. Levy's April 24, 2025 order (the "Order") in In re Petition of OneTaste, Inc., Docket No. 24-MC-2518 (DG) (RML), granting in part petitioner OneTaste, Inc.'s ("OneTaste") motion to compel the return of property pursuant to Federal Rule of Criminal Procedure 41(g) to allow the government time to appeal a portion of that Order to Your Honor.

  Following entry of the Order, the criminal defendants filed a motion in the related criminal matter, United States v. Cherwitz, et. al., 23-CR-146 (DG) ("Cherwitz"), renewing their request for a Kastigar hearing. See 23-CR-146, ECF No. 341. Because the Court's denial of the defendants' prior request for the same relief relied on multiple grounds, including that the defendants do not have standing to assert privilege with respect to the purportedly privileged documents at issue in both cases, the Order does not impact the criminal case, and any request for a Kastigar hearing should be denied.

I. Factual Background of Rule 41(g) Proceeding

  On or about November 12, 2024, OneTaste filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) (the "OneTaste Petition"), ECF No. 13, seeking the return of (1) two Word documents provided by Individual-1 (the "Individual-1 Materials"), attached to the OneTaste Petition as Appendix A (which was filed ex parte and under seal); (2) photographs of iPhone screenshots provided by Individual-13 (the "Individual-13 Materials"), attached to the

OneTaste Petition as Appendix B (filed ex parte and under seal); and (3) various attorney billing invoices produced by Company-1 for which OneTaste seeks immediate return (the "Billing Materials") (collectively, the "Challenged Materials"). OneTaste also filed declarations as Appendices C and D that were provided only to the government's Filter Team.[1]

OneTaste claimed that the Challenged Materials are subject to attorney-client privilege. Pet. 15-16. In addition to return of the Challenged Materials, OneTaste also asked the Court for "proof of the destruction of all such materials wherever located, and meaningful sanctions." Pet. 3. The government opposed on several grounds, asserting that OneTaste had not demonstrated the Challenged Materials are privileged, and that even if they were, given the status of pending related litigation and the possibility of future litigation, the government should retain a copy of the Challenged Materials. ECF No. 17. The government further argued that sanctions were not warranted. Id. On December 20, 2024, OneTaste filed a reply in support of the OneTaste Petition under seal and ex parte. Attached to this submission were three additional declarations, marked as Appendices E, F, and G, also filed under seal and ex parte. On February 7, 2025, the government's Filter Team filed a motion to unseal OneTaste's reply, arguing that it largely addressed arguments contained in the prosecution team's opposition to the OneTaste Petition and that it requested sanctions against the prosecution team such that the prosecution team should be able to review the filing and respond. ECF No. 22. The government's prosecution team still does not have access to the OneTaste reply.

On March 26, 2025, the government also filed a motion to dismiss, arguing that the Court lacks jurisdiction over the OneTaste Petition because the attorney-client privilege is not "property" within the meaning of Rule 41(g). ECF No. 29.

On February 26, 2025, the Court referred this matter to Magistrate Judge Levy, who held a hearing on April 23, 2025. The next day, on April 24, 2025, Magistrate Judge Levy issued an order granting in part and denying in part the OneTaste Petition. The Order, which is copied in full below, made the following findings:

> ORDER granting in part and denying in part [13] Motion to Compel. Following lengthy oral argument and careful review of the parties' submissions with respect to the documents marked at a hearing held before me on 4/23/2025 as Filter Team 1, 2 and 3 (the "Documents"), Petitioner's Motion to Compel [13] is granted in part and denied in part as follows: (1) Petitioner has met its burden of establishing that the Documents, which are clearly marked as attorney-client privileged, are in fact privileged. (2) Based on the record before the Court, the Government has not met its burden of showing that the privilege has been waived. (3) Petitioner has not demonstrated that the Government's conduct is sanctionable. Accordingly, the Government is directed to return the Documents to Petitioner and to destroy any and all copies. Petitioner shall retain the Documents until the completion of all proceedings in this matter and in the related criminal case (23 CR 146).

---

[1] OneTaste previously filed a motion to compel on June 25, 2024, ECF No. 1, and then supplemented it in November 2024.

