

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| KCB/KTF/NCG/SMF<br>F. #2018R01401 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

May 6, 2025

By ECF to the Honorable Diane Gujarati

      Re:    United States v. Rachel Cherwitz, et al.
                  Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

        The government respectfully writes regarding the authentication of OneTaste employees' text message threads, which were produced by OneTaste in response to a grand jury subpoena (the "OneTaste Texts"). The government intends to offer several dozen at trial, principally as hearsay-excepted statements of the defendants or co-conspirators. See Fed. R. Evid. 801(d)(2). Pursuant to the Court's directive, see Nov. 15, 2024 Tr. at 99-100, the government has made repeated, well-documented attempts to resolve the issue of authenticity with the defense and OneTaste. But OneTaste has played gotcha with the identity of its records custodian in response to our trial subpoena,[1] and has also indicated that its records custodian will refuse to answer basic factual questions in front of the jury on the grounds of purported work-product privilege. The defense has declined to stipulate to the OneTaste Texts' authenticity, although they appear poised to rely on certain of the OneTaste Texts for their affirmative case.

        Shenanigans aside, the government intends to prove its case—including satisfying the low bar of authenticating the text messages—however necessary. See See Fed R. Evid. 901(a); United States v. Gagliardi, 506 F.3d 140, 151 (2d Cir. 2007). The government is thus in the process of compelling the testimony from nine hostile witnesses whose text messages OneTaste produced. We believe, however, that there are at least two alternative paths of authentication that will avoid the need for the government to call a long and needless parade of hostile witnesses. **First,** we respectfully renew our motion in limine, ECF Nos. 169, 170 at 114-118, that the Court hold that OneTaste's act of production in response to a grand jury subpoena sufficiently authenticates the OneTaste Texts such that the government may authenticate the documents through a competent witness from the U.S. Attorney's Office. See, e.g., United States v. Chang, No. 18-CR-00681 (NGG) (CLP), 2024 WL 3303717, at *6-7 (E.D.N.Y. July 3, 2024) (lawyers involved in subpoena production competent to authenticate documents although lacking personal knowledge of the records). **Second,** and in the alternative, the government respectfully requests that the Court order that OneTaste provide a competent document custodian to testify about (1) from whom the OneTaste Texts were collected; (2) the means by which the OneTaste Texts were collected; and (3) the dates on which the OneTaste Texts were collected, since such information is not protected by the

---

[1]     Prior to trial, OneTaste indicated that the appropriate records custodian for the OneTaste Texts was Eli Block. Last night, after several unanswered emails to counsel for OneTaste seeking confirmation that Mr. Block would be present to testify on Wednesday pursuant to the trial subpoena served on OneTaste, counsel for One Taste responded that Mr. Block was now represented by separate counsel. The government immediately reached out to the new attorney, who indicated they had not yet been retained and that it would likely take at least a day or two.

work product doctrine, and even if it were, the government has satisfied the burden to overcome the privilege.

As to the **first**, the government respectfully refers the Court to its prior motion in limine. See ECF Nos. 169, 170 at 114-118; see also, e.g., John Paul Mitchell Sys. v. Quality King Distributors, Inc., 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000) (finding "the act of production implicitly authenticated the documents").

As to the **second**, basic information regarding when and from whom produced materials were collected does not seek the substance of any communication; thus, work product protection does not apply. See In re Weatherford Int'l Sec. Litig., 2013 U.S. Dist. LEXIS 110928, at *13. "Such information is not subject to any work product protection because it goes to the underlying facts of what documents are responsive to . . . document request[s], rather than the thought processes of . . . counsel." FormFactor, Inc. v. Micro-Probe, Inc., No. C-10-03095 PJH (JCS), 2012 U.S. Dist. LEXIS 62233, at *18-20 (N.D. Cal. May 3, 2012); see also Upjohn Co. v. United States, 449 U.S. 383, 395-96 (1981). The party asserting the work product doctrine bears the burden of establishing facts to demonstrate applicability of the rule. In re Grand Jury Subpoena Dated Jan. 4, 1984, 750 F.2d 223, 224-25 (2d Cir. 1984). But OneTaste has provided no basis for believing that providing the requested information would reveal counsel's thought processes; nor has it moved before this Court despite being aware of the issue and its burden. The government has not, and will not, request information about OneTaste's bases for deciding which materials to produce as responsive to the subpoena; it will only elicit basic factual information for the sole purpose of authenticating documents—the sort of information routinely provided on a privilege log.

Finally, even if work product protections applied (and they do not), the government has shown substantial need and an inability to obtain the equivalent information without undue hardship sufficient to overcome the work product assertion. See Upjohn, 449 U.S. at 400. The government is required to authenticate the OneTaste Texts to introduce them at trial. The OneTaste Texts are powerful contemporaneous evidence of the conspiracy between the defendants and their manipulative tactics against the victims in this case. OneTaste's gamesmanship has turned what should be routine document-custodian testimony into an undue hardship. The government has already exhausted or is presently exhausting other means of authenticating the OneTaste Texts by engaging with OneTaste counsel, seeking a stipulation from the defendants, subpoenaing hostile witnesses, and moving on act-of-production grounds. The Court should order OneTaste to provide a competent custodian to testify about the requested information. See In re Grand Jury Subpoena, 510 F.3d at 188 (holding district court did not err in concluding that while certain recordings were fact work product, the government showed a substantial need for the information and could not obtain it through other means).

