Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Celia Cohen
Tel: 646.346.8002
Fax: 212.223.1942
cohenc@ballardspahr.com

Michael P. Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

May 12, 2025

*Via ECF*

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Nicole Daedone and Rachel Cherwitz, 23-CR-146

Dear Judge Gujarati:

The parties respectfully submit this joint letter regarding the defendants' motion *in limine* to introduce the complete text thread of a conversation between the defendant Rachel Cherwitz and the witness expected to testify tomorrow.

**Defense Motion**

The government intends to introduce six pages excerpted from a 35-page text thread between Ms. Cherwitz and the witness expected to testify tomorrow. *See* GX4518; DX 2BF. The excerpted portions are exculpatory. Among other things, they reflect Ms. Cherwitz (1) telling the witness that "[p]eople can ALWA[Y]S come and go" from the residence at 1080, *see* DX 2BF at 20; (2) the witness telling Ms. Cherwitz that the OM practice is beneficial to her, *see id.* at 3, 7-8; (3) the witness telling Ms. Cherwitz she has an outside job, *see id.* at 4, 19; (4) the witness and Ms. Cherwitz showing affection for each other, *see id.* at 1; (5) Ms. Cherwitz mentoring the witness, *see id.* at 9-11, 14; and (6) the witness contacting and seeing Ms. Cherwitz in a social setting after she left OneTaste, *see id.* at 33-34. This exculpatory material is admissible under the rule of completeness, to show the effect on listener (*i.e.*, the witnesses' positive statements to Ms. Cherwitz undermine any alleged intent to force her labor), and pursuant to Federal Rule of Evidence 803(3) to show Ms. Cherwitz's intent and the witnesses' state of mind.

Regarding the rule of completeness, that doctrine "under Rule 106 of the Federal Rules of Evidence provides that an omitted portion of a statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion. But

it does not require introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v Thiam*, 934 F3d 89, 96 (2d Cir 2019) (internal citations and quotations omitted). "An omitted statement that is otherwise hearsay may be properly introduced to correct a misleading impression or place in context that portion already admitted, which is a valid, nonhearsay purpose." *United States v. Williams*, 930 F.3d 44, 60 (2d Cir. 2019) (internal quotations omitted). The doctrine of completeness applies to a defendant's exculpatory statements where their exclusion would unfairly distort the meaning of the declarant's non-hearsay statements that are in evidence. *United States v Walia*, 2014 WL 3734522 *8 (E.D.N.Y. July 25, 2014) (internal quotations omitted).

The Court must consider fairness when assessing the context of the surrounding language which the Government seeks to introduce. *United States v. Donovan*, 577 F. Supp. 3d 107, 118 (E.D.N.Y. 2021). In *Donovan*, the Government sought to introduce excerpt of recorded phone calls made by the defendant while incarcerated. *Id*. The defendant objected to the use of snippets of conversation and requested additional portions of the call be introduced for context. *Id*. The Court ruled that the defendant "be permitted to argue to the jury that the seemingly incriminating statement has an alternate meaning based on the preceding sentence. In other words, the surrounding language 'in fairness ought to be considered at the same time' as the statement the Government seeks to introduce. *Id*. (quoting Fed. R. Evid. 106).

For the foregoing reasons, the Court should admit the full text thread.

**Government Response**

The Court should deny defendant Cherwitz's motion to admit the full text thread between her and the witness expected to testify tomorrow. The government previously moved in limine to exclude the defendants from offering their own statements, which are plainly hearsay. See ECF No. 169, 170 at 88. The Court noted at that time that the parties should consider whether any additional portions of defendants' statements are needed so that the admissible portions are "not out of context or misleading." Nov. 15, 2024 Tr. at 69.

First, the government's exhibit containing texts between Cherwitz and tomorrow's witness, GX 4819, are not out of context or misleading. The additional portions that the defendant seeks to introduce are not from the same date or even the day before; they are unnecessary to provide context for the portions that the government is seeking to admit.

Second, the government disagrees that the portions the defendant seeks to admit are in any way exculpatory. Whether someone was free to exit a residence, enjoyed the practice of OM, or had affection for the defendant is not exculpatory; indeed, many witnesses will and have testified that they enjoyed the practice of OM and loved the defendants. And as the government has previously argued, the government need not prove any victim was unable to leave; rather, the question is whether they were forced to provide labor. Likewise, that the

witness had other jobs outside of OneTaste does not change that she was not paid for any of the labor she performed while at OneTaste under serious harm or threats of serious harm. The defendant may cross-examine the witness regarding these topics to the extent they are relevant, but the defendant cannot be permitted to introduce an exhibit containing inadmissible hearsay.

Third, even if the defendants' statements were exculpatory, the law is clear that "the defendant's self serving, exculpatory statements are inadmissible hearsay, and [s]he cannot use this rule of completeness as 'a mechanism to bypass hearsay rules for any self-serving testimony.'" United States v. Black, No. 13-CR-316 DLI, 2014 WL 5783067, at *2 (E.D.N.Y. Nov. 5, 2014) (quoting in part United States v. Gonzalez, 399 Fed. App'x 641, 645 (2d Cir. 2010)); see also United States v. Hill, 658 F. App'x 600, 605 (2d Cir. 2016) (summary order) (affirming district court's parsing of a defendant's recorded statement to admit the discrete inculpatory statements and exclude the other self-serving statements that he was innocent); United States v. Johnson, 507 F.3d 793, 796–97 (2d Cir. 2007) (holding that the court properly bifurcated a defendant's post-arrest statement and precluded the defense from introducing a self-serving portion of the defendant's post-arrest statement). Accordingly, the doctrine of completeness "does not [] require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." United States v. Kopp, 562 F.3d 141, 144 (2d Cir. 2009). Here, none of the portions the defendant seeks to admit are in any way "explanatory of" or relevant to the admitted passages. See id.

The defendant's motion should be denied.

Respectfully submitted,

Celia Cohen

Michael P. Robotti