

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KCB/KTF/NCG/SMF
F. #2018R001401

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 5, 2025

By ECF

The Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Nicole Daedone
                Criminal Docket No. 23-146 (DG)

Dear Judge Gujarati:

      The government writes with respect to forfeiture in the above-captioned matter. See Indictment ¶¶ 13-14. In connection with this case, the government seized two specific assets from defendant Nicole Daedone: (1) a Fidelity bank account ending in -9265 and (2) a Fidelity bank account ending in -9298 (collectively, the "Seized Assets").

      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), because the government is seeking to forfeit specific property, "the [C]ourt must determine before the jury begins deliberating whether either party requests that the jury be retained to determine" the Seized Assets forfeitability "if [the jury] returns a guilty verdict." The government would consent to Your Honor determining the Seized Assets' forfeitability; however, counsel for defendant Nicole Daedone has not yet advised the government whether Ms. Daedone will seek a

jury determination with respect to the assets' forfeitability in the event of a conviction of either defendant.[1] See Fed. R. Crim. P. 32.2(b)(5).[2]

   Accordingly, enclosed for the Court's consideration are proposed jury instructions and a proposed special verdict form in the event that we must proceed to the forfeiture phase of the case.

              Respectfully submitted,

              JOSEPH NOCELLA, JR.
              United States Attorney

      By:  /s/
              Kayla C. Bensing
              Kaitlin T. Farrell
              Nina C. Gupta
              Sean M. Fern
              Assistant U.S. Attorneys
              (718) 254-6195

cc: Jennifer Bonjean, Esq. (counsel to defendant Nicole Daedone)
   Michael Robotti, Esq. and Celia Cohen, Esq. (counsel to defendant Rachel Cherwitz)

---

[1] Since this case charges a conspiracy and the seized funds are proceeds that arose from the sale of OneTaste, the government respectfully requests that the jury be asked to determine the nexus of the property to the crime with respect to both defendants. However, because the seized assets were never property of Ms. Cherwitz, she does not have standing to object or consent to the Court's determination of their forfeitability.

[2] The government reserves the right to seek a forfeiture money judgment from the Court for the full amount of proceeds from the charged crimes.

2