UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-　　　　　　　　　　　　　　　　　Docket No. 23-CR-146 (DG)

RACHEL CHERWITZ and
NICOLE DAEDONE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## GOVERNMENT'S REQUESTS TO CHARGE
## IN CRIMINAL FORFEITURE PROCEEDINGS

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Kayla C. Bensing
Kaitlin T. Farrell
Nina C. Gupta
Sean M. Fern
Assistant U.S. Attorneys
(Of Counsel)

## FORFEITURE REQUEST NO. 1

### Introduction

Ladies and gentlemen of the jury, I know you have labored long and hard, but in view of your verdict that the defendants RACHEL CHERWITZ and NICOLE DAEDONE are guilty of the offense charged in the Indictment, you have one more task to perform before you are discharged.  In a case of this nature, the Government has a right to seek forfeiture of certain property that is alleged to be related in certain ways to the offense of which you have found the defendants guilty.  Accordingly, you must render special verdicts concerning certain property that the government has alleged in the Indictment is subject to forfeiture to the United States.

In your consideration of the forfeiture allegations of the Indictment, you are instructed that your previous determination that the defendants are guilty of having committed the offense alleged in the Indictment is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of the defendants.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and your duty to deliberate, apply with respect to your verdicts regarding forfeiture.

AUTHORITY:    Adapted from the Criminal Forfeiture Jury Charge in United States v. Hernandez et al., 14-CR-264 (E.D.N.Y. Mar. 31, 2016) (Seybert, J.); United States v. Finazzo, 10-CR-457 (E.D.N.Y. April 29, 2013) (Mauskopf, J.); United States v. Brown and Goldenberg, 04-CR-159 (E.D.N.Y. Oct. 17, 2005) (Garaufis, J.).

FORFEITURE REQUEST NO. 2

General Provisions

Under Title 18, United States Code, Section 1594(d), any person who is convicted of the offense of Forced Labor Conspiracy of which you have found the defendants guilty, is required to forfeit to the United States any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of Forced Labor Conspiracy, or any property traceable to such property.

The purpose of these forfeiture laws is to ensure that no one profits from their criminal conduct.

AUTHORITY: 18 U.S.C. § 1594(d); Adapted from the Criminal Forfeiture Jury Charge in <u>United States v. Sabhnani et al.</u> (E.D.N.Y. Dec. 17, 2007) (Spatt, J.); <u>United States v. Ursery</u>, 518 U.S. 267, 291 (1996) (recognizing that forfeiture serves "nonpunitive goal of ensuring that persons do not profit from their illegal acts").

## FORFEITURE REQUEST NO. 3

### Definition of "Property" for Forfeiture

Property subject to forfeiture in connection with the offense charged may include a defendant's interest in tangible and intangible personal property, such as cash, bank accounts, real property, or an interest in a business, corporation or partnership.

Property may be subject to forfeiture whether or not the property has been seized by the United States.

AUTHORITY:   Criminal Forfeiture Jury Charge in United States v. Finazzo, 10-CR-457 (E.D.N.Y. Apr. 29, 2013) (Mauskopf, J.).

## FORFEITURE REQUEST NO. 4

### Proceeds Subject to Forfeiture

I instruct you that "proceeds" means property of any kind acquired as a result of the offense charged for which you have convicted the defendants, and any property traceable thereto.

To be subject to forfeiture, the proceeds need not have been received by the defendants directly from the forced labor but may have been received as part of their participation in a venture that engaged in forced labor. Further, the government is not required to prove that the property obtained by the defendants, or any part of it, still exists, or that it is in the defendants' possession at the time of trial. Rather, the government is only required to prove that the defendants obtained proceeds, and that those proceeds are derived from their violation.

AUTHORITY:   18 U.S.C. § 981(a)(2)(B); Criminal Forfeiture Jury Charge in United States v. Finazzo, 10-CR- 457 (E.D.N.Y. Apr. 29, 2013) (Mauskopf, J.).

