# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  
Judicial Assistant: G. Mikaelian  
Courtroom Assistant: A. Pearson  

CSR: Alicia Desmond, CSR # 13037  
ERM: None  
Deputy Sheriff: None  

APPEARANCES:

For Plaintiff(s): Gabriella Orozco (Telephonic); Hunter Norton for Brian J. Panish (Telephonic)

For Defendant(s): Jennifer Bonjean (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Motion to Quash Defendant's Motion to Quash Plaintiff's Subpoenas to William Morris Endeavor Entertainment, LLC and Ernst & Young Capital Advisors, LLC; Hearing on Motion for Trial Preference; Trial Setting Conference; Hearing - Other Pro Hac Vice Renewal Fees On Jennifer Bonjean

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Alicia Desmond, CSR # 13037, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court issues a tentative ruling as follows:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*TENTATIVE RULING\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants William Cosby, Jr. and Jemmin, Inc. Motion to Quash Plaintiff Donna Motsinger's Subpoenas to William Morris Endeavor Entertainment, LLC and Ernst, & Young Capital Advisors is DENIED. Plaintiff's discovery requests "appear[] reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc. § 2017.010.)

REASONING

"Unless otherwise limited by order of the court in accordance with [the discovery statutes], any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action ... if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence…." (Code

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable H. Jay Ford III | CSR: Alicia Desmond, CSR # 13037 |
| Judicial Assistant: G. Mikaelian | ERM: None |
| Courtroom Assistant: A. Pearson | Deputy Sheriff: None |

---

Civ.Proc. § 2017, subd. (a)).) Defendants' reliance on the definition of "relevant evidence" under Evidence Code §210 to define what is "relevant to the subject matter involved in the pending action" for the purpose of discovery under CCP §2017(a) is mistaken. (Reply, p.3.)


It has long been recognized in California that "[f]or discovery purposes, information is relevant if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement." (Gonzalez v. Superior Court (1995) 33 Cal.App.4th 1539, 1546 (emphasis added).) "The first and most basic limitation on the scope of discovery is that the information sought must be relevant to the "subject matter" of the pending action…. The phrase 'subject matter' does not lend itself to precise definition. It is broader than relevancy to the issues (which determines admissibility of evidence at trial)…. For discovery purposes, information should be regarded as 'relevant' to the subject matter if it might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement." (Weil & Brown, Cal. Prac. Guide, Civ. Pro. Before Trial, (The Rutter Group), Ch. 8C-11. §8:66, (2025, emphasis in original); See also Cal. Judges Benchbook Civ. Proc. Discovery (Thompson Reuters) § 3.1 (2005) ("The concept of relevance in the discovery context is broader than evidence that is admissible at trial…. For purposes of discovery, information is relevant if it might assist a party in evaluating the case, preparing for trial, or reaching a settlement.)


In Volkswagen of America, Inc. v. Superior Court (2006) 139 Cal.App.4th 1481, also relied on by Defendants, the Court of Appeal gives the proper guidance:


"[T]he court must use its discretion to ensure that proper criteria are applied, and that [the requesting party] is not denied the production of pertinent materials it has not seen based simply on [the opposing party's] assurance that the documents contain no information that is not already known…. In exercising its discretion, the trial court should observe the approach articulated in Norton v. Superior Court (citation): "'In accordance with the liberal policies underlying the discovery procedures, California courts have been broad-minded in determining whether discovery is reasonably calculated to lead to admissible evidence. [Citations.] As a practical matter, it is difficult to define at the discovery stage what evidence will be relevant at trial. Therefore, the party seeking discovery is entitled to substantial leeway. [Citation.] Furthermore, California's liberal approach to permissible discovery generally has led the courts to resolve any

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III   CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian   ERM: None
Courtroom Assistant: A. Pearson   Deputy Sheriff: None

---

doubt in favor of permitting discovery. [Citation.] In doing so, the courts have taken the view if an error is made in ruling on a discovery motion, it is better that it be made in favor of granting discovery of the nondiscoverable rather than denying discovery of information vital to preparation or presentation of the party's case or to efficacious settlement of the dispute. [Citations.]"

(Id. at1497. See also, Pacific Telephone. & Telegraph Co. v. Superior Court (1970) 2 Cal.3d 161, 173. ("[In sum, the relevance of the subject matter standard must be reasonably applied; in accordance with the liberal policies underlying the discovery procedures, doubts as to relevance should generally be resolved in favor of permitting discovery,"); See also, Greyhound Corp. v. Superior Court (1961) 56 Cal.2d 355, 385 (although fishing may be improper or abused in some cases, that "is not of itself an indictment of the fishing expedition per se ").)

