UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
United States of America

              v.

Rachel Cherwitz and Nicole Daedone,

              Defendants.
-------------------------------------------------------------X

**ORDER**
23-CR-00146 (DG)

DIANE GUJARATI, United States District Judge:

Familiarity with the procedural history and background of this case – including with the trial record and with the Court's prior rulings – is assumed herein.  As particularly relevant here: (1) on June 9, 2025, Defendant Nicole Daedone was found guilty at trial of the crime of forced labor conspiracy, *see generally* docket; (2) on December 10, 2025 – in advance of sentencing, which is now scheduled for March 30, 2026 – the Government filed a Motion for Forfeiture as to Defendant Daedone, *see* Motion for Forfeiture, ECF No. 481; *see also* proposed Preliminary Order of Forfeiture, ECF No. 481-1; (3) on December 29, 2025, Defendant Daedone filed a response to the Motion for Forfeiture, *see* ECF No. 488; (4) on January 7, 2026, the Government filed a reply, *see* Reply, ECF No. 490; (5) on January 22, 2026, the Court issued an Order in which the Court indicated that it "intends to order forfeiture as against Defendant Daedone consistent with the requirements of 18 U.S.C. § 1594 and Rule 32.2 of the Federal Rules of Criminal Procedure" and in which the Court directed that "[t]o the extent that Defendant Daedone seeks a hearing, she shall, by January 23, 2026, file a letter identifying with specificity: (1) the aspect(s) of the requested forfeiture as to which she seeks a hearing; and (2) the evidence she would offer at a hearing," *see* January 22, 2026 Order, ECF No. 494; and (6) on January 26, 2026, Defendant Daedone filed a letter in response to the Court's January 22, 2026 Order, *see* ECF No. 497.

In the Motion for Forfeiture, the Government seeks entry of a forfeiture money judgment in the amount of $12,000,000 and forfeiture of certain specific property (balances of two seized bank accounts), with the value of the specific property to be credited against the money judgment. *See generally* Motion for Forfeiture.[1] The Government argues that forfeiture is mandatory here under 18 U.S.C. § 1594, for two independent reasons – namely, because the $12,000,000 that Defendant Daedone received from the sale of OneTaste represents both (1) property "constituting or derived from" proceeds Defendant Daedone obtained "directly or indirectly" as a result of the forced labor conspiracy; and (2) property traceable to property used "to commit or to facilitate" the forced labor conspiracy. *See generally* Motion for Forfeiture; *see also* 18 U.S.C. § 1594.

In her response to the Motion for Forfeiture, Defendant Daedone argues:

> [N]o order of forfeiture is justified where the government has failed in all respects to demonstrate a nexus between the offense of conviction and any amount of the proceeds from the $12M sale of OneTaste. The government's argument rests entirely on speculation and summary conclusions devoid of factual support. Moreover, the government's "instrumentality" theory is dead on arrival where OneTaste is not forfeitable *property* as imagined by § 1594. A $12M personal judgment award would unquestionably amount to an excessive fine in violation of the Eighth Amendment. At the very least, Ms. Daedone is entitled to understand what methodology the government proposes, and the Court intends to apply in determining whether a personal money judgment forfeiture order is justified so that she can defend against it, including through the use of expert evidence.

---

[1] Consistent with Rule 32.2 of the Federal Rules of Criminal Procedure, the Court determined prior to the start of jury deliberations that no party was requesting that the jury be retained to determine the forfeitability of specific property if the jury returned a guilty verdict. *See* Minute Entry for June 6, 2025.

Prior to trial, Defendant Daedone entered into a stipulation with the Government that provides, as relevant here, that in the event that the Court imposes a forfeiture money judgment, Defendant Daedone consents to the forfeiture of certain specified funds, up to the amount of the forfeiture money judgment, and consents to the entry of a preliminary order of forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting those funds. *See* Stipulation, ECF No. 481-2.

*See* ECF No. 488 at 7.[2]

In its reply, the Government again discusses the bases for its forfeiture request, with reference to the trial record and to applicable law, and argues that Defendant Daedone is not entitled to an evidentiary hearing or expert discovery on forfeiture nexus and that the forfeiture sought is not unconstitutionally excessive. *See generally* Reply (noting, *inter alia*, that the Government "seeks forfeiture of the discrete $12 million value Daedone realized in selling OneTaste – a value the evidence shows was obtained, directly or indirectly, as a result of the forced labor conspiracy and by liquidation of property used to commit and facilitate that conspiracy" and asserting, *inter alia*, that "Daedone's opposition rests on a fundamental mischaracterization of criminal forfeiture").

