UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

      - against -

NICOLE DAEDONE,

          Defendant.

– – – – – – – – – – – – – – – –X

PRELIMINARY ORDER OF FORFEITURE

23-CR-146 (DG)

WHEREAS, on or about June 9, 2025, Nicole Daedone (the "defendant"), was convicted after a jury trial of the offense charged in the Sole Count of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1594(b); and

WHEREAS, the Court has determined that, pursuant to 18 U.S.C. § 1594(d), the defendant must forfeit the amount of twelve million dollars and zero cents ($12,000,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Seized Assets"):

(i)      approximately seven hundred eighty-two thousand three hundred fifty-nine dollars and zero cents ($782,359.00), seized by law enforcement from Fidelity account number NBJ-019265 held in the name of Nicole Daedone, and all proceeds traceable thereto; and

(ii)     approximately two hundred eighty-two thousand seventy-three dollars and ninety-nine cents ($282,073.99), seized by law enforcement from Fidelity account number NBJ-019298 held in the name of Nicole Daedone, and all proceeds traceable thereto,

as: (a) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the defendant's violation of 18 U.S.C. § 1594(b), and any property traceable to such property; (b) any property, real or personal, constituting, or derived from,

any proceeds obtained, directly or indirectly, as a result of such offense, or any property

traceable to such property; and/or (c) substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      Pursuant to 18 U.S.C. § 1594(d) and 21 U.S.C. § 853(p), the defendant

shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all

right, title, and interest in the Seized Assets.  The forfeiture of the Seized Assets shall be

credited towards the Forfeiture Money Judgment.

2.      All payments made towards the Forfeiture Money Judgment shall be

made by a money order, or certified and/or official bank check, payable to the U.S. Marshals

Service with the criminal docket number noted on the face of the instrument.  The defendant

shall cause said payment(s) to be sent by overnight mail delivery to the Asset Forfeiture

Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman

Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in

full ~~on or before~~ by 30 days after the date of sentencing (the "Due Date").

3.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary

Order"), the United States Attorney General or her designee is authorized to seize the Seized

Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and

(c), and to commence any applicable proceedings to comply with statutes governing third-

party rights, including giving notice of this Preliminary Order.

4.      The United States shall publish notice of this Preliminary Order in

accordance with the custom and practice in this district on the government website

www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the

Attorney General or her designee may direct.  The United States may, to the extent

*United States v. Nicole Daedone*, 23-CR-146 (DG)
Preliminary Order of Forfeiture                                                          Page 2

practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

5.    Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.    The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Seized Assets or any property against which the United States seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States.  If the Seized Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States

Case 1:23-cr-00146-DG-RML    Document 504-1    Filed 03/18/26    Page 4 of 5 PageID #:
17132
Case 1:23-cr-00146-DG-RML    Document 481-1    Filed 12/10/25    Page 4 of 5 PageID #:
16497

may seek to enforce this Preliminary Order against any other assets of the defendant up to the

value of the Seized Assets, and the outstanding balance of the Forfeiture Money Judgment,

pursuant to 21 U.S.C. § 853(p).

7.       Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary

Order shall become final as to the defendant at the time of the defendant's sentencing and

shall be made part of the defendant's sentence and included in her judgment of conviction.  If

no third party files a timely claim, this Preliminary Order, together with Supplemental Orders

of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim.

P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to

the United States for disposition in accordance with the law.

8.       The United States alone shall hold title to the monies paid by the

defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the

judgment of conviction.  The United States alone shall hold title to the Seized Assets

following the Court's disposition of all third-party interests, or, if none, following the

expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.       The forfeiture of the Seized Assets and entry and payment of the

Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution

loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10.      This Preliminary Order shall be binding upon the defendant and the

successors, administrators, heirs, assigns and transferees of the defendant, and shall survive

the bankruptcy of any of them.

11.      This Preliminary Order shall be binding only upon the Court's "so

ordering" of the order.

12.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13.     The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: ProMinds Paralegal Yvette Ramos, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
_____, 2025

SO ORDERED:

| SO ORDERED. | HONORABLE DIANE GUJARATI |
| | UNITED STATES DISTRICT JUDGE |
| | EASTERN DISTRICT OF NEW YORK |
| /s/ Diane Gujarati | |
| DIANE GUJARATI | |
| United States District Judge | |
| Dated:   March      18 , 20 26 | |
| Brooklyn, New York | |