4/24/2025 Order. The government intends to appeal the Order to Your Honor. Among other things, the Order provided no rationale for Magistrate Judge Levy's findings, did not distinguish between the various Challenged Materials (at least a portion of which the parties agree is not privileged),[2] did not issue a ruling as to the Billing Materials, and did not address the government's argument that the Court lacks jurisdiction because the attorney-client privilege is not "property." See id.

II.   Relevant Background in Related Criminal Case

Separately, in the related criminal matter, Cherwitz, the defendants Daedone and Cherwitz previously filed motions to dismiss the Indictment, arguing that the government had allegedly used purportedly privileged documents, namely, the Individual-1 and Individual-13 Materials referenced in the ancillary Rule 41(g) proceeding. 23-CR-146, ECF No. 213, 262. The Court denied both motions, giving rise to a potential conflict between the Court's prior decisions and the Order.

As to the defendants' motion to dismiss the Indictment based on the government's possession of the Individual-13 Materials, notably, on September 27, 2024, the Court ruled that the criminal defendants had not established that the Individual-13 Materials were, in fact, a privileged communication. Sept. 27, 2024 Tr. 21-23. Further, the Court noted that the Individual-13 Materials did not constitute the document that the defendants asserted was provided to a law firm to facilitate its provision of legal advice, and, even if it was, the defendants had not established all the elements of the attorney-client privilege. Id. at 22-23. Additionally, the Court noted that the defendants lacked standing to raise any potential privilege, which, if it existed, belonged to OneTaste. Id. at 23-24. Finally, the Court found that even if the document was privileged and the defendants had the authority to assert privilege, they waived their right to do so by waiting seven months to raise their purported privilege claim. Id. at 25.

As to the defendants' motion to dismiss the Indictment based on the government's possession of the Individual-1 Materials, on February 26, 2025, the Court denied the motion to dismiss and, after incorporating its discussion of the law with respect to the Individual-13 Materials, including the "authority to assert privilege," noted that the defendants' arguments with respect to the Individual-1 Materials were "not persuasive based on the record before the Court." Feb. 26, 2025 Tr. at 10.

Following the Court's ruling on February 26, 2025, the defendant Cherwitz filed a petition for a writ of mandamus and a motion to stay the criminal trial in the U.S. Court of Appeals for the Second Circuit, requesting dismissal of the Indictment, or in the alternative, a Kastigar hearing. OneTaste filed a motion to intervene in the Second Circuit mandamus action. On April 10, 2025, the Second Circuit denied the petition, motion to stay, and OneTaste's

---

[2]   Specifically, Filter Team Exhibit 3 includes the entirety of the materials provided by Individual-1, which is 27 pages. Filter Team Exhibit 3 includes two pages that OneTaste agreed are not privileged.

3

motion to intervene. On April 21, 2025, the defendant Cherwitz filed a petition for certiorari in the U.S. Supreme Court. Trial is scheduled to commence on May 5, 2025.

III.    The Government's Request for a Stay of the Order and Denial of Defendants' Motion for a Kastigar Hearing

The government respectfully requests that the Court stay Magistrate Judge Levy's Order, including its direction that the government destroy all copies of the Challenged Materials, so that the government may appeal that Order to Your Honor. Notably, the Challenged Materials remain segregated from the prosecution team in Cherwitz and will not be used at trial.

The government also requests that the Court set a briefing schedule for the government's appeal of that portion of the Order granting in part the OneTaste Petition at a time convenient for the Court. Because Magistrate Judge Levy's Order relates to an ancillary Rule 41(g) proceeding involving a different party (OneTaste) that does not impact the trial scheduled in Cherwitz, the government respectfully submits that the briefing schedule can be set at any time, including after the criminal trial.

Finally, because the Court has already found that the defendants do not have standing to assert privilege with respect to the Individual-1 and Individual-13 Materials, the Order does not impact the criminal case, and the defendants' request for a Kastigar hearing should be denied.

IV.    Conclusion

For the reasons noted above, the government requests that the Court issue a stay of Magistrate Judge Levy's April 24, 2025 Order and set a briefing schedule for appeal of the Order. The government further requests that the Court deny defendants' renewed request for a Kastigar hearing.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000

4