We respectfully request a prompt ruling so that we may appropriately plan the order of trial witnesses and seek immunity orders from Your Honor if necessary.

**The Defense Position**

This is another example of the government failing to address an issue in a timely manner before trial. Its delay in taking the necessary steps to meet its burden to authenticate its text message evidence is the reason it is in this situation—not the defense. The defense has concerns about the authenticity of the evidence that the government seeks to introduce, and thus it is not stipulating to that evidence. The government has otherwise failed to meet its burden of authenticity. See Fed. R. Evid. 901. The Court thus should deny this motion.

The government is seeking to authenticate certain text messages that it contends OneTaste collected from personal devices of individuals associated with OneTaste. Our understanding is that any such collection occurred as part of an internal investigation that the Company conducted, and that the Company has asserted attorney-client privilege and work-product protection over certain information related to that investigation.

In advance of trial scheduled for January 2025, the government did not seek a stipulation regarding authenticity of these text messages. Rather, it only sought a business records certification from OneTaste, seeking to have these text messages certified by the Company as business records pursuant to Federal Rule of Evidence 803(6), 902(11) and 902(13). Company counsel originally told the government in December 2024 that it could not certify the text messages as business records, because "these are not OneTaste business records." Email to Gov't dated Dec. 30, 2024.

On April 14, 2025, the defense moved the Court to exclude this text message evidence under Rule 803(6), as not meeting the standard for certified records. *See* Dkt. No. 321 at 12-14. The day after our motion, in a phone conversation on April 15, 2025, the government suddenly changed its position, claiming that it was no longer seeking to certify the text messages as business records (even though it had sent the company a draft certification under Federal Rules of Evidence 902(11) and 902(13)).

Instead, it said it was seeking a stipulation regarding authenticity, and the defense requested a proposed stipulation. Ten days later, on April 25, 2025, the government sent a draft stipulation with no specifically identified documents in the stipulation. In response, the defense asked for a list of documents to which the government asked the defense to stipulate. The defense further stated: "We would appreciate it if you could narrow the documents down to what you are planning to introduce so we don't have to go through thousands of documents. We are unlikely to stipulate as to the authenticity of text message chats because it is our understanding that OneTaste did not provide cell phones." Email to Gov't dated April 25, 2025.

The parties had a followup conversation on April 30, 2025, during which the government raised the stipulation again. In response, the defense asked the government to send the text messages that the government sought to certify, so that the defense could review them. The defendants conferred after Ms. Bonjean finished her other trial, and notified the government on May 4, 2025 that it would not stipulate to authenticity.

Meanwhile, on April 7, 2025, counsel for OneTaste told the government that its "request that OneTaste authenticate the information a[t] issue cannot be accommodated," because (1) they "are not OneTaste's business records"; (2) they were "collected as part of OneTaste's internal investigation at the request of counsel in anticipation of litigation"; and (3) the "identity of the specific individuals from whom the information was collected at the request of counsel and the manner of collection is protected by the work product privilege." OneTaste Email to Gov't. Company counsel stated: "As we have suggested since this matter was originally raised, we can think of nothing that would prevent the government from issuing a trial subpoena to the individuals or record custodians in possession of the original records the government seeks to introduce into evidence at trial. We urge you to timely do so. We apologize that we can be of no further assistance to you on this matter." *See id.* Company counsel originally told the

In response to this email, the government did not send trial subpoenas to anyone. Instead, it waited until the *day trial started* to start issuing subpoenas to these alleged custodians. At least four people that the government has subpoenaed have been designated as alleged co-conspirators. *See, e.g.*, Dkt. No. 169. And, they have subpoenaed them to authenticate their own statements at this trial, which the government apparently plans to introduce as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E) or otherwise as evidence of the conspiracy in which these individuals allegedly

3

participated. Not surprisingly, many of these individuals apparently have sought advice of counsel in response to the government subpoena.

The government has created this problem. The Company produced these text messages to the government from December 2022 to May 2024, so it has had them for years. Neither the Company nor the defendants ever stated that they would stipulate that these text messages are authentic and relieve the government of its burden. In fact, they said the opposite.

The government apparently did not realize its evidentiary problem until the eve of trial, erroneously believing that these text messages were business records. Once it realized its error, it could have issued subpoenas to attempt to properly authenticate this evidence, but it did not do so in a timely manner. Its self-created problem is not a basis to invade the attorney-client privilege and work-product protection. *See In re Grand Jury Subpoena Dated February 21*, 2023, 23-MC-715 (PKC), Dkt. No. 16 at 8-12 (rejecting similar argument government made to invade OneTaste's work-product privilege).

These text messages are not OneTaste documents. They are text messages from personal devices that the Company apparently collected. The defendants have no idea how these messages were stored on those personal devices before the Company collected them. The defendants do not know whether the data was inadvertently altered during collection or otherwise manipulated. Presumably, neither does the Company. Particularly in a case that has already involved fabricated evidence, the defense is not comfortable stipulating to authenticity under these circumstances.

Of course, if the participants in these messages testify at trial that the messages are authentic, then the government may be able to meet its burden. *See* Fed. R. Evid. 901(b)(1). Indeed, the defense expects that it will introduce text messages through government and defense witnesses in this manner. But the defense cannot agree to authenticity of messages for individuals who will not testify at this trial. And, the government has not met its burden to establish authenticity.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(718) 254-7000