FORFEITURE REQUEST NO. 5

Property Alleged To Be Subject To Forfeiture

In this case, the government alleges that the following property is subject to forfeiture, as constituting or being derived from, any proceeds obtained, directly or indirectly, from the offense of which you have convicted the defendants, or as property traceable to such property:

(a) approximately $782,359.00 from Fidelity account NBJ-019265, held in the name of NICOLE DAEDONE; and

(b) approximately $282,073.99 from Fidelity account NBJ-019298, held in the name of NICOLE DAEDONE.

AUTHORITY: Fed. R. Crim. P. 32.2(b)(5)(B) (jury to determine if property has requisite nexus to the crime of conviction).

FORFEITURE REQUEST NO. 6

Government's Burden of Proof Regarding Forfeiture

It is the government's burden to establish that the specifically identified property constitutes or is derived from the proceeds of the offense, or is traceable to proceeds from the offense. You should find that the government has met its burden if it has established the forfeitability of the property by a preponderance of the evidence. This is different from the standard that applied to the guilt or innocence of the defendants. At that stage of the case, the government was required to meet its burden beyond a reasonable doubt. At the forfeiture stage, however, the government need only establish the forfeitability of the property by a preponderance of the evidence, and not beyond a reasonable doubt.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence, and it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the weight of the evidence on an issue tips, however slightly, in favor of the government, then you must decide that issue in favor of the government. On the other hand, if you find that the weight of the evidence on an issue tips in favor of the defendants, or that the weight of evidence is evenly divided between the parties, then you must decide that issue in favor of the defendants. In other words, if the government proves to you

6

that it is more likely than not that its view of the evidence on any particular issue is the truth, then you must decide that issue in favor of the government. If the government does not make the proof tip in its favor, then you must decide that issue in favor of the defendants.

Again, the requirement of proof beyond a reasonable doubt, which I instructed you about in connection with the guilt phase of the case, does not apply during the forfeiture phase of the case, and you should put those instructions out of your mind.

| | |
|---|---|
| AUTHORITY: | Adapted from Criminal Forfeiture Jury Charge in <u>United States v. Hernandez et al.</u>, 14-CR-264 (E.D.N.Y Mar. 31, 2016) (Seybert, J.); <u>United States v. Dupree</u>, 10-CR-627 (S-2) (E.D.N.Y. Dec. 30, 2011) (Matsumoto, J.); <u>United States v. Elfgeeh</u>, CR 03 0133 (Sept. 21, 2005) (Johnson, J.). |

FORFEITURE REQUEST NO. 7

Third-Party Interests

I further instruct you that in reaching your decision on forfeiture, you should not be concerned about what might happen to any property that you find to be forfeitable. In this regard, you should not concern yourselves with any claims that any other persons or businesses -- whether family, friends, business associates, banks, or victims -- may have to the property. Those interests, if any, will be addressed at a later time.

AUTHORITY: Adapted from Criminal Forfeiture Jury Charges in United States v. Hernandez et al., 14-CR-264 (E.D.N.Y Mar. 31, 2016) (Seybert, J.), United States v. Brown and Goldenberg, 04-CR-159 (E.D.N.Y. Oct. 17, 2005) (Garaufis, J.), and United States v. Quinones, 06-CR-476 (E.D.N.Y. Nov. 13, 2008) (Block, J.). Fed. R. Crim. P. 32.2(c)(2)(A) ("The court must enter [a forfeiture] order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."); United States v. Dupree, 919 F. Supp. 2d 254, 262 (E.D.N.Y. 2013) ("The procedure by which third-parties may seek to recover an alleged interest in forfeited property is through a post-trial ancillary proceeding pursuant to 21 U.S.C. § 853(n).") (emphasis added); see also 21 U.S.C. § 853(n).

FORFEITURE REQUEST NO. 8

Excessiveness

Similarly, you are not to consider whether the forfeiture may be excessive or otherwise disproportionate to the crimes of which you have convicted the defendants. In this regard, you should not give consideration to whether any property of the defendants has already been seized. This matter is one entrusted solely to the Court and, if appropriate, will be addressed at a later time.