Here, under CCP §340.16(e)(2), the revival statute through which Plaintiff brings this lawsuit, the statute revives claims that allege "all of the following": (1) the plaintiff was sexually assaulted, (2) "One or more entities are legally responsible for damages arising out of the sexual assault," and (3) "The entity or entities, including, but not limited to, their officers, directors, representatives, employees, or agents, engaged in a cover up or attempted a cover up of a previous instance . . . of sexual assault by an alleged perpetrator of such abuse." (Code Civ. Proc, § 340.16 subd. (e)(2). CCP § 340.16(e)(4)(B) defines "[e]ntity" as a sole proprietorship, partnership, limited liability company, corporation, association, or other legal entity. (Code Civ. Proc., § 340.16, subd., (e)(4)(B).)

Defendants William Cosby, Jr. and Jemmin, Inc. (collectively "Defendants") move to Quash Plaintiff Donna Motsinger's ("Plaintiff") Subpoenas for certain requested records from William Morris Endeavor Entertainment, LLC ("WM") and Ernst, & Young Capital Advisors ("EY").

Plaintiff seeks the following records from EY:

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian  ERM: None
Courtroom Assistant: A. Pearson  Deputy Sheriff: None

---

1. Any and all documents relating to services provided by Ernst & Young (then S.D. Leisdesdorf & Co, which merged with Ernst & Ernst) to William Henry Cosby Jr. (hereinafter "Bill Cosby"), from 1960-1972.

2. Any and all documents relating to Bill Cosby's performance at the Circle Star Theater in 1972, including but not limited to, any payment records relating thereto.

3. Any and all documents relating to Bill Cosby's 1972 tax returns, including but not limited to his federal and state income taxes, any forms filled out associated with each return, and any supporting documentation.

4. Any and all documents relating to Bill Cosby's tax returns from 1960-1971, including but not limited to his federal and state income taxes, any forms filled out associated with each return, and any supporting documentation.

5. Any and all documents relating to Bill Cosby's tax returns from 1973-2000, including but not limited to his federal and state income taxes, any forms filled out associated with each return, and any supporting documentation.


(Orozco Decl., ¶ 2, Ex. A at p. 20.)


Plaintiff seeks the following records from WM:


1. Any and all documents relating to William Morris' representation of William Henry Cosby Jr. (hereinafter "Bill Cosby"), from 1960-1980, including but not limited to, representation agreements, agent agreements, performance contracts, riders, or other documents.

2. Any and all documents relating to Bill Cosby's performance at the Circle Star Theater in 1972, including but not limited to, any performance contract, riders, payment records, or other documents.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  
Judicial Assistant: G. Mikaelian  
Courtroom Assistant: A. Pearson  

CSR: Alicia Desmond, CSR # 13037  
ERM: None  
Deputy Sheriff: None  

---

3. Any and all documents relating to any payments received by, or provided for the services of, Bill Cosby, from 1960-1980.

4. Any and all documents relating to any payments received by, or provided for the services of, Bill Cosby, from 1980-2000.

5. Any and all documents relating to any payments paid to Bill Cosby, from 1960-1980.

6. Any and all documents relating to any payments paid to Bill Cosby, from 1980-2000.

(Orozco Decl., ¶ 2, Ex. A at p. 14.)

Defendants declare that on 4-11-25, Defendants objected to the subpoenas, and on 4-14-25 Defendants halted production of the documents until the resolution of this motion. (Orozco Decl., ¶¶ 3–5.)

Defendants move to quash these subpoenas arguing Plaintiff has failed to establish any good cause for "discovery requests that exceed the relevant time period which generously should be set between the years of 1970 and 1972." (Motion, p. 4.) The Court disagrees. Under CCP § 340.16, Plaintiff must prove that an entity covered up a prior instance of sexual assault. (See Code Civ. Proc., § 340.16 (e). The definition of "entity" includes a "sole proprietorship." (Id. subd (e)(A). Therefore, if Plaintiff must prove the defendant entity attempted to or did cover up a previous instance of sexual assault, if follows that Plaintiffs will need to seek discovery preceding the alleged sexual assault in 1972.