In her response to the Court's January 22, 2026 Order – which the Court accepts notwithstanding the untimeliness of the response – Defendant Daedone states as follows:

> Defendant contends that the record is insufficient to establish that the sale of OneTaste constitutes proceeds of the forced labor conspiracy and that her specific account holdings are traceable to the $12M. It is the government's burden to prove the nexus between the offense of conviction and any amount of the proceeds from the $12M sale of OneTaste. Thus, it is for the government to decide what evidence it seeks to present at a hearing to meet its burden. If the government chooses to rely on testimony from the trial, Defendant maintains that the evidence is insufficient and falls far short of explaining how it reached its determination for all the reasons raised in Defendant's letter. Depending on what evidence the government relies on, Defendant may seek to present testimony from witnesses who could speak to alternative funding sources that were available to OneTaste, as well as an expert who could shed light on the value of OneTaste and whether it can be connected in any way to the alleged forced labor conduct.
>
> That is what Defendant envisions for a hearing. But Defendant maintains that it is the government's burden and the evidence received at trial was insufficient as a matter of law to satisfy it. The government would need to present evidence of a nexus and only then will Defendant know exactly what type of evidence she

---

[2]  Defendant Daedone also argues that a forfeiture money judgment is not authorized by 18 U.S.C. §§ 1594(d) and 1594(e)(1) but states that she "recognizes that current Circuit law forecloses this argument but preserves the issue for review." *See* ECF No. 488 at 1 & n.1.

would present to rebut it.

*See* ECF No. 497 at 1-2.  In her response, Defendant Daedone does not explicitly request a hearing but, in substance, takes the position that the trial evidence is insufficient to support the Government's forfeiture request and that the Government would need to present additional evidence to meet the Government's burden.

* * *

Upon consideration of the record, the Court has determined that a hearing is not required and that entry of the proposed Preliminary Order of Forfeiture, as modified, is appropriate.[3]

The Court has determined that pursuant to 18 U.S.C. § 1594, the following are subject to forfeiture: the amount of $12,000,000.00 (the "Forfeiture Money Judgment") and all right, title, and interest in the assets defined in the proposed Preliminary Order of Forfeiture as the "Seized Assets."  *See* Fed. R. Crim. P. 32.2; 18 U.S.C. § 1594(d); *see also* proposed Preliminary Order of Forfeiture at 1-2 (providing, *inter alia*, that "[t]he forfeiture of the Seized Assets shall be credited towards the Forfeiture Money Judgment").[4]  The trial evidence, considered in its totality, amply supports the request for entry of the proposed Preliminary Order of Forfeiture – including amply demonstrating by a preponderance of the evidence the requisite nexus, *see* Fed. R. Crim. P.

---

[3]  The modification is to the definition of "Due Date."

[4]  Rule 32.2 of the Federal Rules of Criminal Procedure provides in relevant part:

> As soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.  If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

*See* Fed. R. Crim. P. 32.2(b)(1)(A).

32.2(b)(1)(A) – substantially for the reasons set forth by the Government.

Considered together, victim testimony, testimony from other individuals affiliated at relevant times with OneTaste (including a witness identified as a co-conspirator), testimony from an FBI forensic accountant, OneTaste records, and other financial records admitted at trial amply demonstrate that the $12,000,000 that Defendant Daedone received from the sale of OneTaste represents: (1) property "traceable" to property "that was involved in, used, or intended to be used to commit or to facilitate the commission of" the forced labor conspiracy of which Defendant Daedone was convicted; and (2) property "constituting or derived from" proceeds that Defendant Daedone "obtained, directly or indirectly, as a result of" the forced labor conspiracy of which Defendant Daedone was convicted, or "property traceable to such property." *See* 18 U.S.C. § 1594(d); *see also* 18 U.S.C. § 1594(e).

The trial evidence – some of which is discussed in the Government's submissions on the instant motion, *see* Motion for Forfeiture at 7, 9; Reply at 6 – demonstrates that OneTaste itself was used to facilitate the commission of the forced labor conspiracy of which Defendant Daedone was convicted. The trial evidence also demonstrates that but for the criminal conduct for which Defendant Daedone was found guilty – a forced labor conspiracy that involved, *inter alia*, the use of coerced labor and services, including sexual services with respect to a significant investor, and the use of unpaid and/or underpaid labor – the $12,000,000 would not have been realized by Defendant Daedone.[5]

---

[5] Defendant Daedone's argument that "[a] $12M personal judgment award would unquestionably amount to an excessive fine in violation of the Eighth Amendment," *see* ECF No. 488 at 7, is unavailing on the facts of this case. Here, forfeiture in the amount of $12,000,000 is not "grossly disproportional" to the gravity of the offense of conviction and is not unconstitutionally excessive. *See United States v. Viloski*, 814 F.3d 104, 108-16 (2d Cir. 2016) (discussing factors courts consider in determining whether forfeiture runs afoul of the Eighth Amendment, including the four factors set forth in *United States v. Bajakajian*, 524

The Motion for Forfeiture, ECF No. 481, is granted and the proposed Preliminary Order of Forfeiture, ECF No. 481-1, as modified, is So Ordered.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: March 18, 2026
       Brooklyn, New York

---

U.S. 321 (1998) and whether the forfeiture at issue would deprive defendant of defendant's livelihood).

Also unavailing is Defendant Daedone's suggestion that she has not been provided with sufficient information as to the methodology underlying the Government's forfeiture request, *see* ECF No. 488 at 7 – the Government clearly sets forth the methodology underlying its request, which is tethered to the applicable law governing forfeiture in this context, *see generally* Motion for Forfeiture; Reply.