AUTHORITY: Adapted from Criminal Forfeiture Jury Charge in United States v. Hernandez et al., 14-CR-264 (E.D.N.Y Mar. 31, 2016) (Seybert, J.), United States v. Brown and Goldenberg, 04-CR-159 (E.D.N.Y. Oct. 17, 2005) (Garaufis, J.), and United States v. Quinones, 06-CR-476 (E.D.N.Y. Nov. 13, 2008) (Block, J.); 18 U.S.C. § 983(g)(4) ("If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.") (emphasis added); see also United States v. 32 Medley Lane, No. 3:01-CV-2290, 2005 WL 465421, at *1-2 (D. Conn. 2005), aff'd sub nom, Von Hofe v. United States, 492 F.3d 175 (2d Cir. 2007); United States v. Ownby, Jr., 926 F. Supp. 558 (W.D. Va. 1996) (finding that property used to "commit" and "promote" a child pornography offense was forfeitable and did not violate the Excessive Fines Clause of the Eighth Amendment.). United States v. Li, 615 F.3d 752 (7th Cir. 2010) (finding criminal forfeiture of defendant'fs home in a case charging harboring alien was not excessive punishment because the value of the home was not grossly disproportionate to gravity of his convictions).

FORFEITURE REQUEST NO. 9

Unanimous Verdict

Your verdict that specific property is subject to forfeiture must be unanimous; that is, everyone must agree that the evidence presented proves, by a preponderance of the evidence, that the property in question was proceeds derived from the Forced Labor Conspiracy, or constitutes property traceable thereto. Your decision must be unanimous with respect to each of the items listed on the special verdict form.

AUTHORITY: Adapted from Criminal Forfeiture Jury Charge in <u>United States v. Hernandez et al.</u>, 14-CR-264 (E.D.N.Y Mar. 31, 2016) (Seybert, J.) and <u>United States v. Brown and Goldenberg</u>, 04-CR-159 (E.D.N.Y. Oct. 17, 2005) (Garaufis, J.); Sand, Siffert, Loughlin & Reiss, 3 <u>Modern Federal Jury Instructions</u>, Criminal, Instruction 52-34 (1991).

FORFEITURE REQUEST NO. 10

Applicability of Previous Instructions

While deliberating, you may consider any evidence offered by the parties before or after your previous deliberations.  Further, with the one exception regarding burden of proof, about which I have already instructed you, all of the instructions previously given to you regarding your consideration of the evidence, the credibility of the witnesses, and your duty to deliberate together, continue to apply during your supplemental deliberations concerning forfeiture.

A Special Forfeiture Verdict Sheet has been prepared for your use. After you have answered all the questions, the foreperson must then sign and date the Special Forfeiture Verdict Sheet.

So I will hand the Clerk for delivery to you copies of the Special Forfeiture Verdict Sheet, and ask that you retire to the jury room and deliberate with respect to that Forfeiture Verdict Sheet

AUTHORITY:    Fed. R. Crim. P. 32.2(b)(1)(B) and (5); Adapted from Criminal Forfeiture Jury Charge in United States v. Hernandez et al., 14-CR-264 (E.D.N.Y Mar. 31, 2016) (Seybert, J.); United States v. Brown and Goldenberg, 04-CR-159 (E.D.N.Y. Oct. 17, 2005) (Garaufis, J.); and United States v. Capoccia, 503 F.3d 103, 109-10 (2d Cir. 2007).

## CONCLUSION

The Government respectfully requests that the Court include the foregoing instructions and attached special verdict sheet in its charge to the jury during the forfeiture phase of this trial.

Dated: Brooklyn, New York
June 5, 2025

                                        JOSEPH NOCELLA, JR.
                                      United States Attorney
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201

By:   /s/ Kayla C. Bensing
        Kayla C. Bensing
        Kaitlin T. Farrell
        Nina C. Gupta
        Sean M. Fern