Defendants argue the documents requested after 1972 are not discoverable because those documents "cannot shed any light on whether any entity is liable for conduct that occurred in 1972." (Motion, p. 5:15–21.) Plaintiff argues, and explained this argument to Defendants in emails leading up to the filing of this motion, that in the "absence of tax returns or expense records from the pre-1972 time period, evidence of how Mr. Cosby categorized expenses and

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian  ERM: None
Courtroom Assistant: A. Pearson  Deputy Sheriff: None

---

payments in the years after, goes to his course and practice of expense categorization (which itself may be evidence of sole proprietorship) . . . and is thus discoverable." (Norton Decl., ¶ 3, Ex. 1.) For purpose of discovery, the Court is not required to decide the merits of Plaintiff's theory that defendant Cosby operated his business as sole proprietorship, or what evidence would be admissible at trial to prove that fact. Nor does the Plaintiff have to trust Cosby's conclusionary testimony and arguments that the sought after tax returns and payment information before 1969 or after 1972 "would not be useful." The Court is satisfied Plaintiff has shown good cause to discover the requested documents under CCP §2017.010.


Defendants further argue the requested discovery is overbroad and burdensome and thus do not meet their burden to show that the requested discovery would require significant work for EY and WM. Defendants have not offered any evidence sufficient to show the requests are overbroad and burdensome. (See West Pico Furniture Co. of Los Angeles v. Superior Court In and For Los Angeles County (1961) 56 Cal.2d 407, 417 ["The objection based upon burden must be sustained by evidence showing the quantum of work required, while to support an objection of oppression there must be some showing either of an intent to create an unreasonable burden or that the ultimate effect of the burden is incommensurate with the result sought"].)


Similarly, Defendants argue that under Evid. Code § 1105, Plaintiff cannot use tax returns to establish Defendants habits regarding the operation of a sole proprietorship. (Motion, p. 6:5–18; see Evid. Code § 1105 ["Any otherwise admissible evidence of habit or custom is admissible to prove conduct on a specified occasion in conformity with the habit or custom"].) Again, the scope of discovery is not limited to what is admissible at trial; but rather, includes that information that "appears reasonably calculated to lead to the discovery of admissible evidence." (Code Civ. Proc. § 2017.010.) Defendants tax returns for the years prior to the alleged incident and after the alleged incident do in fact appear reasonably calculated to lead to the discovery of admissible evidence (helpful or not), and which that could assist a Plaintiff in evaluating the case, preparing for trial, or facilitating settlement.


Finally, Defendants argue federal law prohibits the disclosure of tax returns absent a court order or the consent of the consumer, and Defendants do not consent to the disclosure pursuant to 26 USC 7216 (Motion, p. 6:19–22.) Section 1985 defines a subpoena as " writ or order directed to a

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---:|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

| | |
|---|---|
| Judge: Honorable H. Jay Ford III | CSR: Alicia Desmond, CSR # 13037 |
| Judicial Assistant: G. Mikaelian | ERM: None |
| Courtroom Assistant: A. Pearson | Deputy Sheriff: None |

person and requiring his attendance at a particular time and place to testify as a witness" (Code Civ. Proc., § 1985, subd. (a).) Plaintiffs show Plaintiffs served EY and WM with valid subpoenas requesting disclosure of the requested records. Defendant's objections under 26 USC 7216 are overruled.

Thus, Defendants Motion to Quash is DENIED

Plaintiff Donna Motsinger's Motion for Trial Preference is GRANTED. Plaintiff meets the requirements of CCP § 36(a). The Court orders the trial date set for _____, within 120 days from the hearing.

The Court notes that the initial hearing set for 5-27-25 was continued to 8-7-25 as per the 5-27-25 Minute Order. The Court adopts its same reasoning

REASONING

According to CCP §36(a), "[a] party to a civil action who is over the age of 70 years may petition the court for a preference, which the court shall grant if the court makes all of the following findings: (1) The party has a substantial interest in the action as a whole. (2) The health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation." (Code Civ. Proc., § 36, subd. (a).)

An attorney declaration for trial preference under CCP §36(a) is sufficient and may be made on information and belief. (Code Civ. Proc., § 36.5.) If a motion for trial preference is granted, the court shall set the trial date not more than 120 days from granting of the motion. (Code Civ. Proc., § 36, subd. (f).)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III   CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian   ERM: None
Courtroom Assistant: A. Pearson   Deputy Sheriff: None

---

As the Court in Fox v. Supr. Ct. (2018) 21 Cal.App.5th 529 explained, subsections (a) and (d) are entirely distinct in their requirements for trial preference: "The standard under subdivision (a), unlike under subdivision (d), which is more specific and more rigorous, includes no requirement of a doctor's declaration. To the contrary, a motion under subdivision (a) may be supported by nothing more than an attorney's declaration based upon information and belief as to the medical diagnosis and prognosis of any party." (Fox, supra, 21 Cal.App.5th at 534.) Section 36(a) also does not require imminent death or incapacity for trial preference: "Section 36, subdivision (a), says nothing about death or incapacity. Whether there is 'substantial medical doubt of survival ... beyond six months' is, to be sure, a matter of specific concern under subdivision (d), but the relevant standard under subdivision (a) is more open-ended. The issue under subdivision (a) is not whether an elderly litigant might die before trial or become so disabled that she might as well be absent when trial is called. Provided there is evidence that the party involved is over 70, all subdivision (a) requires is a showing that that party's 'health ... is such that a preference is necessary to prevent prejudicing [her] interest in the litigation.'" (Id.)

As a preliminary matter, The Court notes that Plaintiff's initial trial preference was granted on 3-10-25, however due to Plaintiff's counsels house burning down in the Palisades fire and a conflict with another trial preference client, Plaintiff moved to continue the trial date by 60 days. (Creed Decl., ¶¶ 6, 7.) Defendants opposed the continuance arguing that the request was a waiver of the trial continuance, and thus Plaintiff's counsel withdrew the trial preference, vacating the initial trial date. (Id., ¶ 8.)

Plaintiff Donna Motsinger's ("Motsinger") Counsel, Jesse Creed ("Creed"), submits a declaration with the motion for trial preference supplying Motsinger's Drivers license showing that that Motsinger is 82 years old, thus over the age of 70. (See Creed Decl., ¶ 4; Ex. 1.) Motsinger is the sole Plaintiff in this matter, thus Motsinger has "a substantial interest in the action as a whole." (Code Civ. Proc., § 36, subd. (a).) Creed declares that Motsinger's "specific health condition has significantly deteriorated in the past five years alone, with reduced mobility, vitality, and stamina." (Creed Decl., ¶ 5.) Creed further declares that "Motsinger likewise suffers from severe diverticulitis, which has worsened in old age, which makes it so that travel is extremely difficult, which further necessitates a speedy trial while such travel is still possible, " and "it is likely that Ms. Motsinger will die before this case reaches trial, which would substantially prejudice her, and her interests in this action." (Creed Decl., ¶ 5.) Creed's

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| **23SMCV04562** | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian  ERM: None
Courtroom Assistant: A. Pearson  Deputy Sheriff: None

---

declaration meets the necessary showing under CCP § 36(a).


Defendants William Cosby, Jr. and Jemmin, Inc. (collectively "Defendants") argue that Motsinger does not meet the CCP § 36(a) standard since Motsinger "has shown only that she is [sic] good health for a women her age," and that the statute requires a showing of age "plus health issues serious enough that trial preference is necessary" which Motsinger did not show in her declarations. (Oppo., p. 2:23–28–3:1–6.) However, all that is required is a declaration from counsel that the movant has health conditions such that the preference is necessary to prevent prejudicing the interest in the litigation, and no requirement of imminent death or incapacity is necessary. "[T]he relevant standard under subdivision (a) is more open-ended," and thus the Creed declaration states enough facts regarding Motsinger's health conditions to reach the CCP § 36(a) standard.


Defendants also argue that Motsinger "sat on her rights for 50 years and now seeks to have this case tried in 120 days," which shows a lack of diligence in bringing the claim. (Oppo., p. 3:16–20.) Defendants argue that CCP § 36 operates under an assumption that Plaintiff has acted diligently in bringing her claims under the reasoning of the Landry Court. (See Landry v. Berryessa Union School Dist., (1995) 39 Cal. App. 4th 691, 696–697 [The underlying assumption behind section 36 is that the plaintiff has diligently engaged in preparation for trial or settlement; in those circumstances the plaintiff clearly is entitled to priority based on his or her age"].) However, trial preference under CCP § 36(a) is mandatory and absolute when the movant meets the necessary requirements as Motsinger has displayed in her motion. There is no specific mention of the time taken to bring the suit in the statute, and the Court will not allow balancing of differing interests of the opposing litigants not explicitly stated in the statute. (See Swaithes v. Superior Court (1989) 212 Cal.App.3d 1082, 1085–1086, modified (Aug. 17, 1989), modified (Aug. 23, 1989) ["The trial court has no power to balance the differing interests of opposing litigants in applying the provision. The express legislative mandate for trial preference is a substantive public policy concern which supersedes such considerations"].)


Defendants further argue that the Court is not mandated to grant the motion again after the granting of the initial trial preference motion on 11-8-24, comparing the instant motion to a non-binding nor citable superior court case in Gearing v. Cvs Pharm, 2020 Cal. Super. LEXIS 65865

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
West District, Santa Monica Courthouse, Department O

| | |
|---|---|
| 23SMCV04562 | August 7, 2025 |
| **DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.** | 8:30 AM |

Judge: Honorable H. Jay Ford III  
Judicial Assistant: G. Mikaelian  
Courtroom Assistant: A. Pearson  

CSR: Alicia Desmond, CSR # 13037  
ERM: None  
Deputy Sheriff: None  

---

at *7 where the Court dealt with a motion for leave to amend, and only stated facts related to trial preference in dicta. (See Gearing v. Cvs Pharm., 2020 Cal. Super. LEXIS 65865, *7

"During the past year, Plaintiff's counsel has repeatedly confused the Court by demanding trial preference on multiple occasions due to her client's age, then subsequently requesting multiple trial continuances for various reasons, while completely oblivious to the fact that the requested trial continuances undermine the stated need for the trial preference"].) Thus Defendants are citing to dicta of an uncitable and non-binding case for authority which is clearly not persuasive and even if it was citable, the cited case deals with an entirely different issue. Therefore, the Court clearly finds this argument to be without merit.

Here, Plaintiff has declared a reasonable excuse for the withdrawal of the initial trial preference granting due to counsel's home being destroyed in the Palisades Fire and conflicting trial preference cases. (See Creed Decl., ¶ 7.)

Motsinger meets all the requirement of CCP § 36(a) and thus the Motion for Trial Preference is GRANTED.

**************************END OF TENATIVE RULING**************************

The matters are called for hearing.

The Court hears oral arguments.

The tentative ruling is adopted as the final Order of the Court.

The Motion to Quash filed by WILLIAM COSBY, JR. on 04/15/2025 is Denied.

The Motion for Trial Preference filed by DONNA MOTSINGER on 04/04/2025 is Granted.

Regarding the Hearing - Other Pro Hac Vice Renewal Fees On Jennifer Bonjean, the Court notes that the Pro Hac Vice fees are to be paid forthwith.

Parties are to submit a joint Case Management Order regarding discovery. A courtesy copy is to

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
West District, Santa Monica Courthouse, Department O

**23SMCV04562**  August 7, 2025
**DONNA MOTSINGER vs WILLIAM COSBY, JR., et al.**  8:30 AM

Judge: Honorable H. Jay Ford III                 CSR: Alicia Desmond, CSR # 13037
Judicial Assistant: G. Mikaelian                 ERM: None
Courtroom Assistant: A. Pearson                  Deputy Sheriff: None

---

be delivered to the courtroom by 9/3/2025.

The Court notes that the parties have stipulated to a trial date.

The Court sets the following dates:

Status Conference Re: Entry of Discovery Case Management Order is scheduled for 9/5/2025 at 09:30 AM in Department O at Santa Monica Courthouse.

Final Status Conference is scheduled for 2/23/2026 at 09:30 AM in Department O at Santa Monica Courthouse.

Jury Trial is scheduled for 3/2/2026 at 10:00 AM in Department O at Santa Monica Courthouse.

Counsel are ordered to comply with LASC Local Rule 3.25(f) & (g) for the Final Status Conference, and instructed to use the long cause guidelines for all joint trial documents.

The parties are admonished not to reserve any motion hearing dates unless they are prepared to file the motion within 3 days of reserving said hearing date. The parties are also informed that an Informal Discovery Conference is required prior to hearing a Motion to Compel Further Discovery and a Motion for Protective Order seeking to limit discovery.

The Court requests printed courtesy copies of all Ex-Parte applications, motions, oppositions, and reply memorandum (with all supporting papers) be delivered to the courtroom after filing pursuant to the Los Angeles Superior Court's First Amended General Order dated May 3, 2019, ¶9. Papers must be two-holed punched at the top and fastened. (Cal. Rules of Court, rule 2.115.) All paper exhibits must be separated by a hard sheet with hard paper or tabs extending below the bottom of the page. (Cal. Rules of Court, rule 3.1110(f)(3).

Plaintiff to give notice.